**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **JAMES R. BAIN, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action Number:** |
| **v.** | ) | |
| | ) | **2:07-CV-84-MHT** |
| **P&H CRANES, HARNISCHFEGER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT P&H MINING EQUIPMENT'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE
STATEMENT AND OR MOTION FOR SEVERANCE**

COME NOW the parties incorrectly identified as Harnischfeger Corporation and P&H Cranes. Harnischfeger Corporation and P&H Cranes are actually one and the same entity. The correct name is P&H Mining Equipment Inc., and the company was formerly known as Harnischfeger Corporation. There is no entity known as "P&H Cranes."

Reserving all rights and defenses, P&H Mining Equipment respectfully moves this Court for its Order dismissing the Plaintiffs' Complaint. In the alternative, P&H Mining Equipment moves for an Order severing the Plaintiffs' claims and or requiring Plaintiffs to provide a more definite statement of their claims. In support thereof, P&H Mining Equipment offers the following:

I.     **Plaintiffs' Complaint is Due to be Dismissed for Failure to Comply with
       Rules 8 and 10(b),** *Federal Rules of Civil Procedure*

First and foremost, the Plaintiffs' Complaint is due to be dismissed for failure to comply with Rules 8 and 10, *Federal Rules of Civil Procedure.* FRCP 8(a) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each averment of a pleading shall be simple, concise, and direct." Rule 8(e), *Federal Rules of Civil Procedure.* "It is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that

the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining ... ." <u>Hoshman v. Esso Standard Oil Co.</u>, 263 F.2d 499, 501 (5th Cir. 1959)(citations omitted). Indeed, a plaintiff may not merely "label his or her claims" to survive a motion to dismiss, but must give the defendant fair notice of the claims and the grounds upon which they rest. <u>Veltman v. Walpole Pharmacy, Inc.</u>, 928 F.Supp. 1161 (M.D. Fla. 1996); <u>see also</u>, <u>Williams v. Lear Operations Corporation</u>, 73 F.Supp.2d 1377 (N.D. Ga. 1999).

Here, Plaintiffs have made general claims under a hodgepodge of legal theories, including "negligence and intentional tort," "negligence in the course of employment," fraud and conspiracy, and "product liability, combined and concurring negligence, intentional tort and conspiracy." Plaintiffs have also identified P&H Mining Equipment as an alleged producer of "asbestos containing product, including but not limited to Cranes." However, Plaintiffs have failed to identify *which* product each Plaintiff allegedly used; *when* they allegedly used such product; *where* they allegedly used such product; and under *what* circumstances they used such product. Simply stating where each Plaintiff worked and the dates of the employment is not enough. As stated, the bare allegations in Plaintiffs' Complaint wholly fail to put P&H Mining Equipment on notice as to the transactions or occurrences which form the basis of their claims.

Not only do Plaintiffs fail to put P&H Mining Equipment on notice as to the circumstances forming the basis of their Complaint, but they also fail to inform P&H Mining Equipment which claims are brought against it and which claims are brought against the other named defendants. FRCP 10(b) requires that "each claim founded upon a separate transaction or occurrence or defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth." In Plaintiffs' Complaint, however, there is no distinction

2

between the claims brought against P&H Mining Equipment and those made against the other named defendants. Surely Plaintiffs' Complaint fails to measure up to the standard set by FRCP 10(b). As such, it is due to be dismissed.

Finally, Plaintiffs' Complaint fails to set forth facts sufficient for P&H Mining Equipment to even frame a proper defense. FRCP 8(c) requires defendants to plead all affirmative defenses in the responsive pleading or risk losing the defense. However, Plaintiffs' Complaint, as written, forces P&H Mining Equipment to guess what it has done to injure each plaintiff -- and when and how. In fact, all the defendants must now answer with abandon, pleading every conceivable affirmative defense, while simultaneously risking the possibility that they may inadvertently fail to plead the one good defense they may have. However, the Federal Rules of Civil Procedure do not require a responding party to plead with such abandon.  As such, the Complaint is due to be dismissed.

## II.    __Plaintiffs' Complaint is Due to be Dismissed for Failure to Plead Fraud with Particularity as Required by Rule 9(b),__ *__Federal Rules of Civil Procedure__*

FRCP 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  It has been said that this rule "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants "against spurious charges of immoral and fraudulent behavior.'" Durham v. Business Management Associates, 847 F.2d 1505, 1511 (11th Cir. 1988)(citation omitted). The Eleventh Circuit has readily endorsed the dismissal of pleadings for failure to comply with the requirements of FRCP 9(b). See, e.g., Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1210 (11th Cir. 2001); Hendley v. American National Fire Ins. Co., 842 F.2d 267, 269 (11th Cir. 1988); Friedlander v. Nims, 755 F.2d 810, 813 (11 Cir. 1985); Summer v. Land & Leisure, Inc., 664 F.2d

965, 970 (5th Cir. 1981).

To satisfy the particularity requirement, a plaintiff must aver "(1) precisely what statements were made in what documents or oral representations or what omissions were made; and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; (3) the content of such statements and the manner in which they misled the plaintiff[ ], and (4) what the defendant[ ] obtained as a consequence of the fraud." <u>United States ex rel Clausen v. Lab Corp. of America</u>, 290 F.3d 1301, 1310 (11th Cir. 2002)(citations omitted). In a case involving multiple defendants, a complaint should inform each defendant of the specific fraudulent acts which form the basis of plaintiff's claim against that particular defendant. <u>See</u>, <u>Brooks v. Blue Cross and Blue Shield of Fla.</u>, 116 F.3d 1364, 1381 (11th Cir. 1997); <u>see also</u>, <u>Friedlander v. Nims</u>, 755 F.2d at 813.

Here, Plaintiffs generally allege that the Defendants misrepresented, concealed, and or altered scientific evidence regarding alleged health hazards of asbestos. However, the Plaintiffs have failed to identify any false statements made by P&H Mining or even the time, place, and individual responsible for such statements. In fact, the Plaintiffs do not even identify P&H Mining as a member of any of the organizations, e.g., "the IHF, AID/NA, ATI [and] the Astestosis Research Council," they claim conspired to fraudulently conceal or misrepresent the alleged hazards of asbestos. Given Plaintiffs' failure to set forth specific facts as to P&H Mining, their Complaint is due to be dismissed for failure to comply with FRCP 9(b).

III. <u>**Plaintiffs' Complaint Fails to Adequately Set the Bounds of Discovery**</u>

Assuming, *arguendo*, compliance with FRCP 8, 9 and 10, Plaintiffs' Complaint is still due to be dismissed for failure to adequately set the bounds of discovery. In fact, the Plaintiffs' Complaint

4

exemplifies a standard "shotgun" pleading.

In <u>Byrne v. Nezhat</u>, 261 F.3d 1075 (11th Cir. 2001), the Eleventh Circuit identified a "shotgun" pleading as one that fails to set forth sufficient facts to define the underlying issues and claims in the case and, thus, set the boundaries for discovery. In <u>Byrne</u>, the Court warned that "shotgun" pleadings, such as Plaintiffs' Complaint, cause disproportionately high transaction costs for the parties and impedes the court's ability to administer justice by "consuming an inordinate amount of the court's time" in the inevitable discovery disputes - "justice is [often] delayed, if not denied, to other litigants who are standing in the queue waiting to be heard." <u>Byrne</u>, 261 F.3d at 1130, 1131; <u>see also</u>, <u>Sikes v. Teleline, Inc.</u>, 281 F.3d 1350, 1356 (11th Cir. 2002); <u>Cramer v. Florida</u>, 117 F.3d 1258, 1263 (11 Cir. 1997); <u>Cesnik v. Edgewood Baptist Church</u>, 88 F.3d 902, 905 (11th Cir. 1996); <u>Anderson v. Dist. Board of Trustees of Central Fla. Community College</u>, 77 F.3d 364 (11th Cir. 1996).

Here, Plaintiffs fail to delineate the claims made against P&H Mining Equipment from the claims made against the other named defendants. Rather, the Plaintiffs have only set forth five generic causes of action, failing to allege any dates, times, locations, or other facts which would put P&H Mining Equipment on notice as to the transactions or occurrences which form the basis of their claims. In short, Plaintiffs' failure to properly delineate the issues and claims made against the defendants, and all of them, will "exact [an] intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources" - just the sort of thing notice pleading is supposed to prevent. <u>Cramer v. Florida</u>, 117 F.3d at 126.

IV.    **Plaintiffs are Not Properly Joined Under Rule 20,** *Federal Rules of Civil Procedure*

Rule 20, *Federal Rules of Civil Procedure*, provides, in pertinent part, that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Here, Plaintiffs allege generally that they have been exposed to asbestos and asbestos-containing products. However, Plaintiffs fail to allege facts indicating that their right to relief arises out of the same transaction[s] or occurrence[s]. Rather, Plaintiffs require defendants, and this Court, to presume that a common set of facts, or question of law, forms the basis of their claims. P&H Mining Equipment submits that FRCP 20 requires more than mere presumptions for two or more plaintiffs to join in an action for relief. As such, P&H Mining Equipment seeks severance of Plaintiffs' Complaint.

Finally, the lack of common relief likewise warrants severance of Plaintiffs' claims. The Complaint filed by Plaintiffs is a mix of wrongful death and personal injury claims. It is well settled that wrongful death plaintiffs in Alabama are only entitled to punitive damages. Cherokee Elec. Coop. v. Cochran, 706 So.2d 1188, 1193 (Ala. 1997). If nothing else, the wrongful death claims should be severed from the personal injury claims.

V.    **Other Defenses**

As additional grounds, P&H Mining Equipment asserts the filing of the Plaintiffs' Complaint fails to set forth causes of action upon which relief may be granted.

P&H Mining Equipment asserts that this Court lacks personal jurisdiction.

P&H Mining Equipment asserts insufficiency of process.

6

P&H Mining Equipment asserts insufficiency of service of process.

P&H Mining Equipment asserts venue is improper.

P&H Mining Equipment asserts that the Plaintiffs' Complaint is barred by *res judicata*.

P&H Mining Equipment asserts that some or all of Plaintiffs' claims may be barred by the applicable statute of limitations.

P&H Mining Equipment asserts any and all affirmative defenses and arguments asserted by other named defendants, as if more fully set out herein.

P&H Mining Equipment asserts that some or all of the Plaintiffs' claims may be barred by the May 18, 2001 Bankruptcy Order:

A.    On May 18, 2001, the United States Bankruptcy Court for the District of Delaware, in the Matter of In re: Harnischfeger Industries, Inc., Chapter 11, Case No. 99-2171 (PJW)(Jointly Administered), entered the "Order Confirming Third Amended Joint Plan of Reorganization,' (the "Order") that confirmed the Third Amended Joint Plan of Reorganization filed by Defendant, Harnischfeger Corporation. The Confirmation date is May 18, 2001 and the Effective Date is July 12, 2001.

B.    The Order on page 35 specifically adopted and permanently enjoined any person or entity from pursuing a claim released under Section XIII of the Plan.

C.    Section XIII of the Plan, in Section C on page 80, states as follows:

> "Except as provided herein: (1) the rights afforded in the Plan and the treatment of all Claims ...shall be in exchange for and in complete satisfaction, discharge and release of such Claims ... and (3) all Persons and Entities shall be precluded from asserting against the Reorganizing Debtors, their successors or their assets or properties any other or further Claims ... based upon any act or omission, transaction or other activity of any kind or nature that occurred before the Confirmation Date."

D.    Plaintiffs' claims are based on activity which occurred prior to the May 18, 2001 Confirmation Date and the July 12, 2001 Effective Date and, according, are governed by the provisions and limitations contained within the Order.

7

E.    To the extent Plaintiffs' claims arose prior to the May 18, 2001 Confirmation Date or the July 12, 2001 Effective Date, Plaintiffs hold unsecured claims against this Defendant. As Plaintiffs did not file a Proof of Claim against this Defendant and, accordingly, do not have an Allowed Claim under the terms of the Order; they are barred under the Order from making claim against this Defendant, and further are enjoined from continuing this lawsuit against this Defendant.

F.    Further, Plaintiffs' recovery, if any, is limited to that allowed by the Order.

## VI.    Some Plaintiffs are Due to be Dismissed Based Upon their Assertion of Identical Claims in Another Pending Lawsuit

Plaintiffs Patricia Holcombe, Wanda Miller, Roger Seymore, and Lillian Williams have brought identical claims against identical defendants in another lawsuit recently transferred to the Judicial Panel on Multidistrict Litigation, Belue, et al. v. A.O. Smith Electrical Products Company, 2:06-CV-1034-WKW, *In the United States District Court, Middle District of Alabama, Northern Division*. At minimum, their claims should be dismissed from the instant action.

## VII.   Alternatively, Plaintiffs Should be Required to Provide a More Definite Statement of Their Claims in Accordance with Rule 12(e), *Federal Rules of Civil Procedure*

Rule 12(e), *Federal Rules of Civil Procedure*, provides: [i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." As discussed above, Plaintiffs' Complaint fails to put P&H Mining Equipment on notice as to the transactions or occurrences that form the basis of their claims. Indeed, Plaintiffs fail to aver any dates, places, or other facts surrounding their alleged use of a P&H Mining Equipment product and how the use of such product contributed to their alleged injuries. P&H Mining Equipment cannot properly respond to such bare allegations. As such, P&H Mining Equipment alternatively moves for this Court's Order requiring Plaintiffs to provide a more definite statement of their claims pursuant to FRCP 12(e).

8

## VII. __Conclusion__

In consideration of the foregoing premises, P&H Mining Equipment respectfully requests that the Court dismiss Plaintiffs' Complaint for failure to comply with the *Federal Rules of Civil Procedure*. P&H Mining Equipment further adopts and incorporates by reference all other arguments set forth by the other named defendants in their respective motions to dismiss. Alternatively, P&H Mining Equipment moves this Court for its Order requiring Plaintiffs to provide a more definite statement of their claims, or, for severance of the Plaintiffs' claims.

Respectfully submitted,

s/**William T. Mills, II**
William T. Mills, II
ASB-0402-L72W; MIL014
Attorney for P&H Mining Equipment
PORTERFIELD, HARPER, MILLS & MOTLOW, P.A.
22 Inverness Center Parkway, Suite 600
Post Office Box 530790
Birmingham, Alabama 35253-0790
Telephone (205) 980-5000
Fax (205) 980-5001
E-mail: phm@phm-law.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **JAMES R. BAIN, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action Number:** |
| **v.** | ) | |
| | ) | **2:07-CV-84-MHT** |
| **P&H CRANES, HARNISCHFEGER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

  I hereby certify that on March 1, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

       Respectfully submitted,

       s/**William T. Mills, II**
       William T. Mills, II
       ASB-0402-L72W; MIL014
       Attorney for P&H Mining Equipment
       PORTERFIELD, HARPER, MILLS &
       MOTLOW, P.A.
       22 Inverness Center Parkway, Suite 600
       Post Office Box 530790
       Birmingham, Alabama 35253-0790
       Telephone (205) 980-5000
       Fax (205) 980-5001
       E-mail: phm@phm-law.com