IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **JAMES R. BAIN, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. |
| **A.O. SMITH ELECTRICAL PRODUCTS** | ) 2:07-CV-84-WKW-TFM |
| **COMPANY, a division of A.O. SMITH** | ) |
| **CORPORATION, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### ANSWER OF DEFENDANTS CUTLER HAMMER, CURRENTLY REFERRED TO AS EATON ELECTRICAL, INC., AND EATON CORPORATION TO PLAINTIFFS' COMPLAINT

Defendants Cutler Hammer, currently referred to as Eaton Electrical, Inc., and Eaton Corporation (hereinafter collectively referred to as "Defendants" or "Eaton"), hereby submit their Answer to Plaintiffs' Complaint (the "Complaint") as follows:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Eaton upon which relief can be granted.

### SECOND DEFENSE

Eaton is not guilty of the matters and things alleged in the Complaint.

### THIRD DEFENSE

Eaton denies the material allegations of the Complaint and demands strict proof thereof.

### FOURTH DEFENSE

The injuries to Plaintiffs, if any, were caused in whole or in part by the acts or omissions of others for whose conduct Eaton is not responsible and whose conduct Eaton had no reason to anticipate.

## FIFTH DEFENSE

The injuries to Plaintiffs, if any, were the result of an intervening, superseding cause over which Eaton had no control.

## SIXTH DEFENSE

Plaintiffs' claims against Eaton are barred by the statute of limitations.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by Alabama's Twenty Year Rule of Repose.

## EIGHTH DEFENSE

Plaintiffs' claims against Eaton are barred, in whole or in part, by the doctrine of laches, estoppel, waiver, release, and by the statute of frauds.

## NINTH DEFENSE

Plaintiffs' claims are barred by Plaintiffs' own contributory negligence and by the doctrine of unclean hands.

## TENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs assumed the risk.

## ELEVENTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because Plaintiffs failed to mitigate their damages.

## TWELFTH DEFENSE

Eaton made no material representations to Plaintiffs, and no alleged representation was false.

## THIRTEENTH DEFENSE

Plaintiffs did not rely on any alleged representation of Eaton.

## FOURTEENTH DEFENSE

Plaintiffs did not reasonably rely upon any alleged representation of Eaton.

## FIFTEENTH DEFENSE

Eaton had no duty to disclose any information to Plaintiffs.

## SIXTEENTH DEFENSE

Plaintiffs cannot recover damages for alleged mental anguish or emotional distress against Eaton because Plaintiffs cannot allege or prove that they sustained a physical injury as a result of Eaton's conduct or that Plaintiffs were placed in immediate risk of physical harm by that conduct.

## SEVENTEENTH DEFENSE

The rules of evidence as applied by the Alabama courts permit the admission of evidence of alleged mental pain and suffering in such a way as to violate the Due Process Clause of the United States Constitution and similar provisions of the Alabama Constitution.

## EIGHTEENTH DEFENSE

Plaintiffs cannot recover for mental pain and suffering, emotional distress or similar damages, if any, if there is no physical manifestation of the alleged mental anguish and because there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against Eaton would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the Alabama Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

## NINETEENTH DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to Defendants by the Fifth and Fourteenth Amendments to the

United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

## TWENTIETH DEFENSE

Eaton is denied due process and equal protection of the law because it is denied defenses available to other Defendants in tort cases.

## TWENTY-FIRST DEFENSE

Alabama's law of joint and several liability is unconstitutional both on its face and as applied to Eaton in this case.

## TWENTY-SECOND DEFENSE

The claims made by the Plaintiffs against Defendants are barred by the exclusivity provision of the Worker's Compensation Act, to-wit: § 25-5-53, Code of Alabama (1975).

## TWENTY-THIRD DEFENSE

Defendants deny that they are guilty of any conduct which warrants the issue of punitive damages being submitted to a jury.

## TWENTY-FOURTH DEFENSE

Any award of punitive damages to Plaintiffs in this case would be in violation of the constitutional safeguards provided to Defendants under the Constitution of the State of Alabama.

## TWENTY-FIFTH DEFENSE

No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

## TWENTY-SIXTH DEFENSE

Punitive damages cannot be sustained because of the lack of clarity in Alabama's standards for awarding punitive damages.

## TWENTY-SEVENTH DEFENSE

Any claim for punitive damages, on it face and/or as applied in this case, is in violation of the Fifth Amendment of the Constitution of the United States; of the right to counsel provided by the Sixth Amendment of the Constitution of the United States; of the right to trial by jury of the Seventh Amendment of the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment of the Constitution of the United States; the due process clause in the Fourteenth Amendment of the Constitution of the United States; and Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

    (a)    There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, Defendants has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or conform its conduct accordingly;

    (b)    The procedures to be followed would permit an award of punitive damages against Defendants upon the satisfaction of a burden or persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

    (c)    The procedures to be followed could permit the award of multiple punitive damages for the same act or omission;

    (d)    There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against Defendants under present Alabama law;

    (e)    The standards of conduct upon which punitive damages are sought against Defendants are vague and ambiguous;

(f)     The procedures used by courts under Alabama law and the guidelines given by the jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited and undefined power to make determinations on their notions of what the law should be instead of what it is;

(g)     The procedures under which punitive damages are awarded and the instructions used under Alabama law, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion.

(h)     Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

(i)     Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

(j)     Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damage awarded by a jury;

(k)     Present Alabama procedures fail to provide a constitutionally reasonable limit on the amount of any punitive damage award against Defendants;

(l)     Present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

(m)     Present Alabama procedures permit the imposition of joint and several judgments against multiple co Defendants for different acts of degrees of wrongdoing or culpability;

(n)     An award of punitive damages would compensate Plaintiffs for elements of damage not otherwise recognized by Alabama law.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims, if any, for the recovery of punitive damages are barred by Ala. Code § 6-11-20, et seq.

01459429.1

### TWENTY-NINTH DEFENSE

Alabama Code § 6-11-21 bars Plaintiffs' claims for punitive damages to the extent that those claims exceed three times compensatory damages or the amount to $1,500,000, whichever is greater, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this State. The public policy of this State, as established by Alabama Code § 6-11-21, limits the claims for punitive damages in this case. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

### THIRTIETH DEFENSE

Plaintiffs' claims, if any, for the recovery of punitive damages are barred by Ala. Code § 6-11-27 (1975).

### THIRTY-FIRST DEFENSE

Plaintiffs' claims, if any for the recovery of punitive damages are in contravention of Defendants' rights under each of the following constitutional provisions:

    (a)    Article I, Section 8 of the United States Constitution, as an impermissible burden on interstate commerce;

    (b)    the Contracts Clause of Article I, Section 10 of the United States Constitution;

    (c)    the Due Process Clause of the Fifth and Fourteenth Amendments to the Untied States Constitution;

    (d)    the Equal Protection under the laws afforded by the Fourteenth Amendment to the United States Constitution:

    (e)    the constitutional prohibition against vague and overbroad laws;

    (f)    the prohibition against ex post facto law in Article 1, Section 22 of the Alabama Constitution;

    (g)    the Contracts Clause of Article 1, Section 22 of the Constitution of Alabama; and

01459429.1

    (h)    the Due Process Clause of Article 1 Section 6 and/or 13 of the Constitution of Alabama.

### THIRTY-SECOND DEFENSE

An award of punitive damages in the circumstances of this case would clearly be violative of Defendants' due process rights as embraced by the Fifth and Fourteenth Amendment to the United States Constitution and by the due process clause of Article 1, Section 6 and/or 13 of the Alabama Constitution, jointly and separately, as such award would constitute a deprivation of property without due process of law for the following reasons as separately stated herein.

    (a)    There is no rational relationship between the punitive damage awards in Alabama and the wrongfulness of Defendants' conduct and/or the compensatory damages awarded.

    (b)    No rational relationship exists between the extent of punitive damages and legitimate interests to be advanced by the State of Alabama.

    (c)    An award of punitive damages in this case would be penal in nature and thus, would be violative of Defendants' constitutional rights under the United States Constitution and/or the Alabama Constitution unless Defendants are granted the procedural safeguards afforded criminal Defendants including but not limited to constitutional safeguards against self incrimination and a heightened standard of proof beyond a reasonable doubt.

    (d)    The award of punitive damages on the basis of vicarious liability of the conduct of others violates Defendants' constitutional rights.

### THIRTY-THIRD DEFENSE

The imposition of punitive damages in this case would be in denial of Defendants' right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, Sections 1, 6, and 22 of the Alabama Constitution. Specifically, Defendants are treated differently from criminal Defendants which are charged for similar or identical culpability. Alternatively, the absence of adequate and objective standards for guiding

in the assessment of punitive damages fails to insure the equality of treatment between and among similarly situated civil Defendants.

### THIRTY-FOURTH DEFENSE

The imposition of punitive damages in this case would violate Defendants' rights under Article 1, Section 22 of the Alabama Constitution in that it would impair the contractual obligations of parties to this litigation.

### THIRTY-FIFTH DEFENSE

With respect to Plaintiffs' demand for punitive damages, Defendants specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards, set forth in the United States Supreme Court's decision in *BMW of No. America v. Gore*, 116 U.S. 1589 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2002).

### THIRTY-SIXTH DEFENSE

To the extent that Plaintiffs' demand for punitive damages may result in multiple punitive damage awards to be assessed for the same act or omission against Defendants, this award contravenes Defendants' right to due process under the due process clause of Article 1, section 13 of the Alabama Constitution. In addition, such award would infringe upon Defendants' rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article 1, Section 9 of the Alabama constitution.

### THIRTY-SEVENTH DEFENSE

The procedures pursuant to which punitive damages are awarded subject Defendants to punishment for the conduct of others through vicarious liability or through non apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the Untied States Constitution and Article I § 1 and 6 of the Alabama Constitution.

01459429.1

**THIRTY-EIGHTH DEFENSE**

The procedures pursuant to which punitive damages are awarded expose Defendants to the risk of indefinable, unlimited liability unrelated to actual loss, if any, caused by its conduct, creating a chilling effect on the Defendants' exercise of their right to a judicial resolution of this dispute.

**THIRTY-NINTH DEFENSE**

Plaintiffs' claims are barred by reason that any alleged dangerous condition of which Plaintiffs complain was open or obvious and there was no duty on the part of Defendants to warn of any such open and obvious condition.

**FORTIETH DEFENSE**

To the extent Plaintiffs are alleging a claim under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), Eaton asserts all defenses available to it under that doctrine.

**FORTY-FIRST DEFENSE**

This Defendants is entitled to a setoff for all sums of money recovered from any collateral sources, or recovered by or on behalf of Plaintiffs by way of any settlement, judgment or otherwise which were entered into or received by the Plaintiffs from any party or non party in this action.

**FORTY-SECOND DEFENSE**

The wrongful death statute in Alabama, as applied by the courts in Alabama, is unconstitutional in that (in contrast to other actions) it authorizes the imposition of punitive damages for negligence without requiring proof of culpability on the part of the Defendants any greater than the negligence standard; hence, said statute, denies Defendants due process and equal protection of law under the Constitution of Alabama and the United States Constitution.

01459429.1

### FORTY-THIRD DEFENSE

The wrongful death statute, as applied by Alabama courts, is unconstitutional to the extent that it authorizes the imposition of punitive damages in a claim without requiring the proof or level of culpability required in other cases. Hence, the wrongful death statute, as applied, denies the Defendants due process of law under the Constitution of Alabama and the United States Constitution.

### FORTY-FOURTH DEFENSE

The wrongful death statute in Alabama, as applied by Alabama courts, is unconstitutional in that it authorizes the imposition of punitive damages without proof of any threshold requirement of culpability or upon only a showing of negligence; whereas, in personal injury cases, under the law of Alabama, punitive damages cannot be awarded without proof by clear and convincing evidence that the Defendants consciously or deliberately engaged in oppression, fraud, wantonness or malice with regard to the Plaintiffs; therefore, the wrongful death statute in Alabama, as applied, denies the Defendants due process and equal protection of the law under the Constitution of the United States and the Alabama Constitution.

### FORTY-FIFTH DEFENSE

Under the wrongful death statute of Alabama, as applied by the courts of Alabama, the Plaintiffs act as a representative of the Legislature or the State in maintaining a wrongful death action; thus, a suit under the wrongful death statute of Alabama constitutes state action, and the imposition of punitive damages under the wrongful death statute of Alabama, as applied, which requires no proof of any threshold level of wrongful conduct constitutes the imposition of excessive fines, and denies Defendants the protection of the prohibition against excessive fines guaranteed under the United States Constitution.

## FORTY-SIXTH DEFENSE

The injuries to Plaintiffs were proximately caused by the misuse, abuse, alteration, and/or failure properly to utilize, maintain, or care for the Defendants' product by persons other than Defendants.

## FORTY-SEVENTH DEFENSE

Plaintiffs' product liability causes of action are barred because the benefits of the product outweighed its risks.

## FORTY-EIGHTH DEFENSE

The injuries to Plaintiffs were directly and proximately caused and contributed to by the actions of other persons, who caused changes and alterations to be made to the Defendants' product and said changes and alterations proximately caused or contributed to the injuries alleged by Plaintiffs, and voided any and all alleged warranties, express and/or implied.

## FORTY-NINTH DEFENSE

Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs failed to give timely notice of any breach thereof.

## FIFTIETH DEFENSE

Defendants provided adequate and complete warnings with the product.

## FIFTY-FIRST DEFENSE

Defendants plead the Learned Intermediary Doctrine.

## FIFTY-SECOND DEFENSE

Defendants invoke all state of the art defenses applicable to Plaintiffs' claims, including the state of the art applicable to the industry in question.

## FIFTY-THIRD DEFENSE

Defendants' product(s) was(were) manufactured under conditions and procedures and with materials as used by other reputable manufacturers of such products and complied with the standards of the industry as of the time of manufacture. Such product was safe for its intended use and was not defective or unreasonably dangerous.

## FIFTY-FOURTH DEFENSE

Plaintiffs are barred from seeking any remedy herein on the basis that there was no product defect or breach of warranty on the part of Defendants and/or on the basis that Plaintiffs and/or third parties did not comply with the terms of the written limited warranty.

## FIFTY-FIFTH DEFENSE

Eaton reserves the right to assert other defenses and claims when and if it becomes appropriate during this civil action.

Respectfully submitted by,

s/ E. Bryan Nichols
H. Thomas Wells, Jr.
John A. Smyth, III
E. Bryan Nichols

Attorneys for Defendants
EATON ELECTRICAL, INC. AND
EATON CORP.

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205.254.1000
Fax: 205.254.1999

01459429.1

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct electronic version of the foregoing has been filed with the CM/ECF system, which will electronically serve all counsel of record on this the 1st day of March, 2007.

                                s/ E. Bryan Nichols
                                Of Counsel