## THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **James R. Bain, et al** | ( | |
| | ( | **Civil Action No.** |
| | ) | |
| **Plaintiffs** | ( | **2:07-CV-84-MHT** |
| | ) | |
| **vs.** | ( | |
| | ) | |
| **A.O. Smith Electrical Products** | ( | |
| **Company, et al** | ) | |
| | ( | |
| **Defendants** | ) | |

───────────────────────────────────────────────────────

### ANSWER
───────────────────────────────────────────────────────

COMES NOW, Defendant Kaiser Gypsum Company, Inc., (hereinafter "Kaiser Gypsum") and in answer to Plaintiffs' Complaint states as follows:

### <u>JURISDICTION</u>

Answering this Unnumbered Complaint Paragraph, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

### <u>STATUTE OF LIMITATIONS</u>

Answering Unnumbered Complaint Paragraph, Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

### <u>BACKGROUND FACTS-THE PLAINTIFFS</u>

1.    Answering Complaint Paragraphs beginning with No. 1, pertaining to plaintiff James R. Bain, Kaiser Gypsum responds stating that these paragraphs of the complaint contain no

factual allegations directed at Kaiser Gypsum and accordingly, no response is required.  To the extent that a response might be required, Kaiser Gypsum denies any liability arising out of the allegations contained in these paragraphs of the complaint.  Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in these paragraphs of the complaint and therefore denies the same.

2.      Answering Complaint Paragraphs beginning with No. 2, pertaining to plaintiff Clay Ray Borden, Kaiser Gypsum responds stating that these paragraphs of the complaint contain no factual allegations directed at Kaiser Gypsum and accordingly, no response is required.  To the extent that a response might be required, Kaiser Gypsum denies any liability arising out of the allegations contained in these paragraphs of the complaint.  Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in these paragraphs of the complaint and therefore denies the same.

3.      Answering Complaint Paragraphs beginning with No. 3, pertaining to plaintiff Thomas G. Brock, II, Kaiser Gypsum responds stating that these paragraphs of the complaint contain no factual allegations directed at Kaiser Gypsum and accordingly, no response is required. To the extent that a response might be required, Kaiser Gypsum denies any liability arising out of the allegations contained in these paragraphs of the complaint.  Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in these paragraphs of the complaint and therefore denies the same.

4.      Answering Complaint Paragraphs beginning with No. 4, pertaining to plaintiff Billy Ray Cunningham, Kaiser Gypsum responds stating that these paragraphs of the complaint contain no factual allegations directed at Kaiser Gypsum and accordingly, no response is required.  To the extent that a response might be required, Kaiser Gypsum denies any liability arising out of the allegations contained in these paragraphs of the complaint.  Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in these

paragraphs of the complaint and therefore denies the same.

5.       Answering Complaint Paragraphs beginning with No.5, pertaining to plaintiff Willodean Harrison's decedent Robert W. Harrison, Kaiser Gypsum responds stating that these paragraphs of the complaint contain no factual allegations directed at Kaiser Gypsum and accordingly, no response is required.  To the extent that a response might be required, Kaiser Gypsum denies any liability arising out of the allegations contained in these paragraphs of the complaint.  Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in these paragraphs of the complaint and therefore denies the same.

6.       Answering Complaint Paragraphs beginning with No. 6, pertaining to plaintiff Patricia Holcombe's decedent Joseph James Holcombe, Sr., Kaiser Gypsum responds stating that these paragraphs of the complaint contain no factual allegations directed at Kaiser Gypsum and accordingly, no response is required.  To the extent that a response might be required, Kaiser Gypsum denies any liability arising out of the allegations contained in these paragraphs of the complaint.  Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in these paragraphs of the complaint and therefore denies the same.

7.       Answering Complaint Paragraphs beginning with No. 7, pertaining to plaintiff Wanda C. Miller's decedent Frank T. Miller, Kaiser Gypsum responds stating that these paragraphs of the complaint contain no factual allegations directed at Kaiser Gypsum and accordingly, no response is required.  To the extent that a response might be required, Kaiser Gypsum denies any liability arising out of the allegations contained in these paragraphs of the complaint.  Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in these paragraphs of the complaint and therefore denies the same.

8.     Answering Complaint Paragraphs beginning with No. 8, pertaining to plaintiff Frank E. Morrow, Kaiser Gypsum responds stating that these paragraphs of the complaint contain no factual allegations directed at Kaiser Gypsum and accordingly, no response is required.  To the extent that a response might be required, Kaiser Gypsum denies any liability arising out of the allegations contained in these paragraphs of the complaint.  Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in these paragraphs of the complaint and therefore denies the same.

9.     Answering Complaint Paragraphs beginning with No. 9, pertaining to plaintiff Ezra O. Sanford, Kaiser Gypsum responds stating that these paragraphs of the complaint contain no factual allegations directed at Kaiser Gypsum and accordingly, no response is required.  To the extent that a response might be required, Kaiser Gypsum denies any liability arising out of the allegations contained in these paragraphs of the complaint.  Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in these paragraphs of the complaint and therefore denies the same.

10.     Answering Complaint Paragraphs beginning with No. 10, pertaining to plaintiff Roger Seymore, Kaiser Gypsum responds stating that these paragraphs of the complaint contain no factual allegations directed at Kaiser Gypsum and accordingly, no response is required.  To the extent that a response might be required, Kaiser Gypsum denies any liability arising out of the allegations contained in these paragraphs of the complaint.  Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in these paragraphs of the complaint and therefore denies the same.

11.     Answering Complaint Paragraphs beginning with No. 11, pertaining to plaintiff Lillian H. Williams' decedent Manuel R. Williams, Sr., Kaiser Gypsum responds stating that these paragraphs of the complaint contain no factual allegations directed at Kaiser Gypsum and accordingly, no response is required.  To the extent that a response might be required, Kaiser

Gypsum denies any liability arising out of the allegations contained in these paragraphs of the complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in these paragraphs of the complaint and therefore denies the same.

## BACKGROUND FACTS-THE DEFENDANTS

12. Kaiser Gypsum adopts and realleges all previous Paragraphs of its Answer as if the same were fully set out herein.

13. Answering Complaint Paragraph No. 13, Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

14. Answering Complaint Paragraph No. 14, Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

15. Answering Complaint Paragraph No.15, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

16. Answering Complaint Paragraph No. 16, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

17. Answering Complaint Paragraph No. 17, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

18. Answering Complaint Paragraph No. 18, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

19. Answering Complaint Paragraph No. 19, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

20. Answering Complaint Paragraph No. 20, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

21. Answering Complaint Paragraph No. 21, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

22. Answering Complaint Paragraph No. 22, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

23. Answering Complaint Paragraph No. 23, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

24. Answering Complaint Paragraph No. 24, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

25. Answering Complaint Paragraph No. 25, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

26. Answering Complaint Paragraph No. 26, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

27. Answering Complaint Paragraph No. 27, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

28. Answering Complaint Paragraph No. 28, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

29. Answering Complaint Paragraph No. 29, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

30. Answering Complaint Paragraph No. 30, Kaiser Gypsum lacks sufficient information

to admit or deny the allegations of the Paragraph and therefore denies the same.

31.    Answering Complaint Paragraph No. 31, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

32.    Answering Complaint Paragraph No. 32, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

33.    Answering Complaint Paragraph No. 33, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

34.    Answering Complaint Paragraph No. 34, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

35.    Answering Complaint Paragraph No. 35, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

36.    Answering Complaint Paragraph No. 36, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

37.    Answering Complaint Paragraph No. 37, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

38.    Answering Complaint Paragraph No. 38, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

39.    Answering Complaint Paragraph No. 39, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

40.    Answering Complaint Paragraph No. 40, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

41.    Answering Complaint Paragraph No. 41, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

42.    Answering Complaint Paragraph No. 42, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

43.     Answering Complaint Paragraph No. 43, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

44.     Answering Complaint Paragraph No. 44, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

45.     Answering Complaint Paragraph No. 45, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

46.     Answering Complaint Paragraph No. 46, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

47.     Answering Complaint Paragraph No. 47, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

48.     Answering Complaint Paragraph No. 48, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

49.     Answering Complaint Paragraph No. 49, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

50.     Answering Complaint Paragraph No. 50, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

51.     Answering Complaint Paragraph No. 51, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

52.     Answering Complaint Paragraph No. 52, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

53.     Answering Complaint Paragraph No. 53, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

54.     Answering Complaint Paragraph No. 54, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

55.     Answering Complaint Paragraph No. 55, Kaiser Gypsum responds stating that it

is a corporation incorporated under the laws of a state other than Alabama. Kaiser Gypsum denies that it has committed torts against Plaintiffs or Plaintiffs' decedents in Alabama. Kaiser Gypsum denies any liability to Plaintiffs, individually or vicariously based on the actions of any other entity, including those entities identified as co-defendants in Plaintiffs' Complaint. To the extent that this paragraph is intended to contain any other material allegations against Kaiser Gypsum, they are denied. Kaiser Gypsum is currently without sufficient information to admit or deny the remaining allegations in this paragraph of Plaintiffs' Complaint and therefore denies the same.

56.    Answering Complaint Paragraph No. 56, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

57.    Answering Complaint Paragraph No. 57, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

58.    Answering Complaint Paragraph No. 58, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

59.    Answering Complaint Paragraph No. 59, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

60.    Answering Complaint Paragraph No. 60, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

61.    Answering Complaint Paragraph No. 61, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

62.    Answering Complaint Paragraph No. 62, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

63.    Answering Complaint Paragraph No. 63, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

64.    Answering Complaint Paragraph No. 64, Kaiser Gypsum lacks sufficient information

to admit or deny the allegations of the Paragraph and therefore denies the same.

65.    Answering Complaint Paragraph No. 65, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

66.    Answering Complaint Paragraph No. 66, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

67.    Answering Complaint Paragraph No. 67, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

68.    Answering Complaint Paragraph No. 68, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

69.    Answering Complaint Paragraph No. 69, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

70.    Answering Complaint Paragraph No. 70, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

71.    Answering Complaint Paragraph No. 71, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

72.    Answering Complaint Paragraph No. 72, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

73.    Answering Complaint Paragraph No. 73, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

74.    Answering Complaint Paragraph No. 74, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

75.    Answering Complaint Paragraph No. 75, Kaiser Gypsum responds stating that this Paragraph of the Complaint contains no factual allegations directed to this Kaiser Gypsum, and, accordingly, no response is required.  To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint.

Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

76.    Answering Complaint Paragraph No. 76, Kaiser Gypsum responds stating that this Paragraph of the Complaint contains no factual allegations directed to this Kaiser Gypsum, and, accordingly, no response is required.  To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

77.    Answering Complaint Paragraph No. 77, Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

78.    Answering Complaint Paragraph No. 78, Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

79.    Answering Complaint Paragraph No. 79, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

80.    Answering Complaint Paragraph No. 80, Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum

denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

81.     Answering Complaint Paragraph No. 81, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

82.     Answering Complaint Paragraph No. 82, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

## DEFENDANTS' CONDUCT AND PLAINTIFF'S DECEDENT'S INJURY

83.     Kaiser Gypsum adopts and realleges all previous Paragraphs of its Answer as if the same were fully set out herein.

84.     Answering Complaint Paragraph No. 84, Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

85.     Answering Complaint Paragraph No. 85, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

86.     Answering Complaint Paragraph No. 86, Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

87.     Answering Complaint Paragraph No. 87, Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

A.     Answering Subparagraph A., Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

B.     Answering Subparagraph B., Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

C.     Answering Subparagraph C., Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

D.     Answering Subparagraph D., Kaiser Gypsum denies the allegations of the

Paragraph and demands strict proof thereof.

E.    Answering Subparagraph E., Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

F.    Answering Subparagraph F., Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

G.    Answering Subparagraph G., Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

H.    Answering Subparagraph H., Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

I.    Answering Subparagraph I., Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

J.    Answering Subparagraph J., Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

K.    Answering Subparagraph K., Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

L.    Answering Subparagraph L., Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

M.    Answering Subparagraph M., Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

N.    Answering Subparagraph N., Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

O.    Answering Subparagraph O., Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

P.    Answering Subparagraph P., Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

Q.      Answering Subparagraph Q., Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

R.      Answering Subparagraph R., Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

88.     Answering Complaint Paragraph No. 88, Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

## COUNT ONE

### Alabama Extended Manufacturer's Liability Doctrine

89.     Kaiser Gypsum adopts and realleges all previous Paragraphs of its Answer as if the same were fully set out herein.

90.     Answering Complaint Paragraph No. 90, Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

91.     Answering Complaint Paragraph No. 91, Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

A.      Answering Subparagraph A., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum

denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

B.      Answering Subparagraph B., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

92.     Answering Complaint Paragraph No. 92, Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

93.     Answering Complaint Paragraph No. 93, Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

## COUNT TWO

### Negligence and Intentional Tort

94.     Kaiser Gypsum adopts and realleges all previous Paragraphs of its Answer as if the same were fully set out herein.

95.     Answering Complaint Paragraph No. 95, Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

96.     Answering Complaint Paragraph No. 96, Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

97.    Answering Complaint Paragraph No. 97, Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

98.    Answering Complaint Paragraph No. 98, Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

99.    Answering Complaint Paragraph No. 99, Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

100.    Answering Complaint Paragraph No. 100, Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

101.    Answering Complaint Paragraph No. 101, Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

102.    Answering Complaint Paragraph No. 102, Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

103.    Answering Complaint Paragraph No. 103, Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

104.    Answering Complaint Paragraph No. 104, Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

105.    Answering Complaint Paragraph No. 105, Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

106.    Answering Complaint Paragraph No. 106, Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

## COUNT THREE

### Negligence in the course of employment

107.    Kaiser Gypsum adopts and realleges all previous Paragraphs of its Answer as if the same were fully set out herein.

108.    Answering Complaint Paragraph No. 108, Kaiser Gypsum responds stating that this

Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

109.    Answering Complaint Paragraph No. 109, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

110.    Answering Complaint Paragraph No. 110, Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

111.    Answering Complaint Paragraph No. 111, Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

120.    Answering Complaint Paragraph No. 120, Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

121.    Answering Complaint Paragraph No. 121, Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

## COUNT FOUR

### Fraudulent Concealment / Misrepresentation / Alteration of Medical

### Studies / Conspiracy / Aiding and Abetting Conspiracy

122.    Answering Complaint Paragraph No. 122, Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

123.    Answering Complaint Paragraph No. 123, Kaiser Gypsum responds stating that this

Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

124.     Answering Complaint Paragraph No. 124, Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

A.     Answering Subparagraph A., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

B.     Answering Subparagraph B., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

C.     Answering Subparagraph C., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and,

accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

D.    Answering Subparagraph D., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

E.    Answering Subparagraph E., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

F.    Answering Subparagraph F., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

G.    Answering Subparagraph G., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum

denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

H.      Answering Subparagraph H., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

I.      Answering Subparagraph I., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

J.      Answering Subparagraph J., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

K.      Answering Subparagraph K., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint.

Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

L.     Answering Subparagraph L., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

M.     Answering Subparagraph M., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

N.     Answering Subparagraph N., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

O.     Answering Subparagraph O., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material

allegations contained in this Paragraph of the Complaint and therefore denies the same.

P.    Answering Subparagraph P., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

Q.    Answering Subparagraph Q., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

R.    Answering Subparagraph R., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

S.    Answering Subparagraph S., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

T.      Answering Subparagraph T., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

U.      Answering Subparagraph U., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

V.      Answering Subparagraph V., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

W.      Answering Subparagraph W., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

X.      Answering Subparagraph X., Kaiser Gypsum responds stating that this

Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

Y.      Answering Subparagraph Y., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

Z.      Answering Subparagraph Z., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

AA.     Answering Subparagraph AA., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

BB.     Answering Subparagraph BB., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and,

accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

CC.    Answering Subparagraph CC., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

DD.    Answering Subparagraph DD., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

EE.    Answering Subparagraph EE., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

FF.    Answering Subparagraph FF., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum

denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

GG.     Answering Subparagraph GG., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

HH.     Answering Subparagraph HH., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

II.     Answering Subparagraph II., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

JJ.     Answering Subparagraph JJ., Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint.

Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

125.    Answering Complaint Paragraph No. 125, Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

126.    Answering Complaint Paragraph No. 126, Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

127.    Answering Complaint Paragraph No. 127, Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

128.    Answering Complaint Paragraph No. 128, Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

129.    Answering Complaint Paragraph No. 129, Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum

denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

(a)    Answering Subparagraph (a), Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

(b)    Answering Subparagraph (b), Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

(c)    Answering Subparagraph (c), Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

(d)    Answering Subparagraph (d), Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint.

Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

130.     Answering Complaint Paragraph No. 130, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

131.     Answering Complaint Paragraph No. 131, Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

132.     Answering Complaint Paragraph No. 132, Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

133.     Answering Complaint Paragraph No. 133, Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

136.     Answering Complaint Paragraph No. 136, Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

137.     Answering Complaint Paragraph No. 137, Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material

allegations contained in this Paragraph of the Complaint and therefore denies the same.

## COUNT FIVE

### Product Liability, combined and concurring negligence,

### intentional tort and conspiracy

138.    Kaiser Gypsum adopts and realleges all previous Paragraphs of its Answer as if the same were fully set out herein.

139.    Answering Complaint Paragraph No. 139, Kaiser Gypsum responds stating that this Paragraph of the complaint contains no factual allegations directed at Kaiser Gypsum, and, accordingly, no response is required. To the extent a response may be required, Kaiser Gypsum denies any liability arising out of the allegations contained in this paragraph of the Complaint. Kaiser Gypsum is currently without sufficient knowledge to admit or deny the remaining material allegations contained in this Paragraph of the Complaint and therefore denies the same.

140.    Answering Complaint Paragraph No. 140, Kaiser Gypsum denies the allegations of the Paragraph and demands strict proof thereof.

141.    Answering Complaint Paragraph No. 141, Kaiser Gypsum lacks sufficient information to admit or deny the allegations of the Paragraph and therefore denies the same.

## JURY DEMAND AND AD DAMNUM

Responding to Plaintiff's Prayer for Relief, Kaiser Gypsum denies the Plaintiffs are entitled to any form of judgment against them; denies that Plaintiffs are entitled to damages from Kaiser Gypsum; and denies the Plaintiffs are entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

In addition to the foregoing, Kaiser Gypsum offers the following affirmative defenses:

## FIRST DEFENSE

The Complaint does not state a cause of action upon which relief can be granted.

## SECOND DEFENSE

Kaiser Gypsum reserves the right to amend this Answer until all discovery in this case has been completed.

### THIRD DEFENSE

Kaiser Gypsum denies each and every material averment pled in Plaintiffs' complaint against Kaiser Gypsum and demands strict proof thereof.

### FOURTH DEFENSE

Plaintiffs have not suffered a compensable injury.

### FIFTH DEFENSE

If it is determined that any form of recovery has been made by way of judgment, settlement, or otherwise, for all or any part of the alleged injuries or damages, then Kaiser Gypsum claims the benefit of such recovery by way of set-off, payment, credit, recruitment, accord and satisfaction, or otherwise.

### SIXTH DEFENSE

Kaiser Gypsum pleads improper venue.

### SEVENTH DEFENSE

Kaiser Gypsum pleads insufficiency of process, and/or insufficiency of service of process.

### EIGHTH DEFENSE

Kaiser Gypsum pleads *Forum Non Conveniens*.

### NINTH DEFENSE

Plaintiffs, separately and severally, lack standing.

### TENTH DEFENSE

This Court lacks jurisdiction over the person of Kaiser Gypsum, and/or over the subject matter of this action.

### ELEVENTH DEFENSE

The Complaint should be dismissed based on a mis-joinder of parties and/or of claims.

**TWELFTH DEFENSE**

To the extent that Plaintiffs or Plaintiffs' Decedents have filed an action in any other Court against some or all of these same defendants, this action should be dismissed in the interest of judicial economy and so as to prevent double recovery and/or inconsistent findings of fact as between the same parties on the same cause(s) of action.

**THIRTEENTH DEFENSE**

Plaintiffs may be barred from recovery of damages pursuant to the collateral source doctrine.

**FOURTEENTH DEFENSE**

To the extent that the laws of other jurisdictions may apply, Kaiser Gypsum invokes each and every constitutional defense available to it under the constitutions (or similar charters), and each and every statutory and common law defense available to it under the laws of each of the other forty-nine states, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possession of the United States with respect to each of the claims alleged in the Complaint that is recognized in that jurisdiction.  This specifically includes, but is not limited to, provisions relating to due process, access to the courts, and limitations on compensatory and punitive damages.

**FIFTEENTH DEFENSE**

Plaintiffs' claims are barred by collateral estoppel and/or res judicata.

**SIXTEENTH DEFENSE**

Plaintiffs' claims, separately and severally, are barred by the doctrines of laches, estoppel, and waiver, separately and severally.

**SEVENTEENTH DEFENSE**

The Plaintiffs' claims are barred by the applicable statute of limitations.

### EIGHTEENTH DEFENSE

The Complaint fails to allege with sufficient particularity the dates on which Plaintiffs' and/or Plaintiffs' Decedents allegedly discovered that their injuries were caused by exposure to Kaiser Gypsum's products, if any.

### NINETEENTH DEFENSE

Plaintiffs' claims, separately and severally, are barred by the rule of repose.

### TWENTIETH DEFENSE

Plaintiffs' or Plaintiffs' Decedents' employer(s) were, upon information and belief, so experienced and sophisticated that no duty to warn existed.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims against Kaiser Gypsum are barred by the bulk supplier doctrine.

### TWENTY-SECOND DEFENSE

Some of all of the Plaintiffs' claims are barred by the doctrine of release.

### TWENTY-THIRD DEFENSE

Kaiser Gypsum avers that it did not participate in, authorize, ratify or benefit from the alleged wrongful acts that are asserted in the Complaint.

### TWENTY-FOURTH DEFENSE

Kaiser Gypsum is denied due process and equal protection of the law because it is denied defenses available to other defendants in tort cases.

### TWENTY-FIFTH DEFENSE

The claims contained in the Complaint, which seek the recovery of punitive damages, under present Alabama law, violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America on the following grounds:

(a) it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's

satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against these Defendant, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(g) the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in the violation of the Eighth Amendment of the United States Constitution.

## TWENTY-SIXTH DEFENSE

The recovery of punitive damages by the Plaintiffs in this action would violate the Due Process

Clause of Article One, Section Six of the Constitution of Alabama on the following grounds:

(a) it is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) the procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these Defendant;

(c) the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d) the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

(e) the award of punitive damages in this case would constitute a deprivation of property without due process; and

(f) the procedures pursuant to which punitive damages are awarded may result in the award of a joint and several judgments against multiple Defendant for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection

Clauses of the Fourteenth Amendment of the United States Constitution.

### TWENTY-SEVENTH DEFENSE

The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTY-EIGHTH DEFENSE

The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article One, Section Sixteen of the Constitution of Alabama.

### TWENTY-NINTH DEFENSE

Any and all claims for punitive damages in this action are limited in the amount by application of Ala. Code §6-11-21 (1975).

### THIRTIETH DEFENSE

The Plaintiffs' demand for punitive damages constitutes double jeopardy and violates the Alabama and United States Constitutions.

### THIRTY-FIRST DEFENSE

Plaintiffs are not entitled to a jury trial with respect to the claims for punitive damages.

### THIRTY-SECOND DEFENSE

*Alabama* Code Section 6-5-410 violates the United States and Alabama Constitutions in that it deprives defendant of its right to a jury trial guaranteed by the Seventh Amendment to the United States Constitution and Article I, Section 11 of the Constitution of Alabama by allowing punitive damages to be assessed and imposed based on the conduct of persons or entities other than defendants or defendants' agents or employees and/or without apportionment of damages based on the degree of culpability of defendants, if any.

### THIRTY-THIRD DEFENSE

Kaiser Gypsum denies that it is guilty of any conduct or inaction which proximately caused or contributed to Plaintiffs' or Plaintiffs' Decedents' illnesses or deaths.

## THIRTY-FOURTH DEFENSE

Kaiser Gypsum avers that on the occasion of the illnesses and deaths made the basis of this suit, the Plaintiffs, their Decedents or other persons or entities were guilty of negligence and/or assumed the risk of any hazard which caused or which proximately contributed to cause the illnesses and deaths.

## THIRTY-FIFTH DEFENSE

Plaintiffs' claims, separately and severally, are barred because the damages and injuries alleged in the Complaint were not caused by Kaiser Gypsum or any product, manufactured by Kaiser Gypsum, but any such damages and injuries were the proximate result of the conduct of other persons over whom the defendant had no control and for whom Kaiser Gypsum is not responsible.

## THIRTY-SIXTH DEFENSE

Plaintiffs' Decedents failed to mitigate or otherwise act to lessen or reduce the injuries and damages alleged in the complaint.

## THIRTY-SEVENTH DEFENSE

Kaiser Gypsum avers that the alleged injuries and damages of Plaintiffs' and/or Plaintiffs' Decedents, if any, which are strictly denied, resulted from a pre-existing or unrelated condition, disease, or infirmity for which Kaiser Gypsum is not liable.

## THIRTY-EIGHTH DEFENSE

Kaiser Gypsum did not act negligently.

## THIRTY-NINTH DEFENSE

Plaintiffs' claims, separately and severally, are barred by the learned intermediary doctrine in that the employers of Plaintiffs or Plaintiffs' Decedents had notice of any danger or hazard

involved in handling asbestos-related products and of any precautions necessary for the sage handling of such products.

## FORTIETH DEFENSE

Kaiser Gypsum did not owe a duty to warn Plaintiffs' or Plaintiffs' Decedents of potential risks, if any, associated with working with asbestos-related products because Plaintiffs or Plaintiffs' Decedents were or should have been fully aware of any potential risk, if any, prior to the occasion which forms the basis of this complaint.

## FORTY-FIRST DEFENSE

The knowledge of Plaintiffs or Plaintiffs' Decedents of the potential risk, if any, associated with handling asbestos-related products was not the responsibility of the defendant because the defendant was not in privity with Plaintiffs' Decedents and their employers were fully aware of such potential risk prior to the incidents made the basis of Plaintiffs' suit.

## FORTY-SECOND DEFENSE

At the time of sale and/or delivery of any product manufactured by Kaiser Gypsum that may be involved in this case, any such product complied with any and all state and federal codes, standards, and regulations.

## FORTY-THIRD DEFENSE

The injuries and damages allegedly sustained by Plaintiffs or Plaintiffs' Decedents, if any, were incurred as a result of the misuse of a product, if any, manufactured by Kaiser Gypsum.

## FORTY-FOURTH DEFENSE

Plaintiffs or Plaintiffs' Decedents were not exposed to any asbestos product through any act or omission of Kaiser Gypsum, and if any such exposure occurred, which is denied, such exposure was of such insufficient quantities or at such time or under such conditions as not to render Kaiser Gypsum liable therefor.

**FORTY-FIFTH DEFENSE**

There should be no recovery against Kaiser Gypsum because of any failure to warn or the inadequacy of warnings. Upon information and belief, at all times pertinent to Plaintiffs' claims Plaintiff's and/or Plaintiffs' Decedents were possessed of or should have been possessed of good and adequate knowledge which negated any need for said warning and Plaintiffs and/or Plaintiffs' Decedents were required to follow specific written safety procedures as established by Plaintiffs and/or Plaintiffs' Decedents' employers which negated the need or requirement for any such warning.

**FORTY-SIXTH DEFENSE**

Plaintiffs and/or Plaintiffs' Decedents misused, abused, abnormally or improperly used some or all of the products referred to in the Complaint, and used them in a manner other than that for which they were intended. Such abuse, or abnormal, improper use proximately caused or contributed to, in whole or in part, the alleged injuries or illnesses sustained by Plaintiffs and/or Plaintiffs' Decedents. Plaintiffs and/or Plaintiffs' Decedents failed to observe and use ordinary care and caution for ones' own safety and well-being, knowing that the products Plaintiffs and/or Plaintiffs' Decedents were using could cause damage if misused. Therefore, the proximate cause of Plaintiffs' and/or Plaintiffs' Decedents' alleged injuries or illnesses were, if any, a direct result of Plaintiffs and/or Plaintiffs' Decedents' negligence.

**FORTY-SEVENTH DEFENSE**

If the Plaintiffs and/or Plaintiffs' Decedents sustained any injuries or illnesses, as alleged, which is denied, then such injuries or illnesses were proximately caused or contributed to by exposure to or inhalation of noxious and deleterious fumes and residues from industrial products and by-products prevalent on their job sites and substances not legally connected to Kaiser Gypsum, and by cumulative exposure to all types of environmental and industrial pollutants of air and water.

## FORTY-EIGHTH DEFENSE

It was the duty of Plaintiffs and/or Plaintiffs' Decedents' employers and not Kaiser Gypsum to furnish Plaintiffs and/or Plaintiffs' Decedents with reasonably safe places within which to work, including all necessary and adequate warnings and safety appliances to safeguard Plaintiffs and/or Plaintiffs' Decedents. Also, if Plaintiffs and/or Plaintiffs' Decedents suffered any injury, illness or other damage, which is denied, then failure of Plaintiffs and/or Plaintiffs' Decedents' employers in their duty toward Plaintiffs and/or Plaintiffs' Decedents was the sole proximate cause of any such injury, illness or other damage, if any, or, in the alternative, was such an intervening cause as to relieve Kaiser Gypsum from any liability to Plaintiffs or Plaintiffs' Decedents.

## FORTY-NINTH DEFENSE

To the extent that Plaintiffs' or Plaintiffs' Decedents' exposure to asbestos products is legally connected to Kaiser Gypsum, which is denied, occurred during any stage of the performance of a military government contract, the asbestos products legally connected with Kaiser Gypsum, if any, were manufactured, distributed, or otherwise furnished in accordance with reasonably precise specifications of the United States Government, of which Kaiser Gypsum made all disclosures necessary to avail itself of the military specifications and government contractors' defense, which operates to grant immunity from said claims to Kaiser Gypsum.

## FIFTIETH DEFENSE

There should be no recovery against Kaiser Gypsum under any provision of *Alabama Code* § 6-2-30, either alone or in conjunction with any other provision of Alabama law, because Section 6-2-30 is unconstitutional as it violates the following:

a.    The Fifth Amendment of the Constitution of the United States;
b.    The Eighth Amendment of the Constitution of the United States;
c.    The Tenth Amendment of the Constitution of the United States;
d.    The Fourteenth Amendment of the Constitution of the United States;
e.    Article I, Section 15 of the Constitution of Alabama, 1901;
f.    Article I, Section 7 of the Constitution of Alabama, 1901;
g.    Article I, Section 13 of the Constitution of Alabama, 1901.

### FIFTY-FIRST DEFENSE

Kaiser Gypsum pleads notice to Plaintiffs' or Plaintiffs' Decedents' employers in accordance with *Vines v. Beloit Corp.*, 631 So. 2d 1003 (Ala. 1994).

### FIFTY-SECOND DEFENSE

There should be no recovery against Kaiser Gypsum under any theory of enterprise liability, concert of action, or alternative liability because such theories of recovery are not recognized under the laws of the State of Alabama.

### FIFTY-THIRD DEFENSE

Alabama law regarding joint and several liability is constitutionally void as to Kaiser Gypsum and as applied to the facts and circumstances in this case in that:

a.      It operates to create an arbitrary and capricious method and manner for the jury's assessment and determination of damages without regard to the quality and quantity of culpable conduct of other defendants in the same action;

b.      It operates to deny Kaiser Gypsum a fair opportunity to have a jury assess damages based on Kaiser Gypsum's own culpability for negligence and/or wantonness, which cannot be segregated from allegation of negligence and/or wantonness against other defendants joined as one in this action;

c.      That in failing to provide for joint contribution and apportionment of damages among defendants;

1.      It deprives Kaiser Gypsum of property without due process of law contrary to the Fifth and Fourteenth Amendments of the United States Constitution and specifically to those portions thereof prohibiting any state from depriving any person or property without due process of law; and

2.      Separately, it deprives Kaiser Gypsum of property without due process of law contrary to Article I, Section 6 of the Constitution of Alabama, providing that insofar as here germane that no person shall be deprived of property except by due process of law with the result that Plaintiffs or Plaintiffs' Decedents are not entitled to recover in this case against Kaiser Gypsum for damages based on the evidence of negligence or wantonness of other defendants.

### FIFTY-FOURTH DEFENSE

Kaiser Gypsum denies, to the extent the actions alleged may have occurred, that any entity engaging in the activities alleged was acting as the agent or servant of Kaiser Gypsum, or at the

instruction of or subject to control of Kaiser Gypsum with regard to any of the actions described in the Complaint. Accordingly, Kaiser Gypsum is not liable for any acts or omissions of such third parties as a matter of law.

### FIFTY-FIFTH DEFENSE

There should be no recovery against Kaiser Gypsum because, as a matter of law, the imposition of liability under the Alabama Extended Manufacturer's Liability Doctrine or under any theory of implied or express warranty, separately or jointly, would operate as an *ex post facto* imposition of liability and duty and thus would violate Kaiser Gypsum's constitutional rights under:

(a)    the Eighth Amendment of the Constitution of the United States,
(b)    the Fourteenth Amendment of the Constitution of the United States;
(c)    the Fifth Amendment of the Constitution of the United States;
(d)    the Tenth Amendment of the Constitution of the United States;
(e)    Article I, Section 15 of the Constitution of Alabama of 1901;
(f)    Article I, Section 7 of the Constitution of Alabama of 1901;
(g)    Article I, Section 10 of the United States Constitution.

### FIFTY-SIXTH DEFENSE

There should be no recovery against Kaiser Gypsum based on the Alabama Extended Manufacturer's Liability Doctrine because there is no causal relation between the activities of Kaiser Gypsum and the injuries or illnesses of which the Plaintiffs now complain.

### FIFTY-SEVENTH DEFENSE

Kaiser Gypsum asserts all of the provisions of the Product Liability Act of Alabama, including, but not limited to, the Statute of Repose provision contained within *Code of Alabama* § 6-5-502(c). To the extent that any provisions therein have been deemed unconstitutional by the courts, Kaiser Gypsum reserves the right to have the Court revisit and reconsider any such prior rulings.

### FIFTY-EIGHTH DEFENSE

As to any and all alleged breaches of warranty, Kaiser Gypsum would show that Plaintiffs or Plaintiffs' Decedents are not third-party beneficiaries of any express or implied warranties.

Such claims are further barred because of the following:

(a)    Plaintiffs or Plaintiffs' Decedents were not in privity with Kaiser Gypsum; and

(b)    Plaintiff and/or Plaintiffs' Decedents failed to give Kaiser Gypsum notice of any alleged breach of warranty within a reasonable time.

### FIFTY-NINTH DEFENSE

Plaintiffs and/or Plaintiffs' Decedents do not have a cause of action against Kaiser Gypsum for either implied warranty or strict liability under the laws of the State of Alabama. Therefore, such claims are barred.

### SIXTIETH DEFENSE

There should be no recovery against Kaiser Gypsum for medical expenses incurred in the care, diagnosis, or treatment of any injury or illness of Plaintiffs' Decedents, if any thereby, because said Plaintiffs' Decedents' employers are obligated under the worker's compensation laws of the State of Alabama, or some other state, to pay for said medical expenses, which were incurred as a result of this occurrence and said employers will be obligated to do so because said Plaintiffs' Decedents are entitled to receive benefits from a private or public health insurance program, a health benefit plan, a union-sponsored or union provided health benefit plan or other source of health benefits which is responsible for the payment of all medical expenses.

### SIXTY-FIRST DEFENSE

Kaiser Gypsum denies that Plaintiffs are entitled to damages of the nature, type, and/or amount sought in Plaintiffs' Complaint.

### SIXTY-SECOND DEFENSE

Under Alabama law, Plaintiffs, separately and severally, are not entitled to recover any compensatory damages from Kaiser Gypsum.

### SIXTY-THIRD DEFENSE

If the Plaintiffs' Decedents suffered any injuries or illnesses, as alleged, which is specifically denied, any such claim therefor against Kaiser Gypsum is speculative and no recovery can be awarded to Plaintiffs.

### SIXTY-FOURTH DEFENSE

Plaintiffs are barred from recovering any damages by virtue of the fact that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged to the Plaintiffs or Plaintiffs' Decedents without substantially impairing the usefulness or intended purpose of the product.

### SIXTY-FIFTH DEFENSE

Plaintiffs cannot recover damages for alleged mental anguish or emotional distress against Kaiser Gypsum because Plaintiffs cannot allege or prove that they sustained a physical injury as a result of Kaiser Gypsum's conduct or that Plaintiffs were placed in immediate risk of physical harm by that conduct.

### SIXTY-SIXTH DEFENSE

The rules of evidence as applied by Federal courts permitting the admission of evidence of alleged mental pain and suffering do so in such a way as to violate the Due Process Clause of the Constitution of the United States and similar provisions in the Constitution of Alabama, 1901.

### SIXTY-SEVENTH DEFENSE

Plaintiffs cannot recover for mental pain and suffering, emotional distress or similar damages, if any, if there is no physical manifestation of the alleged mental anguish and because there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against Kaiser Gypsum would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6 and 22 of the Constitution of Alabama, 1901.

### SIXTY-EIGHTH DEFENSE

Kaiser Gypsum denies any and all liability to the extent that Plaintiffs or Plaintiffs Decedents assert Kaiser Gypsum's alleged liability as a successor, successor in business, predecessor in product line or a portion thereof, assignor, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, alter ego, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in any entity researching, studying, manufacturing, fabricating, designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting, servicing, installing, contacting for installation, repairing, marketing, warranting, re-banding, manufacturing for others, packaging and advertising a certain substance, the generic name of which is asbestos.

### SIXTY-NINTH DEFENSE

Plaintiffs have failed to join indispensable or necessary parties, including but not limited to Amatex Corp., Aanco Holdings, Inc., Armstrong World Industries, Asbestec Industries, Inc., Asbestospray Corp., Babcock & Wilcox, Baldwin Ehret Hill, Keenc Corp., Beadex Manufacturing Company, Inc., Burns & Roe Enterprises, Carey Canada, Inc., The Celotex Corp., Philip Carey Co., Eagle-Picher Industries, E.J. Bartells, Forty-Eight Insulation, G-I Holdings, H.K. Porter, Johns Manville, National Gypsum Co., Nicolet/Keasby-Mattison, Owens Corning, Pittsburg Corning, Raybestots-Manhattan, Raymark Industries, Raytech Industries Corp., Rockwool, Rutland Fire Clay Co., Standard Insulations, Unarco Industries Inc., UNR Industries Corp., U.S. Gypsum, Walter Industries and W. R. Grace.

### SEVENTIETH DEFENSE

Kaiser Gypsum alleges that Plaintiffs' or Plaintiffs Decedents' tobacco use is an assumption of a known risk, and that said conduct of Plaintiff or Plaintiffs Decedents proximately caused and contributed to Plaintiffs' or Plaintiffs Decedents' injuries and damages, if any, and therefore the recovery of Plaintiffs or Plaintiffs Decedents, if any, are barred or proportionately reduced.

## SEVENTY-FIRST DEFENSE

Kaiser Gypsum alleges that consumption of tobacco products is negligent per se because it is inherently unsafe and consumed with the ordinary community knowledge of its danger. Thus, the said negligence of Plaintiffs or Plaintiffs Decedents in consuming tobacco products proximately cause and contributed to Plaintiffs' or Plaintiffs Decedents' injuries and damages, if any, and therefore, Plaintiffs' or Plaintiffs Decedents' recovery, if any, is barred or proportionately reduced.

## SEVENTY-SECOND DEFENSE

If it is proven at the time of trial that products for which Kaiser Gypsum is responsible were manufactured, furnished, distributed, supplied and/or sold as alleged in Plaintiffs' complaint, and if said products were used in the fashion alleged, all of which is specifically denied except as otherwise set forth above, then any such product was so manufactured, furnished, distributed, supplied and/or sold in conformity with the prevailing state-of-medical-art and the prevailing standards of the industry. Kaiser Gypsum's conduct, and any product for which it bears responsibility, was at all times in conformity with the prevailing standard of medical science and the prevailing standards of the industry. The state of the medical, scientific and industrial knowledge, art and practice was at all material times such that Kaiser Gypsum neither breached any duty owed to the Plaintiffs or Plaintiffs Decedents, nor knew or could have known, that the products for which it bears responsibility presented a foreseeable risk of harm to the Plaintiffs or Plaintiffs Decedents in connection with asbestos exposure from the normal and expected use of such products.

## SEVENTY-THIRD DEFENSE

If it is proven at the time of trial that products for which Kaiser Gypsum is responsible were manufactured, furnished, distributed, supplied and/or sold as alleged in Plaintiffs' and Plaintiffs Decedents' complaint, and if said products were used in the fashion alleged, all of which is specifically denied except as otherwise set forth above, then any harm to Plaintiffs or Plaintiffs

Decedents which may have been cause by Plaintiffs' or Plaintiffs Decedents' exposure to such products was caused after the expiration of the useful safe lives of such products, for which Kaiser Gypsum is not subject to liability.

## SEVENTY-FOURTH DEFENSE

The liability of Kaiser Gypsum, if any, was secondary, passive and subordinate to the primary, active and causative negligent acts and/or omissions of other defendants, for which Kaiser Gypsum is not liable and/or is entitled to indemnification from such other defendants.

## SEVENTY-FIFTH DEFENSE

Kaiser Gypsum alleges that, on information and belief, Plaintiffs named Kaiser Gypsum in this litigation without reasonable product identification and without a reasonable investigation; accordingly, Kaiser Gypsum requests reasonable expenses, including its attorney's fees, expert fees and costs incurred as a result of the filing and maintenance by Plaintiffs of this bad faith action.

## SEVENTY-SIXTH DEFENSE

Punitive Damages claims should be stricken as a matter of law and as contrary to public policy because such claims serve no legitimate purpose in mass tort litigation where the defendant is no longer in business selling products and an award of punitive damages can only serve prematurely deplete the financial resources necessary to adequately compensate future plaintiffs.

## SEVENTY-SEVENTH DEFENSE

Kaiser Gypsum hereby adopts and incorporates herein any and all affirmative defenses pleaded or raised by other defendants in this action.

s/ Dan R. Alexander

_____    Van A. Noletto (NOL008)
                                              Tom S. Roper (ROP007)
                                              Dan R. Alexander (ALE033)
                                              Attorneys for Kaiser Gypsum Company,
                                              Incorporated

<u>OF COUNSEL:</u>

**CARR, ALLISON, PUGH, HOWARD,
OLIVER & SISSON, P.C.**

**Van Noletto**
6251 Monroe Street, Suite 200
P.O. Box 1126
Daphne, Alabama 36526-1126
Email: van@carrallison.com

**Dan R. Alexander**
100 Vestavia Parkway
Birmingham, Alabama 35216
(205) 822-2006 (phone)
(205) 822-2057 (fax)
Email:  dra@carrallison.com

<u>**CERTIFICATE OF SERVICE**</u>

_____I hereby certify that on 5th day of March, 2007, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

G. Patterson Keahey                          Financial Center, Suite 1600
One Independence Plaza Suite 612             505 20th Street North
Birmingham, AL 365209                        Birmingham, AL 35203

Thomas Kendrick                              Edward B. McDonough, Jr.
Norman, Wood, Kendrick & Turner              P.O. Box 1943
Financial Center, Suite 1600                 Mobile, AL 36633
505 20th Street North
Birmingham, AL 35203                         William T. Mills
                                             Keith J. Pfalum
James L. Pattilllo                           Porterfield, Harper & Mills, P.A.
Norman, Wood, Kendrick & Turner              P.O. Box 530790

Birmingham, AL 35253-0970

William A. Scott, Jr.
Freddie N. Harrington, JR.
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valleydale Rd
Birmingham, AL 35244

Timothy W. Knight
Jon M. Hughes
Kee & Selby, LLP
1900 International Park Drive, Suite 200
Birmingham, AL 35243

Clif Jefferis
James G. House, III
Forman, Perry, Watkins, Krutz & Tardy, LLP
Suite 100 City Centre
200 South Lamar Street
P.O. Box 22608
Jackson, MS 39225-2608

C. Paul Cavender
Allan R. Wheeler
Burr & Forman, LLP
3100 Southtrust Tower
420 North 20th Street
Birmingham, AL 35203

Blane H. Crutchfield
Hand Arendall, LLC
P.O. Box 123
Mobile, AL 36601

Grey Redditt
Tim Clarke
Vickers, Riis, Murray & Curran, LLC
P.O. Box 2568
Mobile, AL 36652-2568

Daphne M. Lancaster
Aultman, Tyner & Ruffin, Ltd
P.O. Box 750
Hattiesburg, MS 39403-0750

Matthew Robinett
Norman, Wood, Kendrick & Turner
505 20th Street North
Birmingham, AL 35203

Evelyn Fletcher
Nathan M. Thompson
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street N.E.
Atlanta, GA 30308

Connie Ray Stockham
Stockham, Carroll & Smith, P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, AL 35209

S. Christopher Collier
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street N.E.
Atlanta, GA 30308

Walter T. Gilmer, Jr.
McDowell, Knight, Roedder & Sledge, LLC
P.O. Box 350
Mobile, AL 36601

David P. Donahue
H. Thomas Wells, Jr.
Maynard, Cooper & Gale, PC
1901 6th Avenue North
Birmingham, AL 35203-2618

W. Larkin Radney, IV
Adam K. Peck
Melody H. Eagan
Natasha L. Wilson
Lightfoot, Franklin & White, LLC
The Clark Building
400 North 20th Street
Birmingham, AL 35203

S. Allen Baker, Jr.
Jenelle R. Evans
Balch & Bingham, LLP
P.O. Box 306
Birmingham, AL 35201-0306

James C. Simpson, Jr.
Montgomery, Barnett, Brown, Read,
Hammond & Mintz
3200 Energy Center
1100 Poydras Street
New Orleans, LA 70136-3200

Frank E. Lankford, Jr.
Huie, Fernambucq & Stewart, LLP
Three Protective Center, Suite 200
2801 Highway 280 South
Birmingham, AL 35223-2484

Richard Crump
Donald C. Partridge
James G. House
Forman, Perry, Watkins, Krutz & Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Michael A. Vercher
Thomas W. Christian
Christian & Small, LLP
505 20th Street North, Suite 1800
Birmingham, AL 35203

Anthony C. Harlow
Starnes & Atchison, LLP
7th Floor 100 Brookwood Place
P.O. Box 598512
Birmingham, AL 35259-8512

James Ford Little
Woolf, McClane, Bright, Allen & Carpenter
P.O. Box 900
Knoxville, TN 37901-0900

T. Michael Browd
Joel M. Kuehnert
Bradley, Arant, Rose & White
P.O. Box 830709
Birmingham, AL 35283-0709

Helen K. Downs
Shayana B. Davis
Johnston, Barton, Proctor & Powell, LLP
2900 AmSouth/Harbert Plaza
1901 6th Avenue North
Birmingham, AL 35203-2618

Roger C. Foster
Laney & Foster, P.C.
Two Perimeter Park South, Suite 404E
Birmingham, AL 35243

William L. Waudby
Baker,  Donelson,  Bearman,  Caldwell  &

Berkowitz, P.C.
1600 South Trust Tower
420 20th Street North
Birmingham, Alabama 35203

James A. Harris, III
Harris & Harris, LLP
2501 20th Place S Ste 450
Birmingham, AL 35223-1751

s/ Dan R. Alexander
OF COUNSEL