THE UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JAMES R. BAIN, et al. ) | |
| ) | |
| vs. ) | Case No.  2:07CV84-WKW |
| ) | |
| A.O. SMITH ELECTRICAL PRODUCTS ) | |
| COMPANY, a division of A.O. SMITH ) | |
| CORPORATION, et al. ) | |

**OGLEBAY NORTON COMPANY'S MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT AND OR MOTION FOR SEVERANCE**

COMES NOW, Oglebay Norton Company (hereinafter referred to as "Defendant"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and files this Motion to Dismiss for failure to meet pleading requirements under Rules 8 and 9 of the Federal Rules of Civil Procedure. In support thereof, Defendant asserts the following:

1.  The Federal Rules of Civil Procedure and accompanying case law make clear that Plaintiffs' conclusory allegations in the Complaint are insufficient on numerous fronts. Alabama District Courts have ended ambiguous pleading practices by Plaintiffs that consistently contravene the requirements of Rules 8 and 9 to state with certainty the circumstances, occurrences, and events which support a proffered claim. *See Spain v. Brown & Williamson Tobacco Corp.,* 872 So. 2d 101,124 (Ala. 2003).  This case should be dismissed for the following reasons:

2.  On January 29, 2007, Plaintiffs filed their Complaint (hereinafter referred to as "Complaint"). The most outstanding deficiency is that the Complaint does not provide, as required by Federal law, the core information required to provide Defendants adequate notice as

to what circumstances, occurrences, and events support Plaintiffs' claims. To provide adequate notice, the Complaint must, at a minimum, include "when, where or how the Defendants have injured Plaintiffs. Furthermore, the Plaintiffs do not explain which causes of action apply to which Defendants. Therefore, the Plaintiffs do not allow the Defendants to adequately defend themselves." *Palmer v. Aearo Corporation, et al.,* Judge Clemon's Order of Dismissal, May 31, 2005. Judge Clemon's order made clear that without the above information, a complaint does not provide Defendants with adequate information to defend themselves. *Id*. at 2.

3. Furthermore, in a similar case Judge Proctor noted that for Plaintiffs to assert a proper factual basis for each claim with sufficient detail to put Defendants on notice of the claims against them, Plaintiffs must provide the identity of product(s), purchaser(s) or other user(s) of product(s), time frame of alleged exposure(s), location(s)/employer(s) where exposure(s) occurred, contours and alleged recipients(s) of warranties, and product(s) to which warranties applied. *Chancellor v. Air Liquide America Corp., et al.*, Judge Proctor's Order, February 4, 2005.

4. In the present case, Plaintiffs have not provided when, where or how this Defendant has allegedly injured the Plaintiffs. Plaintiffs have not provided the time frame of the alleged exposure, the location where the exposure allegedly took place, nor have Plaintiffs provided the specific products to which Plaintiffs are alleging exposure. For these reasons, Plaintiffs' Complaint is due to be dismissed

5. Alternatively, FRCP 12(e), provides: [i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." As discussed above, Plaintiffs' Complaint fails to put Defendant on notice

as to the transactions or occurrences that form the basis of their claims. Indeed, Plaintiffs fail to aver any dates, places, or other facts surrounding their alleged use of Defendant's product and how the use of such product contributed to their alleged injuries. Defendant cannot properly respond to such bare allegations. As such, Defendant alternatively moves for this Court's Order requiring Plaintiffs to provide a more definite statement of their claims pursuant to FRCP 12(e).

6.       Additionally, FRCP 20 provides, in pertinent part, that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Here, Plaintiffs allege generally that they have been exposed to asbestos and asbestos-containing products. However, Plaintiffs fail to allege facts indicating that their right to relief arises out of the same transaction[s] or occurrence[s]. Rather, Plaintiffs require defendants, and this Court, to presume that a common set of facts, or question of law, forms the basis of their claims. Defendant submits that FRCP 20 requires more than mere presumptions for two or more plaintiffs to join in an action for relief. As such, Defendant seeks severance of Plaintiffs' Complaint.

7.       Furthermore, Defendant does not waive, and hereby asserts the following affirmative defenses pursuant to Rule 12 of the Federal rules of Civil Procedure:

    a.   Pursuant to FRCP 12(b)(2), this Court lacks jurisdiction over Defendants.

    b.   Pursuant to FRCP 12(b)(3), venue is improper in this Court, and the case should be dismissed.

    c.   Pursuant to FRCP 12(b)(6), Plaintiffs have failed to state a claim upon which relief can be granted, and the case should be dismissed.

      d.      Pursuant to FRCP 12(b)(7), Plaintiffs have failed to join necessary parties under Rule 19, and this case should be dismissed.

THEREFORE, Defendants move this Court for dismissal pursuant to Rule 12(b)(6) for failing to comply with Rule 8 and 9 requirements. Defendant alternatively moves this Court for an Order requiring Plaintiffs to provide a more definite statement of their claims, and/or, for severance of the Plaintiffs' claims.

                Respectfully submitted,

                Oglebay Norton Company

                By: s/ Cyrus C. Barger, III
                     Cyrus C. Barger, III, AL Bar #BAR137

JUDE & JUDE, PLLC
6424 US Hwy 98 West, Suite 50
P.O. Box 17468
Hattiesburg, MS 39404-7468
Telephone: (601) 579-8411
Facsimile:  (601) 579-8461

## CERTIFICATE OF SERVICE

I, Cyrus C. Barger, III, counsel for Oglebay Norton Company do hereby certify that I have this day electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all known counsel of record.

THIS, 7th day of March, 2007.

                                                          s/ Cyrus C. Barger, III
                                                          Cyrus C. Barger, III

C:\DOCUME~1\Tres\LOCALS~1\Temp\MetaSave\Bain_James_MTD_030207.doc