## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **JAMES R. BAIN, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION NO.** |
| | ) | **2:07CV84-WKW** |
| **vs.** | ) | |
| | ) | |
| **A.O. SMITH ELECTRICAL** | ) | |
| **PRODUCTS COMPANY, a division of** | ) | |
| **A.O. SMITH CORPORATION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### GARLOCK SEALING TECHNOLOGIES LLC'S ANSWER TO THE COMPLAINT

COMES NOW GARLOCK SEALING TECHNOLOGIES LLC ("GARLOCK"), one of the Defendants in the above-styled cause, and files its Answer to the Complaint.

### DEFINITION OF TERMS

1.      The term "insufficient knowledge" when used in response to a correspondingly numbered paragraph of the Complaint means that this Defendant is without sufficient personal knowledge upon which to admit or deny the allegations of that paragraph and therefore effectively denies the same and demands strict proof thereof.

2.      The term "denied" when used in response to a correspondingly numbered paragraph in the Complaint means that the allegations of that paragraph are denied to the extent that they pertain to this Defendant.

3.      The term "admitted" when used in response to a correspondingly numbered paragraph in the Complaint means that the allegations of that paragraph are admitted to the extent that they pertain to this Defendant.

## RESPONSE TO JURISDICTION

This paragraph consists of conclusions of law to which this Defendant is not required to respond. However, to the extent that the allegations contained in this paragraph are intended to state a cause of action against this Defendant, same are denied.

## RESPONSE TO STATUTE OF LIMITATIONS

This paragraph consists of conclusions of law to which this Defendant is not required to respond. However, to the extent that the allegations contained in this paragraph are intended to state a cause of action against this Defendant, same are denied.

## RESPONSES TO BACKGROUND FACTS - THE PLAINTIFFS

1. - 11.    GARLOCK is without sufficient personal knowledge or information to admit or deny the allegations contained in these paragraphs of the Complaint which refer to the alleged exposure, work history, and medical ailments of the Plaintiffs and/or Plaintiffs' decedents. However, to the extent that the allegations of these paragraphs of the Complaint set forth any factual averments directed toward stating a cause of action against GARLOCK, same are denied. GARLOCK shows further that the allegations show that venue is improper with respect to several Plaintiffs.

## RESPONSES TO BACKGROUND FACTS - THE DEFENDANTS

12.    GARLOCK adopts and incorporates by reference as if fully set forth herein, each of its responses to the averments and allegations of the preceding paragraphs of the Complaint.

13.    This paragraph sets forth averments of definitions by the Plaintiffs to which no response is required. However, to the extent that Paragraph 13 can be construed to contain allegations directed toward establishing a cause of action against this Defendant, same are

denied.

14.     Denied.

15. - 43.  GARLOCK is without sufficient personal knowledge or information to admit or deny the allegations set forth in Paragraphs 15 through 43 of the Complaint which refer to other Defendants.  GARLOCK shows further that the allegations of these paragraphs do not appear to be directed toward stating a cause of action against this Defendant.

44.     GARLOCK admits that it is an entity formed and existing under and by virtue of the laws of and has its principal place of business in a state other than the State of Alabama. GARLOCK denies the remaining allegations of Paragraph 44 of the Complaint.

45. - 74.  GARLOCK is without sufficient personal knowledge or information to admit or deny the allegations set forth in Paragraphs 45 through 74 of the Complaint which refer to other Defendants.  GARLOCK shows further that the allegations of these paragraphs do not appear to be directed toward stating a cause of action against this Defendant.

75. - 77.  These paragraphs set forth averments of definitions by the Plaintiffs to which no response is required.  However, to the extent that paragraphs 75-77 can be construed to contain allegations directed toward establishing a cause of action against this Defendant, same are denied.

78. - 81.  GARLOCK is without sufficient personal knowledge or information to admit or deny the allegations set forth in Paragraphs 78 through 81 of the Complaint which refer to other Defendants.  GARLOCK shows further that the allegations of these paragraphs do not appear to be directed toward stating a cause of action against this Defendant.

82.     The allegations of paragraph 82 of the Plaintiffs' Complaint appear to state legal conclusions to which no response is required.  However, to the extent that the allegations of paragraph 82 of the Complaint are directed toward establishing a cause of action against this Defendant, same are denied.  This Defendant shows further that it is responding to the complaint

solely in the capacity set forth in the introductory paragraph above and that this is an improper attempt by the Plaintiff to put a greater burden on this Defendant for responding to the allegations than is required by law.

**RESPONSE TO DEFENDANTS' CONDUCT AND
PLAINTIFFS' DECEDENT'S INJURY**

83.     GARLOCK adopts and incorporates by reference as if fully set forth herein each of its responses to the averments and allegations of the preceding paragraphs of the Complaint.

84.     Denied.

85.     This paragraph sets forth averments by the Plaintiffs to which no response is required.  However, to the extent that Paragraph 85 can be construed to contain allegations directed toward establishing a cause of action against this Defendant, same are denied.

86.     Denied.

87.     (A.-R.)  Denied.

88.     Denied.

**RESPONSE TO COUNT ONE
ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE**

89.     GARLOCK adopts and incorporates by reference as if fully set forth herein each of its responses to the averments and allegations of the preceding paragraphs of the Complaint.

90.     This paragraph sets forth legal averments and conclusions to which no response is required.  However, to the extent that Paragraph 90 can be construed to contain allegations directed toward establishing a cause of action against this Defendant, same are denied.

91.     (A. - B.)  Denied.

92.     Denied.

93.     Denied.

## RESPONSE TO COUNT TWO
## NEGLIGENCE AND INTENTIONAL TORT

94.     GARLOCK adopts and incorporates by reference as if fully set forth herein each of its responses to the averments and allegations of the preceding paragraphs of the Complaint.

95.     This paragraph sets forth legal averments and conclusions to which no response is required.  However, to the extent that Paragraph 95 can be construed to contain allegations directed toward establishing a cause of action against this Defendant, same are denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

## RESPONSE TO COUNT THREE
## NEGLIGENCE IN THE COURSE OF EMPLOYMENT

107.    GARLOCK adopts and incorporates by reference as if fully set forth herein each of its responses to the averments and allegations of the preceding paragraphs of the Complaint.

108.    This paragraph sets forth legal averments and conclusions to which no response is required.  However, to the extent that Paragraph 108 can be construed to contain allegations directed toward establishing a cause of action against this Defendant, same are denied.

109.     Denied.

110.     Denied.

111.     Denied.

120.[sic]     Denied.

121.[sic]     Denied.


**RESPONSE TO COUNT FOUR**
**FRAUDULENT CONCEALMENT/ MISREPRESENTATION/ ALTERATION OF**
**MEDICAL STUDIES/ CONSPIRACY/ AIDING AND ABETTING CONSPIRACY**

122.[sic]     Denied.

123.[sic]     Denied.

124.[sic]     (A. - JJ.)  Denied.

125.[sic]     Denied.

126.[sic]     Denied.

127.[sic]     Denied.

128.[sic]     Denied.

129.[sic]     ((a) - (d))  Denied.

130.[sic]     Denied.

131.[sic]     Denied.

132.[sic]     Denied.

133.[sic]     Denied.

134.[sic]     Denied.

135.[sic]     Denied.

136.[sic]     Denied.

137.[sic]     Denied.

**RESPONSE TO COUNT FIVE**
**PRODUCT LIABILITY, COMBINED AND CONCURRING**
**NEGLIGENCE, INTENTIONAL TORT AND CONSPIRACY**

138.[sic]        GARLOCK adopts and incorporates by reference as if fully set forth herein each of its responses to the averments and allegations of the preceding paragraphs of the Complaint.

139.[sic]        This paragraph sets forth legal averments and conclusions to which no response is required.  However, to the extent that Paragraph 139 can be construed to contain allegations directed toward establishing a cause of action against this Defendant, same are denied.

140.[sic]        Denied.

141.[sic]        This paragraph consists of conclusions of law to which this Defendant is not required to respond.  However, to the extent that Paragraph 141 can be construed to contain allegations directed toward establishing a cause of action against this Defendant, same are denied.

**RESPONSE TO JURY DEMAND AND AD DAMNUM**

GARLOCK denies that the Plaintiffs are entitled to recover as alleged in the unnumbered paragraph following Paragraph 141 of the Complaint.

**GENERAL DENIAL**

GARLOCK denies each averment or allegation in the Complaint that is not specifically admitted or otherwise controverted and demands strict proof thereof.  GARLOCK further denies any averments contained in any parts of the Complaint not specifically numbered.

## AFFIRMATIVE DEFENSES

In the following affirmative defenses, the use of the term "Plaintiff" shall be considered to include both the singular and the plural, the masculine as well as the feminine, and, where appropriate, the Plaintiff's Decedent.  Also, references to the "Complaint" shall, where applicable, include any amendments thereto.

1.     The Complaint and each cause of action contained therein, separately and severally, fails to state a claim against GARLOCK upon which relief can be granted for, *inter alia*, the following reasons:

A.     The Complaint fails to allege any relationship between GARLOCK and the Plaintiff that would give rise to a duty to disclose information; and

B.     The Complaint fails to allege with sufficient certainty the date of the Plaintiff's alleged exposure to a GARLOCK product.

2.     The Plaintiff is guilty of contributory negligence which proximately caused or contributed to the alleged injuries and damages as he failed to do the following:

A.     Exercise ordinary care for his own safety when he knew or should have known of the hazards incident to his work;

B.     Utilize protective clothing and safety equipment when he knew or should have known that the materials with which he was working with might be harmful;

C.     Properly use GARLOCK'S products or subjected himself to use that was not reasonably foreseeable;

D.     Advise, request or demand that his employer(s) provide proper safety equipment, clothing and protective devices for his use; and

E.     Heed advice and warnings given about proper and safe work practices and

8

failed to use equipment provided to him by his employer and/or others.

3.     The Plaintiff assumed the risk of injury and is not entitled to recover from GARLOCK.

4.     Service of Process against GARLOCK was insufficient.

5.     Venue is improper in this Court as to GARLOCK.

6.     This Court lacks personal jurisdiction over GARLOCK and jurisdiction over the subject matter of this action.  There is or may be a lack of complete diversity.

7.     The Plaintiff has failed to join certain indispensable parties necessary for a just adjudication of this cause.

8.     Any claim for breach of warranty is barred due to lack of notice, as is required by the applicable law.

9.     There is a misjoinder of parties.

10.     The Plaintiff misused, or abnormally or improperly used, some or all of the materials referred to within the Complaint and such misuse or abnormal or improper use, proximately caused or contributed to, in whole or in part, the alleged injuries or damages, if any, sustained by the Plaintiff.  The Plaintiff failed to observe and to use ordinary care and caution for his own safety, knowing that the materials they were using could cause damage if misused, and the sole proximate cause of the Plaintiff's damages, if any, was his own negligence.

11.     GARLOCK owed no duty to the Plaintiff as alleged in the Complaint and, in any event, breached no duty in a manner which is material to the Complaint.

12.     The Plaintiff's employers and/or the owners of the industrial or commercial facilities where the Plaintiff worked were sophisticated users or purchasers of asbestos/asbestos containing products, including asbestos-containing fluid sealing products, and had a non-delegable duty to provide the Plaintiff with a safe place to work.

13.     GARLOCK had no control over the Plaintiff's work environment nor did it have a

duty to provide the Plaintiff with a safe place to work and, therefore, it cannot be found liable for the Plaintiff's overall workplace exposure to asbestos even if the Plaintiff can establish minimal exposure to its asbestos-containing products.

14.     There was no privity of contract between the Plaintiff and GARLOCK.

15.     The Plaintiff's injuries, if any, proximately resulted from the acts or omissions of other persons, including the Plaintiff, which were the independent, sole, intervening or superseding proximate causes of those injuries.

16.     GARLOCK'S asbestos-containing products were at all times reasonably fit and suitable for the purposes for which they were intended, fully complied with the reasonable expectations of the Plaintiff and were not defective, in any way, or unreasonably dangerous for the use for which they were intended.

17.     GARLOCK states that its asbestos-containing products were not, and are not, inherently dangerous to human beings; all asbestos fibers contained in GARLOCK'S products are firmly locked in and encapsulated and are, therefore, not released into the air in dangerous quantities. GARLOCK further states that, at all relevant times, its asbestos-containing products complied with industry and government standards.

18.     GARLOCK had no duty to warn the Plaintiff because all reasonably foreseeable uses of its asbestos-containing products do not pose a risk of harm to human beings sufficient to give rise to such a duty.

19.     If GARLOCK created a hazard, which it denies, then it did not know nor did it have reasonable grounds for knowing at the time of the Plaintiff's alleged exposure, or at any other time, that its asbestos-containing products might be hazardous.  GARLOCK had no notice nor reason to believe that any of its products might be potentially hazardous simply because they contained asbestos fibers.  GARLOCK'S asbestos-containing products contain asbestos fibers which are encapsulated/locked in and firmly bound such that the fibers are not released into the surrounding

10

air. GARLOCK could not have reasonably foreseen the alleged danger associated with the use of its products. GARLOCK further contends that it is not a part of the "asbestos industry" or "asbestos insulation industry" or a part of the "specific producers", "group producers" or "Defendant conspirators". The alleged knowledge possessed by any members of these entities or alleged co-conspirators was not known by GARLOCK and cannot be imputed to it.

20.     The knowledge of the United States Government or its agencies of any possible health hazards from the use of asbestos-containing products was equal or superior to GARLOCK'S and, by reason thereof, GARLOCK is entitled to such immunity from liability as exists in favor of the United States Government or its agencies.

21.     The negligence of the Plaintiff was the superseding cause of his alleged injuries and is a bar to any recovery by the Plaintiff against GARLOCK.

22.     The Plaintiff's claims are barred by the applicable statutes of limitations and/or the doctrine of laches.

23.     The Plaintiff was not an intended beneficiary of any warranty made by GARLOCK.

24.     Any warranties made by GARLOCK have been fulfilled, terminated and/or disclaimed. Moreover, the Plaintiff did not give the notice required by the Uniform Commercial Code of Alabama prior to filing this lawsuit.

25.     The Plaintiff's injuries, if any, were proximately caused or contributed to by the Plaintiff's consumption of tobacco products.

26.     At the time of the alleged exposure to GARLOCK'S asbestos-containing products there was no reasonable substitute for asbestos in such products.

27.     There should be no recovery against GARLOCK under any claim based on implied or expressed warranty if said claims are said to arise under the Uniform Commercial Code of Alabama to the extent that GARLOCK'S contractual obligations occurred prior to the enactment of said statutes. Any imposition of such liability would violate, *inter alia*, the following:

11

    A.    The Fourteenth Amendment to the Constitution of the United States;

    B.    Article I, Section 7 of the Constitution of Alabama of 1901;

    C.    The Fifth Amendment to the Constitution of the United States; and

    D.    The Tenth Amendment to the Constitution of the United States.

28.    GARLOCK is entitled to full credit for any amounts received by the Plaintiff or to be received by the Plaintiff from any other source from which the Plaintiff may have a recovery arising out of any and all claims made against the Defendants in the instant lawsuit or certain third-parties, including, but not limited to, any settlement or compromise of any claim for alleged injuries and damages with any of the co-Defendants or with any other third parties, including claims in Bankruptcy.

29.    There should be no recovery against GARLOCK for any injury incurred by the Plaintiff resulting from exposure to any product other than those for which GARLOCK is directly responsible, as the same would violate GARLOCK'S constitutional rights under:

    A.    The Eighth Amendment to the Constitution of the United States;

    B.    The Fourteenth Amendment to the Constitution of the United States;

    C.    The Fifth Amendment to the Constitution of the United States;

    D.    The Tenth Amendment to the Constitution of the United States;

    E.    Article I, Section 15 of the Constitution of Alabama of 1901; and

    F.    Article I, Section 7 of the Constitution of Alabama of 1901.

30.    At all times material to the Plaintiff's Complaint, the Plaintiff utilized products which were manufactured at a time when the state of the art was such that this Defendant had no reason to know the potentially dangerous effect of prolonged exposure to asbestos and, therefore, had no duty to warn. Moreover, the products were manufactured in a manner consistent with the then existing state of the art.

31.    GARLOCK alleges that the condition, packaging, labeling, and other circumstances related to any goods for the condition of which it may be responsible, if any, conformed to the standards of reasonable care applicable in the period of time in which same may have been sold, and

that in all respects GARLOCK'S sale of such goods, if any, conformed to the state of the art prevalent at the time.

32.    The obligations of GARLOCK must be evaluated according to the state-of-the-art pertinent to its particular business position and the state of the law existing at the pertinent time(s).

33.    Alternatively, GARLOCK pleads that the Plaintiff was an experienced user of asbestos-containing products to whom no duty to warn existed.

34.    Alternatively, GARLOCK pleads the risk/utility doctrine; *i.e.*, that the utility of asbestos-containing products for a number of years during the time of the Plaintiff's alleged exposure to asbestos-containing products, outweighed any alleged risks associated with the use of asbestos-containing products, and thus operates as a bar to the Plaintiff's claims.

35.    Alternatively, GARLOCK pleads that during the time of the Plaintiff's alleged exposure to asbestos-containing products, the dangers of exposure to asbestos-containing products became common knowledge within the Plaintiff's trades or professions, at which time GARLOCK owed no duty to warn.

36.    There should be no recovery against this Defendant under any theory of product liability to the extent that such a claim is not recognized under the laws of the state of residence of the Plaintiff.

37.    The Plaintiff's exposure, if any, to GARLOCK'S asbestos-containing products was so minimal as to be insufficient to establish to a reasonable degree of medical or scientific certainty or probability that such exposure was a substantial contributing cause of the injuries and damages complained of.

38.    To the extent the Plaintiff seeks to hold GARLOCK jointly liable with other Defendants for wantonness or other misconduct and to recover punitive damages for such wantonness or other misconduct, the Alabama law permitting such joint liability for punitive damages is unconstitutional as violative of the Fifth and Tenth Amendments to the United States

13

Constitution, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and provisions of the Constitution of Alabama because it permits jury imposition of punitive damages purportedly based on the character and degree of the wrong committed, without in fact assigning to each Defendant a proportionate responsibility for the contribution to the wrong committed.

39.     The Plaintiff was not exposed to any asbestos material through any act or omission of GARLOCK, or if such exposure occurred, which is denied, such exposure was of such insufficient quantities, at such infrequent intervals, for such short periods of time, or under such conditions as to amount to no proximate cause of the Plaintiff's damages, if any, as a matter of law.

40.     The Plaintiff's claims for punitive damages violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a)     It is a violation of the Due Process and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases;

(b)     Procedures pursuant to which punitive damages are awarded may result in an award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against each defendant and/or the defendants which thereby violates the Due Process Clause of the

14

Fourteenth Amendment to the United States Constitution;

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

(e)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thereby violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

(f)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

(g)    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment to the United States Constitution.

41.    An award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law as required by the Fifth and Fourteenth Amendments to the United States Constitution.

42.    The Plaintiff's claims for punitive damages violate the due process clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

(a)    It is a violation of the due process clause to impose punitive damages, which are penal in nature, upon civil defendants upon the Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" standard required

15

in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against each defendant and/or against the defendants;

(c)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e)     The award of punitive damages in this case would constitute a deprivation of property without due process of law.

43.     The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

44.     Defendant alleges affirmatively that the Wrongful Death Act, Ala. Code (1975) §6-5-410, as it applies to joint tortfeasors, is unconstitutional in that it is punitive in nature, yet there is no provision under the law of Alabama for the assessment of punitive damages separately and severally against joint tortfeasors even though the Wrongful Death Act is predicated upon the alleged enormity of the wrong committed by the tortfeasor. Therefore, this Act, as it applies to joint tortfeasors, denies each and every Defendant equal protection of the laws and violates the United States Constitution.

45.     Defendant alleges affirmatively that the Wrongful Death Act violates the Eighth Amendment to the United States Constitution and Article I, Section 15 of the Alabama Constitution in that it allows for the imposition of an excessive fine against joint tortfeasors without any consideration being allowed to be given by the jury to the degree of culpability a defendant had, if any.

46.     The Plaintiff's claims for damages are subject to the limitations contained in <u>Ala.</u> <u>Code</u> (1975) §6-5-544 (non-economic damages), <u>Ala. Code</u> §6-11-3 (structured damages), <u>Ala.</u> <u>Code</u> § 6-11-20 (clear and convincing evidence standard), <u>Ala. Code</u> § 6-11-20 (punitive damages), <u>Ala. Code</u> §§6-11-21(e), 6-11-27, and 12-21-45 (collateral sources), and <u>Ala. Code</u> §12-21-12 (substantial evidence standard), as well as applicable federal and/or state case law limiting damages.

47.     There can be no recovery against GARLOCK based on the Alabama Extended Manufacturer's Liability Doctrine because there is no causal relation between the activities of GARLOCK and the Plaintiff's alleged injuries.

48.     The Plaintiff's claims for damages under the Doctrine of "Market Share" theory of liability, "Enterprise Liability", "Collective Liability" and/or any other theory of liability, however phrased, which are similar to the above theories of liability, are insufficient as a matter of law and said theories of recovery have not been recognized under the laws and statutes of the State of Alabama.

49.     The Plaintiff's claims, if any, based upon a breach of warranty are barred by the applicable statute of limitations in that notice was not provided in accordance with the applicable laws and statutes.

50.     There should be no recovery against GARLOCK under any provision of <u>Ala. Code</u> §6-2-30, 1975, either alone or in conjunction with any other provision of Alabama law, because Section 6-2-30 is unconstitutional as it violates:

     (a)     The Eighth Amendment to the Constitution of the United States;
     (b)     The Fourteenth Amendment to the Constitution of the United States;
     (c)     The Fifth Amendment to the Constitution of the United States;
     (d)     The Tenth Amendment to the Constitution of the United States;
     (e)     Article One, Section Fifteen of the Constitution of Alabama of 1901;
     (f)     Article One, Section Seven of the Constitution of Alabama of 1901; and
     (g)     Article One, Section Thirteen of the Constitution of Alabama of 1901.

51.     Any claims made by the Plaintiff based on the development of an increased fear or

17

increased risk of contracting cancer are due to be dismissed as claims for said damages are not recognized under Alabama law.

52.    If the Plaintiff's alleged asbestos exposure predates the judicial espousement of the Alabama Extended Manufacturer's Liability Doctrine, it is violative of the due process clauses of the state and federal constitutions to apply it to this Defendant in this matter.

53.    Any theory of liability attempting to set forth a civil conspiracy is due to be dismissed as to GARLOCK.

54.    GARLOCK states that the Plaintiff's alleged injuries were caused and/or contributed to, in whole or in part, by material changes or alterations to the original condition of the products initially placed in the stream of commerce by GARLOCK and that GARLOCK had no control over such material changes or alterations.

55.    The Plaintiff failed to mitigate or otherwise act to lessen or reduce the injuries and damages alleged in the Complaint.

56.    The alleged injuries and damages of the Plaintiff, if any, which are strictly denied, resulted from a pre-existing condition, disease, or infirmity for which this Defendant is not liable.

57.    The Plaintiff's claims are preempted by applicable federal law, statutory and regulatory.

58.    The Plaintiff's claims, separately and severally, are barred by the rule of repose.

59.    In the event that the Plaintiff was employed by this Defendant at the time of the alleged injury or damage, this Defendant asserts the exclusivity of the Worker's Compensation laws, and the Fellow Servant Doctrine as bars to the claims herein.

60.    This Defendant avers that if the Plaintiff sustained any injury or damage as alleged, which is strictly denied, that such injury or damage was proximately caused or contributed to by exposure to and inhalation of noxious and deleterious fumes and residues from industrial processes and by-products prevalent on the Plaintiff's job sites, and substances other than those alleged to have been supplied by this Defendant, and by cumulative exposure to all types of environmental industrial

18

pollutants of air and water, and therefore the Plaintiff is not entitled to recover from this Defendant.

61.     To the extent the Plaintiff has received payment from any alleged joint tortfeasor in full satisfaction of any of the alleged injuries or damages, the Plaintiff's Complaint and each claim alleged therein is barred by the defenses of release, payment, satisfaction and accord.

62.     The Plaintiff's claims are barred by the doctrines of collateral estoppel and/or *res judicata*.

63.     This case is due to be dismissed based on the doctrine of *forum non conveniens*.

64.     This Defendant did not act in concert with any other Defendant in this action. Therefore, this Defendant cannot be considered to be a joint tortfeasor with respect to any other Defendant under any theory of law, and may not be held jointly and severally liable with any other Defendant.

65.     To the extent that any claim for relief contained in the complaint seeks to recover damages against this Defendant for alleged acts or omissions of predecessors or successors in interest to this Defendant of any kind or description, said Defendant asserts that it is not legally responsible and cannot legally be held liable for any such acts or omissions. This Defendant further shows that it cannot be held liable for punitive damages and/or exemplary damages which are or may be attributable to the conduct of any such predecessor or successor in interest. Further, this Defendant asserts that the conduct of any predecessor or successor in interest cannot, as a matter of law, provide a legal basis for liability or the imposition of damages against this Defendant.

66.     This action is due to be dismissed or, in the alternative, stayed due to the existence of a prior pending action(s).

67.     GARLOCK denies any tortious act or omission on its part.

68.     There should be no recovery against this Defendant because, as a matter of law, the imposition of liability under the Alabama Extended Manufacturer's Liability Doctrine or under any theory of implied or express warranty, separately or jointly, would operate as an *ex post facto*

imposition of legal liability and duty and thus would violate this Defendant's rights under the Constitutions of the United States and of the State of Alabama.

69.    GARLOCK alleges as a defense any and all other defenses alleged by any other defendant(s) in this case and hereby incorporates each such defense as if fully set out herein to the extent that such defenses support and are consistent with GARLOCK'S position in this case.

s/Gary W. Fillingim
EDWARD B. McDONOUGH, JR. (MCDOE0149)
GARY W. FILLINGIM (FILLG1161)
Attorneys for Defendant,
GARLOCK SEALING TECHNOLOGIES LLC

OF COUNSEL:
EDWARD B. McDONOUGH, JR., P.C.
POST OFFICE BOX 1943
MOBILE, ALABAMA  36633
Telephone:    251-432-3296
Facsimile:    251-432-3300
Email:  EBM@emcdonoughlaw.com
        GWF@emcdonoughlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on 13th day of March 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

s/Gary W. Fillingim
GARY W. FILLINGIM