IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JAMES R. BAIN, et al.,<br>Individually and as representative of the Estate<br>of ROBERT H. HARRISON<br><br>PATRICIA HOLCOMBE, Individually and as<br>Representative of the Estate of JOSEPH<br>JAMES HOLCOMBE SR.,<br><br>WANDA C. MILLER, Individually and as<br>Representative for the Estate of FRANK T.<br>MILLER;<br><br>FRANK E. MARROW;<br><br>EZRA O. SANFORD;<br><br>ROGER SEYMORE;<br><br>LILLIAN H. WILLIAMS, Individually and as<br>Representative of the Estate of MANUEL R.<br>WILLIAMS, SR.<br><br>Plaintiffs<br><br>vs.<br><br>A.O. SMITH ELECTRICAL<br>PRODUCTS COMPANY; a division of<br>A.O. SMITH CORPORATION, et al.<br><br>Defendants. | CIVIL ACTION<br>Case No.<br>2:07-CV-84-WKW |

ANSWER AND DEFENSES OF DEFENDANT,
UNIROYAL FIBER & TEXTILE DIVISION OF UNIROYAL, INC.

COMES NOW Defendant, UNIROYAL FIBER & TEXTILE DIVISION OF UNIROYAL, INC.,

("Uniroyal" or "Defendant"), and answers the Complaint herein as follows:

FIRST DEFENSE

The Complaint fails to state a claim or cause of action against Defendant upon which relief

can be granted.

## SECOND DEFENSE

And now answering the allegations of the Complaint, paragraph by paragraph, Defendant would state as follows:

## COMPLAINT

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies same.

## JURISDICTION

Defendant denies the allegations of Paragraph 1 of the Amended Complaint, insofar as they apply to this Defendant. Insofar as they apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore denies same.

## STATUE OF LIMITATIONS

Defendant denies the allegations of this Paragraph insofar as they apply to this Defendant. Insofar as they apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies same.

## BACKGROUND FACTS - THE PLAINTIFFS

1-11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 1 through 11 and therefore denies same.

## BACKGROUND FACTS - THE DEFENDANTS

12.

Defendant incorporates by reference the defenses and denials previously set forth.

13-82.

Defendant denies the allegations of Paragraphs 13 through 82 of the Complaint insofar as they apply to this Defendant. Insofar as they apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 13 through 82 and therefore denies same.

<u>DEFENDANTS' CONDUCT AND PLAINTIFF'S DECEDENT'S INJURY</u>

83.

Defendant incorporates by reference the defenses and denials previously set forth.

84-88.

Defendant denies the allegations of Paragraphs 84 through 88 of the Complaint insofar as they apply to this Defendant. Insofar as they apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 84 through 88 and therefore denies same.

<u>COUNT ONE</u>

Alabama Extended Manufacturer's Liability Doctrine

89.

Defendant incorporates by reference the defenses and denials previously set forth.

90-93.

Defendant denies the allegations of Paragraphs 90 through 93 of the Complaint, and all subparagraphs therein insofar as they apply to this Defendant. Insofar as they apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 90 through 93 and therefore denies same.

<u>COUNT TWO</u>

NEGLIGENCE AND INTENTIONAL TORT

94.

Defendant incorporates by reference the defenses and denials previously set forth.

95-106.

Defendant denies the allegations of Paragraphs 95 through 106 of the Complaint, and all subparagraphs insofar as they apply to this Defendant. Insofar as they apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 9 through 106 and therefore denies same.

## COUNT THREE

### NEGLIGENCE IN THE COURSE OF EMPLOYMENT

107.

Defendant incorporates by reference the defenses and denials previously set forth.

108-121.

Defendant denies the allegations of Paragraphs 108 through 121 of the Complaint, insofar as they apply to this Defendant. Insofar as they apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 108 through 121 and therefore denies same.

## COUNT FOUR

### FRAUDULENT CONCEALMENT/MISREPRESENTATION/ ALTERATION OF MEDICAL STUDIES/AIDING AND ABETTING CONSPIRACY

122-137.

The allegations contained in paragraphs 122 through 137 of the Complaint, and all subparagraphs therein, do not pertain to this Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations of paragraphs 122 through 137. Insofar as the allegations pertain to other defendants, same are denied for lack of sufficient information to justify a belief therein.

## COUNT FIVE

### PRODUCT LIABILITY, COMBINED AND CONCURRING NEGLIGENCE, INTENTIONAL TORT AND CONSPIRACY

138.

Defendant incorporates by reference the defenses and denials previously set forth.

139-141.

Defendant denies the allegations of Paragraphs 139 through 141 of the Complaint, insofar as they apply to this Defendant. Insofar as they apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 139 through 141 and therefore denies same.

## JURY DEMAND AND AD DAMNUM

WHEREFORE, Defendant demands and moves the Court to dismiss Plaintiff's Complaint herein against it and further says that Plaintiffs are not entitled to recover herein against Defendant as is alleged in said Plaintiff's Complaint. Defendant agrees with Plaintiff's request for a trial before a jury should further action be deemed necessary.

## THIRD DEFENSE

The claims alleged herein against Defendant are barred by the applicable statutes of limitation and, alternatively, by the doctrine of laches.

## FOURTH DEFENSE

The Court lacks jurisdiction over the person and/or property of Defendant.

## FIFTH DEFENSE

The Court lacks jurisdiction over the subject matter of Plaintiff's claims.

## SIXTH DEFENSE

Venue is improper.

## SEVENTH DEFENSE

There is an insufficiency of process and an insufficiency of service of process.

## EIGHTH DEFENSE

The Complaint should be dismissed based on a mis-joinder of parties.

## NINTH DEFENSE

The Complaint should be dismissed based on a mis-joinder of claims.

## TENTH DEFENSE

Plaintiffs or Plaintiffs decedents fraud claims should be dismissed for failure to plead such claims with sufficient particularity, as required by Rule 4 of the Federal Rules of Civil Procedure.

## ELEVENTH DEFENSE

Any product manufactured, sold or supplied by this Defendant was not defective or unreasonably dangerous in that it complied, at all relevant times, with all applicable government safety standards.

## TWELFTH DEFENSE

If it is determined that Plaintiffs or Plaintiffs decedents have made any form of recovery by way of judgement, settlement, or otherwise, for all or any part of the alleged injuries or damages, then Defendant claims the benefit of such recovery by way of setoff, payment, credit, recoupment, accord and satisfaction, or otherwise.

## THIRTEENTH DEFENSE

Defendant denies that it is liable to Plaintiffs or Plaintiffs decedents under the Alabama Extended Manufacturers Liability Doctrine, (AEMLD), and reserves the right to assert any other defense available to Defendant under that doctrine.

## FOURTEENTH DEFENSE

Plaintiffs or Plaintiffs decedents employers, were, upon information and belief, so experienced and sophisticated that no duty to warn existed.

## FIFTEENTH DEFENSE

To the extent that Plaintiffs or Plaintiffs decedents have filed an action in any other Court against some or all of these same Defendants, this action should be dismissed in the interest of judicial economy and so as to prevent double recovery.

## SIXTEENTH DEFENSE

There should be no recovery against this Defendant because the exposure of Plaintiffs or Plaintiffs decedents to this Defendant's products, if any, was de minimus.

## SEVENTEENTH DEFENSE

Defendant states that Plaintiffs or Plaintiffs decedents were not exposed to any asbestos product through any act or omission of this Defendant, and if any such exposure occurred, which is denied, such exposure was of such insufficient quantities or at such time or under such conditions as to not render Defendant liable therefore.

6

## EIGHTEENTH DEFENSE

There should be no recovery against this Defendant because to the extent that this Defendant acted or failed to act, this Defendant's conduct was in keeping with the State of The Medical and Industrial Art as it existed at all pertinent times.

## NINETEENTH DEFENSE

Plaintiffs or Plaintiffs decedents claims are barred by the doctrine of waiver and estoppel.

## TWENTIETH DEFENSE

Plaintiffs or Plaintiffs decedents are barred from bringing this action under the doctrine of res judicata.

## TWENTY-FIRST DEFENSE

Some or all of the issues in the lawsuit have already been litigated and therefore Plaintiffs or Plaintiffs decedents are collaterally estopped from re-litigating those issues.

## TWENTY-SECOND DEFENSE

If the Plaintiffs or Plaintiffs decedents suffered any injuries or damages, as alleged, which is specifically denied, the same resulted from the acts and omissions of persons other than Defendant, for which Defendant is in no way liable. Such acts and omissions constitute an independent, efficient, intervening cause which superseded any alleged legal wrong of Defendant and constitute the sole proximate or legal cause of the injuries and damages, if any, alleged by Plaintiffs or Plaintiffs decedents.

## TWENTY-THIRD DEFENSE

This Defendant adopts and incorporates any and all other defenses raised by any other Defendant in this litigation to the extent that said defenses are not inconsistent with this Defendant's assertion that it is not liable to Plaintiffs or Plaintiffs' decedents for any amount whatsoever.

## TWENTY-FOURTH DEFENSE

There should be no recovery against this Defendant because of any failure to warn or the inadequacy of warnings. Upon information and belief, at all times pertinent to Plaintiffs' claims, said Plaintiffs or Plaintiffs decedents were possessed of or should have been possessed of good and

adequate knowledge which negated any need for said warning and Plaintiffs or Plaintiffs decedents were required to follow specific written safety procedures as established by Plaintiffs' employers which negated the need or requirement for any such warning.

### TWENTY-FIFTH DEFENSE

There should be no recovery against this Defendant for medical expenses incurred in the care, diagnosis or treatment of any injury to Plaintiffs or Plaintiffs decedents, if any. Simply because said Plaintiffs or Plaintiffs decedents employers are obligated under the Workman Compensation Laws of the states of Plaintiffs or Plaintiffs decedents residence to pay for medical expenses which were incurred as a result of this occurrence. Also, because said Plaintiffs or Plaintiffs decedents were entitled to receive benefits from private or public health insurance programs, health benefit plans, union-sponsored or union-provided health benefit plans, or other sources of health benefits which are responsible for the payment of all past, present and future medical expenses.

### TWENTY-SIXTH DEFENSE

Plaintiffs or Plaintiffs decedents misused, abused, abnormally or improperly used some or all of the products referred to in the Complaint, and used them in a manner other than that for which they were intended. Such abuse, or abnormal, improper use proximately caused or contributed to, in whole or in part, the injuries or damages sustained by Plaintiffs or Plaintiffs decedents, if any. Plaintiffs or Plaintiffs decedents failed to observe and use ordinary care and caution for one's own safety, knowing that the products Plaintiffs or Plaintiffs decedents were using could cause damage if misused. Therefore, the proximate cause of Plaintiffs or Plaintiffs decedents injuries or damages, if any, was a direct result of Plaintiffs or Plaintiffs decedents negligence.

### TWENTY-SEVENTH DEFENSE

If the Plaintiffs or Plaintiffs decedents suffered any injuries or damages, as alleged, which is specifically denied, any such claim therefore against Defendant is speculative and no recovery can be awarded to Plaintiffs.

## TWENTY-EIGHTH DEFENSE

Any injuries or damages alleged to have been sustained by Plaintiffs or Plaintiffs decedents were proximately caused or contributed to by the free and voluntary assumption of risk by Plaintiff's decedent.

## TWENTY-NINTH DEFENSE

If Plaintiffs or Plaintiffs decedents worked in a shipyard, to the extent that they did so, any alleged damages or injuries were proximately caused by the negligence of the Department of the Navy, United States of America and/or other governmental entities in issuing the standards and specifications for material and methods of work to be used, specifically requiring the use of asbestos and asbestos-related products in the construction an overhaul of surface ships and submarines.

Moreover, The Department of the Navy and/or other governmental entitled had decades of experience in shipbuilding and/or repair, was well-acquainted with asbestos products and the appropriate methods of handing same, and issued its aforesaid standards and specifications accordingly. If these standards and specifications created and dangerous condition, the Department of the Navy and/or other governmental entities knew or reasonably should have known of such damages and should have educated and warned the workers.  Said failure to do so was indeed the proximate cause of their alleged injuries and damages.

## THIRTIETH DEFENSE

Plaintiffs or Plaintiffs decedents failed to mitigate the damages, if any.

## THIRTY-FIRST DEFENSE

If Plaintiffs or Plaintiffs decedents sustained any injuries or damages, which is denied, then such injuries or damages were proximately caused or contributed to by exposure to or inhalation of noxious and deleterious fumes and residues from industrial products and by-products prevalent on his job sites and substances not legally connected to this Defendant, and by cumulative exposure to all types of environmental and industrial pollutants of air and water.

## THIRTY-SECOND DEFENSE

It was the duty of Plaintiffs or Plaintiffs decedents employers and not this Defendant to furnish Plaintiffs or Plaintiffs' decedents with reasonably safe places within which to work, including all necessary and adequate warnings and safety appliances to safeguard Plaintiffs or Plaintiffs decedents. Also, if Plaintiffs or Plaintiffs decedents received any injuries and damages, which is denied, then failure of Plaintiffs or Plaintiffs' decedents' employers in their duty toward Plaintiffs or Plaintiffs' decedents were the sole proximate cause of any such injury or damage, if any, or, in the alternative was such an intervening cause as to relieve this Defendant from any liability to Plaintiffs or Plaintiffs' decedents.

## THIRTY-THIRD DEFENSE

As to any and all alleged breach of warranties, Defendant would show that Plaintiffs or Plaintiffs decedents are not a third party beneficiary of any express or implied warranties. Such claims are barred because of the following;

    A.    The Plaintiffs or Plaintiffs' decedents were not in privity with this Defendant;

    B.    Plaintiffs and/or Plaintiffs' decedents failed to give Defendant notice of any alleged breach of warranty within a reasonable period of time;

    C.    Any such unfulfilled warranties deemed to have been made by Defendant is entitled to a credit in the amount of said settlement:

## THIRTY-FOURTH DEFENSE

To the extent that Plaintiffs or Plaintiffs' decedents exposure to asbestos products that have a legal connection to Defendant, if any, occurred during any stage of the performance of a military government contract, the asbestos products legally connected with Defendant, if there were any, were manufactured, distributed, or otherwise furnished in accordance with reasonably precise specifications of the United States Government, of which Defendant made all disclosures necessary to avail itself of the military specifications and government contractors defense, which operates to grant immunity from said claims to Defendant.  Defendant.

## THIRTY-FIFTH DEFENSE

The obligations of Defendant with regard to any asbestos products allegedly having a legal connection with it must be evaluated according to the State of the Medical and Industrial Art and the laws of the state, existing at the pertinent time. This Defendant invokes all state-of-the-art defenses applicable to Plaintiffs or Plaintiffs decedents claims.

## THIRTY-SIXTH DEFENSE

Any award of punitive damages to Plaintiffs or Plaintiffs' decedents would be an unconstitutional violation of the provisions of the United States Constitution, including but not limited to the following;

- A. The Due Process and Double Jeopardy Clauses of the Fifth Amendment;
- B. The Excessive Fines Clause of the Eighth Amendment;
- C. The right to a Trial by Jury Clause of the Seventh Amendment;
- D. The Due Process and Equal Protection Clauses of the Fourteenth Amendment, Article One, Section Fifteen of the Constitution of Alabama of 1901;
- E. Article One, Section Seven of the Constitution of Alabama of 1901. Further, any award of punitive damages would be penal in nature:

## THIRTY-SEVENTH DEFENSE

Plaintiffs or Plaintiffs' decedents does not have a cause of action against this Defendant for either implied warranty or strict liability under the laws of the state of Alabama. Therefore, such claims are barred.

## THIRTY-EIGHTH DEFENSE

The Complaint fails to name indispensable parties and, therefore, must be dismissed or, alternatively, this civil action should be stayed pending other appropriate relief by the Court.

## THIRTY-NINTH DEFENSE

To the extent that Plaintiffs or Plaintiffs' decedents were ever employed by Defendant, then the sole remedy of Plaintiffs or Plaintiffs' decedents is under and pursuant to the Workman Compensation Laws of this state or the state of residency of the Plaintiffs or Plaintiffs' decedents.

The Workman Compensation Laws acts as a bar to preclude any action by Plaintiffs or Plaintiffs' decedents against Defendant.

### FORTIETH DEFENSE

There should be no recovery against Defendant based on the Alabama Extended Manufacturer's Liability Doctrine, because any culpable conduct of Defendant, the existence of which is strenuously denied, occurred prior to the recognition of the Alabama Extended Manufacturer's Liability Doctrine.

Any attempt to impose liability upon Defendant for conduct which occurred prior to the recognition of this doctrine would violate, separately and jointly, the Fifth and Tenth Amendments of the Constitution of the United States and Article One, Section Seven of the Constitution of Alabama of 1901.

Moreover, there is no causal relation between the activities of Defendant and the injuries to Plaintiffs or Plaintiffs' decedents of which Plaintiffs now complains.

### FORTY-FIRST DEFENSE

There should be no recovery against Defendant under any claim based on implied or expressed warranty if said claims are said to arise under the Uniform Commercial Code of Alabama, to the extent that the defendant's contractual obligations occurred prior to the enactment of said statutes.  The imposition of such liability would violate the following;

- A. The Fifth Amendment of the Constitution of the United States;
- B. The Tenth Amendment of the Constitution of the United States;
- C. The Fourteenth Amendment of the Constitution of the United States and
- D. Article One, Section Seven of the Constitution of Alabama of 1901:

### FORTY-SECOND DEFENSE

There should be no recovery against Defendant because, as a matter of law, the imposition of liability under the Alabama Extended Manufacturer's Liability Doctrine or under any theory of implied or expressed warranty, separately or jointly, would operate as an ex-post-facto imposition of legal liability and duty and thus would violate Defendant's constitutional rights under;

12

- A. The Fifth Amendment of the Constitution of the United States;
- B. The Eighth Amendment of the Constitution of the United States;
- C. The Tenth Amendment of the Constitution of the United States;
- D. The Fourteenth Amendment of the Constitution of the United States;
- E. Article One, Section Fifteen of the Constitution of Alabama of 1901;
- F. Article One, Section Seven of the Constitution of Alabama of 1901;
- G. Such an imposition of liability and/or duty operates as an ex-post-fact law and expressed violation of the United States Constitution;
- H. The retrospective application of the Alabama Extended Manufacturer's Liability Doctrine to impose a legal duty and/or liability without notice would be an act which is an expressed contravention of the Fifth and Fourteenth Amendments of the United States Constitution and
- I. To the extent that recovery is awarded and money actually paid by this Defendant, this Defendant would be deprived of its property, without due process of law, and there would be an expressed violation of the Fifth and Fourteenth Amendments of the Constitution of the United States:

### FORTY-THIRD DEFENSE

There should be no recovery against Defendant under any provision of Section 6-2-30, Code of Alabama, 1975, either alone or in conjunction with any other provision of Alabama Law, because Section 6-2-30 is unconstitutional as it violates the following;

- A. The Fifth Amendment of the Constitution of the United States;
- B. The Eighth Amendment of the Constitution of the United States;
- C. The Tenth Amendment of the Constitution of the United States;
- D. The Fourteenth Amendment of the Constitution of the United States;
- E. Article One, Section Fifteen of the Constitution of Alabama of 1901;
- F. Article One, Section Seven of the Constitution of Alabama of 1901 and
- G. Article One, Section Thirteen of the Constitution of Alabama of 1901:

## FORTY-FOURTH DEFENSE

There should be no recovery against Defendant under any theory of enterprise liability, concert of action or alternative liability because such theories of recovery are not recognized under the laws of the State of Alabama.

## FORTY-FIFTH DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiffs will be violative of the constitutional safeguards provided to this Defendant under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States and that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact, without standards and is not rationally related to legitimate interests.

## FORTY-SIXTH DEFENSE

Plaintiffs or Plaintiffs' decedents claims of punitive damages violates the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States Article I, Section 6 of the Constitution of the State of Alabama on the following grounds;

- A. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

- B. The procedure pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrong doing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

- C. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against this defendant which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

D. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

E. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar act and thus, violate the Dual Protection Clause of the Fourteenth Amendment of the United States Constitution;

F. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

### FORTY-SEVENTH DEFENSE

Plaintiffs or Plaintiffs decedents claims of punitive damages violate the due Process Clause of Article I, Section 6 of the Constitution of the State of Alabama on the following grounds;

A. It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the Plaintiffs' satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

B. The procedures pursuant to which punitive damages are awarded fail to provide a limit to the amount of the award against this Defendant;

C. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague and not rationally related to legitmate government interest;

D. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

E. The award of punitive damages in this case, constitutes a deprivation of property without due process of law;

F. It is a violation of the Due Process Clause to impose punitive damages against this

Defendant, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents of evidence.

### FORTY-EIGHTH DEFENSE

Defendant pleads the general issues.

### FORTY-NINTH DEFENSE

Defendant pleads notice to Plaintiffs or Plaintiffs' decedents employers are in accordance with *Vines v. Beloit Corp.*, 631 So. 2d 1003 (Ala. 1994)

### FIFTIETH DEFENSE

Defendant asserts that there is no causal connection or relationship between any alleged negligence or defect on the part of Defendant and Plaintiffs or Plaintiffs' decedents injuries or damages.

### FIFTY-FIRST DEFENSE

Alabama law regarding joint and several liability in constitutionally void as to this Defendant as applied to the facts and circumstances in this case and that;

A. It operates to create an arbitrary and capricious method and manner for the jury's assessment and determination of damages without regard to the quality and quantity of the culpable ability of other defendants joining one action;

B. It operates to deny this defendant a fair opportunity to have a jury assess damages based on this Defendant's own culpability for negligence and/or wantonness, which cannot be segregated from allegation of negligence and/or wantonness against other defendants joined as one in this action.

### FIFTY-SECOND DEFENSE

That in failing to provide for joint contribution and apportionment of damages among defendants;

A. It deprives this Defendant of property without due process of law contrary to the Fifth and Fourteenth Amendments of the United States Constitution and specifically to those portions thereof prohibiting any state from depriving any person or property without due process of law; and

B. Separately, if deprives this Defendant of property without due process of law contrary to Article I, Section 6 of the Constitution of the State of Alabama. Providing insofar as here germane that no person shall be deprived of property except by due process of law with the result that Plaintiffs or Plaintiffs' decedents is not entitled to recover in this case this Defendant for damages based on the evidence of negligence and wantonness of other defendants.

### FIFTY-THIRD DEFENSE

Defendant denies that its products were dangerous when used in a reasonable and foreseeable manner, and for their intended use.

ACCORDINGLY, Defendant demands that the Complaint be dismissed as against it with all costs assessed to Plaintiffs.

Respectfully submitted,

/s/ James G. House
CRAIG E. BRASFIELD, MSB#4340
ALISON E. O'NEAL, MSB#101232
JAMES G. HOUSE, III., AL(STATE) HOU012
DONALD C. PARTRIDGE AL(STATE) PAR028

ATTORNEYS FOR UNIROYAL FIBER & TEXTILE DIVISION OF UNIROYAL, INC.,

OF COUNSEL:

FORMAN PERRY WATKINS KRUTZ & TARDY, LLP
SUITE 200, ONE JACKSON PLACE
188 EAST CAPITOL STREET
POST OFFICE BOX 22608
JACKSON, MS 39225-2608
(601) 960-8600

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing ANSWER OF UNIROYAL FIBER & TEXTILE DIVISION OF UNIROYAL, INC., TO PLAINTIFFS' COMPLAINT was served on the 13th day of June 2007, upon the attached counsel for Plaintiffs by United States first-class mail, postage prepaid.

THIS, the 13th day of June, 2007.

CRAIG E. BRASFIELD
ALISON E. O'NEAL
JAMES G. HOUSE, III.,
DONALD C. PARTRIDGE