IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

JAMES R. BAIN, et al.,

    Plaintiffs,

vs.

ASBESTOS DEFENDANTS:
A. O. SMITH ELECTRICAL PRODUCTS
COMPANY, a division of A.O. SMITH
CORPORATION, et al.,

    Defendants.
_____/

CIVIL ACTION NO.
2:07-CV-84-WKW-TFM

**ANSWER OF DEFENDANT BAYER CROPSCIENCE, INC. F/K/A AVENTIS CROPSCIENCE USA, INC. (F/K/A RHONE POULENC AG COMPANY, INC. F/K/A RHONE POULENC, INC., F/K/A UNION CARBIDE AGRICULTURAL PRODUCTS, INC. F/K/A AMCHEM PRODUCTS, INC., A SUCCESSOR TO BENJAMIN FOSTER COMPANY), TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Bayer CropScience, Inc. f/k/a Aventis CropScience USA, Inc. (f/k/a Rhone Poulenc AG Company, Inc. f/k/a Rhone Poulenc, Inc., f/k/a Union Carbide Agricultural Products, Inc. f/k/a Amchem Products, Inc., a successor to Benjamin Foster Company), (hereinafter referred to as "Defendant"), and responds to Plaintiff's Complaint as follows, and further demands trial by jury:

**FIRST DEFENSE**

The Complaint fails to state a claim against this Defendant upon which relief may be granted.

**SECOND DEFENSE**

This Court lacks in personam jurisdiction over this Defendant. In particular, there is no showing of any nexus between Plaintiffs'/Plaintiffs' decedents' alleged injuries and this Defendant's activities in the State of Alabama.

**THIRD DEFENSE**

This action is barred by the statute of limitations of Alabama or the applicable statute of limitations of any state where Plaintiffs/Plaintiffs' decedents lived or worked.

**FOURTH DEFENSE**

This action is barred by the applicable statute of repose of Alabama or the applicable statute of repose and Rule of Repose of any state where Plaintiffs/Plaintiffs' decedents lived or worked.

**FIFTH DEFENSE**

This Defendant alleges that it is entitled to the benefit of any workers' compensation laws, including the Alabama Workers' Compensation Act, the Longshoremen's and Harbor Workers' Compensation Act, and the workers' compensation law of any other state where Plaintiffs/Plaintiffs' decedents may have worked, with respect to immunity or offset for payments received by Plaintiffs.

**SIXTH DEFENSE**

This action is barred in whole or in part by the doctrine of contributory or comparative negligence.

**SEVENTH DEFENSE**

Contact with or use by Plaintiffs/Plaintiffs' decedents of any asbestos-containing products supplied, sold or manufactured by this Defendant was not a substantial contributing cause of Plaintiffs'/Plaintiffs' decedents' alleged injuries.

**EIGHTH DEFENSE**

This action is barred in whole or in part by the doctrine of shifting responsibility.

**NINTH DEFENSE**

This action cannot be maintained on substantive or jurisdictional statutes or legal theories which did not exist prior to the dates on which Plaintiffs/Plaintiffs' decedents used this Defendant's products, in that such statutes are inapplicable to this action, and in that the application of such legal theories to this action would be unconstitutionally retroactive.

**TENTH DEFENSE**

At all times relevant hereto, this Defendant was in full compliance with the standards and/or specifications issued by the United States Government with respect to asbestos-containing products. These standards and/or specifications required the use of asbestos. Therefore, this action is barred in whole or in part because this Defendant, in supplying any products allegedly contacted by Plaintiffs/Plaintiffs' decedents, relied upon the specifications of the United States Government or other governmental entities regarding the composition of said products.

**ELEVENTH DEFENSE**

This action is barred in whole or in part because this Defendant reasonably relied upon the care and skill of Plaintiffs'/Plaintiffs' decedents' employers or labor unions, and/or other learned intermediaries.

**TWELFTH DEFENSE**

This action is barred in whole or in part because this Defendant reasonably relied upon the state of the medical and scientific art at the time its products were produced. As such, this Defendant had no reason to know the potentially dangerous effect of prolonged exposure to asbestos, and therefore, had no duty to warn.

**THIRTEENTH DEFENSE**

Plaintiffs' Complaint fails to state a cause of action against this Defendant as succeeding to the debts and liabilities of any other manufacturer of asbestos-containing insulation products. Similarly, Plaintiffs' Complaint fails to state a cause of action for punitive damages arising from the activities of any predecessor corporation.

**FOURTEENTH DEFENSE**

This Defendant is not a joint tortfeasor with any other Defendant herein, and, accordingly, this Defendant may not be jointly and severally liable with other Defendants.

**FIFTEENTH DEFENSE**

To the extent that various Defendants have concluded, or may conclude, settlements with Plaintiffs, this Defendant is entitled to a setoff for any amount paid or to be paid.

**SIXTEENTH DEFENSE**

This action fails to name as a Defendant a potentially indispensable party to the litigation, to-wit: That collection of companies known as the "Manville Group."

**SEVENTEENTH DEFENSE**

This Defendant asserts that Plaintiffs' claims are or may be barred or otherwise limited or affected by the application of provisions of the law or statutes of states other than

the State of Alabama where Plaintiffs'/Plaintiffs' decedents' alleged exposure may have occurred.

### EIGHTEENTH DEFENSE

Plaintiffs' claims against this Defendant should be denied by reason of the sophisticated commercial user/learned intermediary doctrines since Plaintiffs'/Plaintiffs' decedents' employers were so experienced and sophisticated with regard to asbestos-containing products that no duty to warn existed. The knowledge of Plaintiffs'/Plaintiffs' decedents' employers regarding the potential hazards of asbestos was equal to or superior to that of this Defendant, and, therefore, this Defendant had no duty to warn Plaintiffs/Plaintiffs' decedents as employees of sophisticated commercial purchasers/users which furnished asbestos-containing products to their employees for their use, were aware of the possible health hazards associated with the use of such products and were under a duty to warn their employees thereof.

### NINETEENTH DEFENSE

There is a lack or insufficiency of service of process upon this Defendant and the case should be dismissed as to it.

### TWENTIETH DEFENSE

Plaintiffs' claims are barred by reason of accord and satisfaction.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred by the common law defense of forum non conveniens. The court should exercise its inherent authority to dismiss this case for the convenience of the parties and in the interests of justice, for refiling in the proper forum, where adequate legal remedy exists.

The most appropriate forum for this action is the MDL and the TAG ALONG ACTION has been sent to the MDL for filing.

### TWENTY-SECOND DEFENSE

This Defendant further pleads that there should be no recovery against it, because at the time and place of the alleged injuries, Plaintiffs/Plaintiffs' decedents assumed the alleged risk of working with and/or around asbestos or asbestos-containing materials and, therefore, Plaintiffs may not recover from this Defendant.

### TWENTY-THIRD DEFENSE

This Defendant pleads that Plaintiffs' claims are barred by laches.

### TWENTY-FOURTH DEFENSE

This Defendant denies that Plaintiffs have a cause of action against it based upon the Alabama Extended Manufacturers' Liability Doctrine.

### TWENTY-FIFTH DEFENSE

There should be no recovery against this Defendant because the conduct of Plaintiffs/Plaintiffs' decedents constituted abuse and misuse of the product so as to substantially change the condition of the product prior to their injury.

### TWENTY-SIXTH DEFENSE

There should be no recovery against this Defendant under any theory of strict liability because such a claim is not recognized under the law of the State of Alabama.

### TWENTY-SEVENTH DEFENSE

There should be no recovery of punitive damages against this Defendant because such a recovery would violate, jointly and individually: Amendment Eight of the Constitution of the United States, Amendment Fourteen of the Constitution of the United

States, the Fifth Amendment of the Constitution of the United States, the Tenth Amendment of the Constitution of the United States, Article One, Section Fifteen of the Constitution of Alabama of 1901, Article One, Section Seven of the Constitution of Alabama of 1901, and the Federal common law.

### TWENTY-EIGHTH DEFENSE

There should be no recovery against this Defendant because, to the extent that this Defendant acted or failed to act, this Defendant's conduct was in keeping with the State of the Art as it existed at all pertinent times.

### TWENTY-NINTH DEFENSE

This Defendant is entitled to a set-off of all amounts paid to Plaintiffs by other defendants pursuant to pro tanto settlements. And this Defendant pleads as a credit any and all sums of money paid to Plaintiffs by any other party or entity arising out of the claims made the basis of this suit.

### THIRTIETH DEFENSE

An award of punitive damages should be denied because such an award would be an excessive fine which is strictly prohibited by both the Alabama and United States Constitutions.

### THIRTY-FIRST DEFENSE

This Defendant incorporates by reference any affirmative defenses raised by any other Defendant in this cause.

**THIRTY-SECOND DEFENSE**

Any allegation not specifically responded to in Plaintiffs' Complaint is herewith specifically denied.

**THIRTY-THIRD DEFENSE**

This Defendant answers Plaintiffs' Complaint filed against it paragraph by paragraph as follows:

**JURISDICTION**

The allegations of Plaintiffs' Complaint contained herein constitute conclusions of law to which no response is required but, to the extent a response is deemed necessary, said allegations, as they pertain to this Defendant, are denied, particularly the allegations that Plaintiffs are entitled to damages from this Defendant in any amount or for any reason whatsoever.

**STATUTE OF LIMITATIONS**

The allegations of Plaintiffs' Complaint contained herein constitute conclusions of law to which no response is required but, to the extent a response is deemed necessary, said allegations, as they pertain to this Defendant, are denied.

**BACKGROUND FACTS – THE PLAINTIFFS**

1-11.

Defendant lacks sufficient information regarding Plaintiffs'/Plaintiffs' decedents' employment history to respond to the allegations in Paragraphs One (1) through Eleven (11), inclusive, of Plaintiffs' Complaint, and, therefore, can neither admit nor deny these allegations. To the extent that the remaining allegations of Paragraphs One (1) through Eleven (11), inclusive, of Plaintiffs' Complaint are intended to pertain to this Defendant,

these allegations are denied as they pertain to this Defendant, particularly any allegation that Plaintiffs/Plaintiffs' decedents suffered injuries as a result of any conduct of this Defendant.

## BACKGROUND FACTS – THE DEFENDANTS

12.

This Defendant incorporates by reference each and every answer, response and defense heretofore set forth to all of the allegations of the preceding paragraphs of Plaintiffs' Complaint as if the same had been restated herein.

13-14.

The allegations of Paragraphs Thirteen (13) through Fourteen (14), inclusive, of Plaintiffs' Complaint contain statements of fact to which no response is required but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

15-22.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraphs Fifteen (15) through Twenty-Two (22), inclusive, of Plaintiffs' Complaint, and, therefore, can neither admit nor deny said allegations.

23.

Responding to the allegations of Paragraph Twenty-Three (23) of Plaintiffs' Complaint, this Defendant admits only that it is a corporation incorporated in a State other than Alabama with its principal place of business in a State other than Alabama. All other allegations set forth or implied in Paragraph Twenty-Three (23) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

24-74.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraphs Twenty-Four (24) through Seventy-Four (74), inclusive, of Plaintiffs' Complaint, and, therefore, can neither admit nor deny said allegations.

75-78.

The allegations of Paragraphs Seventy-Five (75) through Seventy-Eight (78), inclusive, of Plaintiffs' Complaint contain statements of fact to which no response is required but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

79.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph Seventy-Nine (79) of Plaintiffs' Complaint, and, therefore, can neither admit nor deny said allegations.

80.

The allegations of Paragraphs Eighty (80) of Plaintiffs' Complaint contain statements of fact to which no response is required but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

81.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph Eighty-One (81) of Plaintiffs' Complaint, and, therefore, can neither admit nor deny said allegations.

82.

The allegations of Paragraph Eighty-Two (82) of Plaintiffs' Complaint, including all subparts thereof, constitute conclusions of law to which no response is required but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

### DEFENDANTS' CONDUCT AND PLAINTIFF'S DECEDENT'S INJURY

83.

This Defendant incorporates by reference each and every answer, response and defense heretofore set forth to all of the allegations of the preceding paragraphs of Plaintiffs' Complaint as if the same had been restated herein.

84.

The allegations of Paragraph Eighty-Four (84) of Plaintiffs' Complaint constitute conclusions of law to which no response is required but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

85.

The allegations of Paragraph Eighty-Five (85) of Plaintiffs' Complaint contain statements of fact to which no response is required but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

86.

This Defendant denies the allegations contained in Paragraph Eighty-Six (86) of Plaintiffs' Complaint as they pertain to this Defendant.

87-88.

The allegations of Paragraphs Eighty-Seven (87) through Eighty-Eight (88) inclusive, of Plaintiffs' Complaint, including all subparagraphs thereof, constitute conclusions of law to which no response is required but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant, particularly the allegations that Plaintiffs/Plaintiffs' decedents suffered injuries as a result of any conduct of this Defendant.

## COUNT ONE

### Alabama Extended Manufacturer's Liability Doctrine

89.

This Defendant incorporates by reference each and every answer, response and defense heretofore set forth to all of the allegations of the preceding paragraphs of Plaintiffs' Complaint as if the same had been restated herein.

90-93.

The allegations of Paragraphs Ninety (90) through Ninety-Three (93), inclusive, of Plaintiffs' Complaint, including all subparagraphs thereof, constitute conclusions of law to which no response is required but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant, particularly the allegations that Plaintiffs/Plaintiffs' decedents suffered injuries as a result of any conduct of this Defendant.

## COUNT TWO

### Negligence and Intentional Tort

94.

This Defendant incorporates by reference each and every answer, response and defense heretofore set forth to all of the allegations of the preceding paragraphs of Plaintiffs' Complaint as if the same had been restated herein.

95-106.

The allegations of Paragraphs Ninety-Five (95) through One Hundred Six (106), inclusive, of Plaintiffs' Complaint, including all subparts thereof, constitute conclusions of law to which no response is required but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant, particularly the allegations that Plaintiffs/Plaintiffs' decedents suffered injuries as a result of any conduct of this Defendant.

## COUNT THREE

### Negligence in the course of employment

107.

This Defendant incorporates by reference each and every answer, response and defense heretofore set forth to all of the allegations of the preceding paragraphs of Plaintiffs' Complaint as if the same had been restated herein.

108-121.

The allegations of Paragraphs One Hundred Eight (108) through One Hundred Twenty-One (121), inclusive, of Plaintiffs' Complaint constitute conclusions of law to which no response is required but, to the extent a response is deemed necessary, said

allegations are denied as they pertain to this Defendant, particularly the allegations that Plaintiffs/Plaintiffs' decedents suffered injuries as a result of any conduct of this Defendant.

## COUNT FOUR

### Fraudulent Concealment/Misrepresentation/Alteration of Medical Studies/Conspiracy/Aiding and Abetting Conspiracy

122..

This Defendant denies the allegations contained in Paragraph One Hundred Twenty-Two (122) of Plaintiffs' Complaint as they pertain to this Defendant.

123.

This Defendant denies the allegations contained in Paragraph One Hundred Twenty-Three (123) of Plaintiffs' Complaint as they pertain to this Defendant, particularly the allegations that Plaintiffs/Plaintiffs' decedents suffered injuries as a result of any conduct of this Defendant.

124-137.

Paragraphs One Hundred Twenty-Four (124) through One Hundred Thirty-Seven (137), inclusive, of Plaintiffs' Complaint, including all subparagraphs thereof, contain no allegations against this Defendant and concern matters about which this Defendant has insufficient knowledge to answer. To the extent that the allegations of Paragraphs One Hundred Twenty-Four (124) through One Hundred Thirty-Seven (137), inclusive, and their subdivisions are intended to pertain to this Defendant, these allegations are denied as they pertain to this Defendant, particularly any allegation that Plaintiffs/Plaintiffs' decedents suffered injuries as a result of any conduct of this Defendant or that Plaintiffs are entitled to damages from this Defendant in any amount or for any reason whatsoever.

## COUNT FIVE

### Product Liability, Combined and Concurring Negligence, Intentional Tort and Conspiracy

138.

This Defendant incorporates by reference each and every answer, response and defense heretofore set forth to all of the allegations of the preceding paragraphs of Plaintiffs' Complaint as if the same had been restated herein.

139-140.

The allegations of Paragraphs One Hundred Thirty-Nine (139) through One Hundred Forty (140), inclusive, of Plaintiffs' Complaint constitute conclusions of law to which no response is required but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant, particularly the allegations that Plaintiffs/Plaintiffs' decedents suffered injuries as a result of any conduct of this Defendant.

141.

The allegations of Paragraph One Hundred Forty-One (141) of Plaintiffs' Complaint constitute conclusions of law to which no response is required but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

### JURY DEMAND AND AD DAMNUM

This Defendant denies the allegations contained in the Jury Demand and Ad Damnum Paragraph of Plaintiffs' Complaint as they pertain to this Defendant, particularly the allegations that Plaintiffs are entitled to damages from this Defendant in any amount or for any reason whatsoever.

WHEREFORE, Defendant Bayer CropScience, Inc. f/k/a Aventis CropScience USA, Inc. (f/k/a Rhone Poulenc AG Company, Inc. f/k/a Rhone Poulenc, Inc., f/k/a Union Carbide Agricultural Products, Inc. f/k/a Amchem Products, Inc., a successor to Benjamin Foster Company), respectfully moves for this Court to dismiss this action against this Defendant and tax costs against Plaintiffs.

Respectfully submitted this _14___ day of June, 2007.

**HAWKINS & PARNELL, LLP**

s/ Stephen Christopher Collier
_____
Evelyn M. Fletcher
AL Bar No. ASB-1485-C19E
Elizabeth B. Padgett
Alabama Bar No. ASB-8936-C60P
Counsel for Bayer CropScience, Inc.
f/k/a Aventis CropScience USA, Inc.
(f/k/a Rhone Poulenc AG Company,
Inc. f/k/a Rhone Poulenc, Inc., f/k/a
Union Carbide Agricultural Products,
Inc. f/k/a Amchem Products, Inc., a
successor to Benjamin Foster
Company)

4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA  30308-3243
404/614-7400

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

JAMES R. BAIN, et al.,

       Plaintiffs,

vs.

ASBESTOS DEFENDANTS:
A. O. SMITH ELECTRICAL PRODUCTS
COMPANY, a division of A.O. SMITH
CORPORATION, et al.,

       Defendants.
_____/

CIVIL ACTION NO.
2:07CV-84-WKW-TFM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this date served the foregoing Answer with the CM/ECF system. I also certify that a copy of the foregoing has been furnished to Plaintiffs' counsel, G. Patterson Keahey, Jr., Esq.

This ___14_ day of June, 2007.

       **HAWKINS & PARNELL, LLP**

       s/ Stephen Christopher Collier
       _____
       Evelyn M. Fletcher
       AL Bar No. ASB-1485-C19E
       Elizabeth B. Padgett
       Alabama Bar No. ASB-8936-C60P

       Counsel for Bayer CropScience, Inc.
       f/k/a Aventis CropScience USA, Inc.
       (f/k/a Rhone Poulenc AG Company,
       Inc. f/k/a Rhone Poulenc, Inc., f/k/a
       Union Carbide Agricultural Products,
       Inc. f/k/a Amchem Products, Inc., a

                                                      successor to Benjamin Foster Company)

4000 SunTrust Plaza  
303 Peachtree Street, N.E.  
Atlanta, GA  30308-3243  
404/614-7400