**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

January 23, 2008

# NOTICE OF CORRECTION

**From:**              Clerk's Office

**Case Style:**        James R. Bain, et al. v. A. O. Smith Electrical Products, et al.

**Case Number:**       #2:07-cv-00084-WKW

**Referenced Document:** Document #198
                        Motion to Dismiss for Failure to Comply with FRCP 4(m), etc.

**This notice has been docketed to enter the corrected pdf of the referenced document into the record. The original pdf did not contain a signature nor a date on the certificate of service. The corrected pdf is attached to this notice.**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)                    MDL DOCKET NO. 875

**This Document Relates To:**
JAMES R. BAIN, et al. vs.
A. O. SMITH ELECTRICAL
PRODUCTS, ET AL.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JAMES R. BAIN, ET AL. | ) |
| | ) |
| PLAINTIFFS | ) |
| | ) CIVIL ACTION NUMBER: |
| VS. | ) 2:07CV84-MHT |
| | ) |
| A. O. SMITH ELECTRICAL | ) |
| PRODUCTS, ET AL. | ) |
| | ) |
| DEFENDANTS | ) |

**BP AMERICA'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH
RULE 4(m) OF THE FEDERAL RULES OF CIVIL PROCEDURE,
OR IN THE ALTERNATIVE MOTION TO DISMISS PURSUANT TO FEDERAL RULE
OF CIVIL PROCEDURE 12(b)(6), OR IN THE ALTERNATIVE MOTION FOR MORE
DEFINITE STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE
12(e); AND MOTION TO REQUIRE PARTICULARITY PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 9(b)**

Defendant BP America, Inc. [hereinafter BP], by and through its attorneys of record, Forman

Perry Watkins Krutz & Tardy LLP, and would move this Honorable Court as follows:

1.  Federal Rule of Civil Procedure 4(m) provides that if a party cannot show good cause why

service was not had upon a defendant within one hundred twenty (120) days after the filing of the complaint that the action shall be dismissed.

2.  The complaint in this cause was filed on January 29, 2007. A copy of the complaint is attached hereto as Exhibit "A."

3.  The summons was issued by the court on January 11, 2008, some three hundred forty-seven (347) days after the filing of the complaint. A copy of the summons and complaint was served on BP by certified mail from the attorney for the plaintiffs on January 15, 2008, three hundred fifty-one (351) days after the filing of the complaint. A copy of the summons and acknowledgment is attached hereto as Exhibit "B."

4.  Pursuant to Fed. R. Civ. P. Rule 4(m), this action should be dismissed as to BP for Plaintiffs' failure to serve this Defendant with the summons and complaint within one hundred twenty (120) days after filing of the complaint. Dismissal without prejudice is proper if service of summons and complaint is not effectuated within one hundred twenty (120) days after filing of the complaint and no good cause for lack of service is shown.

5.  Good cause has not and cannot be shown as to why service was not had upon BP within one hundred twenty (120) days after filing of the Complaint.

6.  BP reserves all defenses it may have in this cause, and the filing of this Motion to Dismiss shall not be considered a waiver thereof.

WHEREFORE, PREMISES CONSIDERED, BP America, Inc. moves this Honorable Court to dismiss this claim with all costs assessed to plaintiffs.

In the alternative:

7. BP submits that the allegations of the Complaint filed in this matter, a copy of which is attached as Exhibit "A," fails to state a claim upon which relief can be granted.

8. Specifically, the Complaint fails to allege which specific products manufactured, distributed or "contracted" by which particular Defendant to which the Plaintiffs and/or Plaintiffs' decedents were allegedly exposed, at which particular worksite(s) during which time period(s) of their approximately seventy-three (73) year work histories.

9. Moreover, no specific allegations are made against any particular Defendant, rather the Complaint broadly alleges that the Defendants were negligent, grossly negligent or otherwise manufactured defective products. Plaintiffs' Complaint in this matter consists of nothing more than a series of conclusory allegations of law. *See* Complaint at paragraphs 74 - 124. It is well-established that such allegations should be dismissed for failure to state a claim. See *Spain v. Brown & Williamson Tobacco Corp.*, 872 So. 2d 101, 124 (Ala. 2003) ("Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.") (citing *Next Century Communications Corp. v. Ellis*, 318 F. 3d 1023, 1025 (11th Cir, 2003)); *Marsh v. Butler County, Ala.*, 268 F 3d 1014, 1036, n. 16 (11th Cir. 2001) ("in light of the usual pleading requirements of Federal Rules of Civil Procedure 8(a), unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.")

As Judge Bowdre explained in *Sidney S. Chancelor, et al. v. Air Liquide America Corp., et al.*,

in the United States District Court for the Northern District of Alabama, Southern Division, Civil Action No.: CV-04-BE-2554-S, where:

> ... the Complaint alleges generally that different groups of Defendants negligently manufactured equipment, failed to inform of possible danger, etc., the Complaint forces the defendants to guess what they each may have done to injure the plaintiffs, and when, where or how. All seventy-five defendants must therefore answer with abandon, pleading every conceivable affirmative defense simultaneously risking the possibility that they may inadvertently fail to plead the one good defense relevant to whatever as-yet-unknown specific claims against them discovery may reveal.

Exhibit "C" [October 8 Order], p. 2.

10. Generally speaking, the Complaint fails to put BP, or any other Defendant, on notice as to the claims that they are to defend against. Accordingly, Plaintiffs' Complaint should be dismissed unless and until they replead with specific facts as to which of the Defendants' products injured the Plaintiffs and/or Plaintiffs' decedents, as well as specific facts regarding work sites, locations, and how Defendants' products allegedly injured Plaintiffs and/or Plaintiffs' decedents.

WHEREFORE, PREMISES CONSIDERED, BP America, Inc., prays that this Honorable Court will dismiss the Complaint filed against them, for failing to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In the alternative:

11. Rule 12(e) of the Federal Rules of Civil Procedure requires that a party, who has filed a pleading that is so vague or ambiguous that the opposing party cannot reasonably be required to frame a responsive pleading, correct the details complained of and provide the details desired.

12. BP would most respectfully show unto this Honorable Court that for all of the reasons set forth and asserted above, it is impossible for BP to adequately prepare a defense of the Plaintiffs' claims without knowing, inter alia: (1) the products of BP, if any, which are claimed to be defective; (2) when, where, and under what conditions the Plaintiffs and/or Plaintiffs' decedents were allegedly exposed to such products; (3) the name of the Plaintiffs and/or Plaintiffs' decedents employers at the time of alleged exposure; (4) the addresses of the work sites in issue; (5) the type of work being performed by the Plaintiffs and/or Plaintiffs' decedents at the time of their alleged exposure to BP's products; and, (6) when, how, and under what circumstances the Plaintiffs and/or Plaintiffs' decedents were diagnosed with an asbestos-related condition.

13. BP is entitled to be fairly apprized as to the nature of the claims against it, the nature of the disease which the Plaintiffs and/or Plaintiffs' decedents contend they have incurred, as well as the precise nature of the defects in the product(s) associated with BP or the specific acts of negligence charged against it.

14. In a similar case, *Charlotte Mae Fikes v. Aerofin Corporation, et al.*, in the United States District Court for the Northern District of Alabama, Southern Division, Civil Action No.: 2:05-CV-1864-RDP, Judge R. David Proctor issued an order on September 30, 2005, regarding this same issue in which he ordered that the plaintiff:

> (1) include a separate count for each cause of action that specifically delineates which claims are asserted against which Defendant;

    (2)    assert a proper factual basis for each claim with sufficient detail to put Defendants on notice of the claims against them (e.g., identity of product(s), manufacturer(s), purchaser(s) or other user(s) of product(s), time frame of alleged exposure(s), location(s)/employer(s) where exposure(s) occurred, identification of how other Defendant(s) contributed to the alleged exposure(s));

    (3)    plead with particularity any fraud claims in accordance with Rule 9(b) (e.g., identity of manufacture(s), purchaser(s) and any other party who allegedly concealed information, time frame of alleged concealment, and identity of person(s) who allegedly concealed information); and

    (4)    ensure that each claim pled has a proper legal basis.

*See* Order attached as Exhibit "D."

WHEREFORE, PREMISES CONSIDERED, BP America, Inc., prays that this Honorable Court will order Plaintiffs to file a new Amended Complaint, setting forth a more definite statement of their claims such that BP is placed on notice as to the charges being made against it so that it might adequately prepare a defense and responses to same, and to conduct meaningful discovery in order to appropriately frame the issues before this Honorable Court.

15.    Additionally, BP would respectfully show unto this Honorable Court that the Plaintiffs make vague and uncertain allegations as to BP and/or other Defendants concerning fraud, without stating the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, BP America, Inc., respectfully requests that this Honorable Court require the Plaintiffs to amend their pleadings, in order to set forth specifically and in

detail, with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure, sufficient averments.

16. BP specifically reserves and does not waive all other available defenses it may have in this cause, and pray for such other relief as this court may deem appropriate in the premises.

RESPECTFULLY SUBMITTED, this the ___22___ day of January, 2008.

_____
RICHARD M. CRUMP (CRUMR6839)
DONALD C. PARTRIDGE (PARTD6713)
LAURA D. GOODSON (GOODL0579)

ATTORNEYS FOR BP AMERICA, INC.

OF COUNSEL:

**FORMAN, PERRY, WATKINS, KRUTZ & TARDY LLP**
200 South Lamar Street
City Centre, Suite 100
Post Office Box 22608
Jackson, MS 39225-2608
(601) 960-8600; (601) 960-8613 [facsimile]

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)　　　　　　　　　　MDL DOCKET NO. 875

This Document Relates To:
JAMES R. BAIN, et al. vs.
A. O. SMITH ELECTRICAL
PRODUCTS, ET AL.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JAMES R. BAIN, ET AL. | )
| | )
| PLAINTIFFS | )
| | ) CIVIL ACTION NUMBER:
| VS. | ) 2:07CV84MHT
| | )
| A. O. SMITH ELECTRICAL | )
| PRODUCTS, ET AL., | )
| | )
| DEFENDANTS | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: G. Patterson Keahey, Jr., Esq., counsel for the plaintiffs, and all defense counsel of record, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none at this time.

Respectfully submitted,

_/s/ Richard M. Crump_
RICHARD M. CRUMP (CRUMR6839)
DONALD C. PARTRIDGE (PARTD6713)
LAURA D. GOODSON (GOODL0579)