IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In Re: Asbestos Products Liability Litigation (No. VI); MDL 875

Regarding:
THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JAMES R. BAIN, ET AL. ) | |
| ) | |
|    PLAINTIFFS ) | |
| ) | |
| V. ) | CIVIL ACTION NO. 2:07-84 |
| ) | |
| A.O. SMITH ELECTRICAL ) | |
| PRODUCTS, CO., ET AL. ) | |
| ) | |
|    DEFENDANTS ) | |

**BRIEF SUPPORTING MOTION FOR PARTIAL SUMMARY JUDGMENT**

Come now Borg-Warner Corporation by its Successor, BorgWarner Morse TEC, Inc.; Exteco, Inc. f/k/a Thermo Electric Co. Inc.; and the Marley-Wylain Company d/b/a Weil-McLain Company, Inc. (hereafter "Moving Defendants") by their respective counsel and submit their brief in support of their Motion for Partial Summary Judgment. As grounds thereof, Moving Defendants would show unto the Court the following:

**I. STATEMENT OF FACTS**

There are eleven plaintiffs in this case. Moving Defendants seek summary judgment and dismissals of the claims of four Plaintiffs on two different grounds.

1.     As shown at Exhibit 1, Plaintiff **Billy Ray Cunningham** had his first B readings on May 11, 2002, more than two years prior to the filing of this lawsuit on January 29, 2007, making his claims for damages in this suit barred by the Alabama statute of limitations.

1

2.  As shown at Exhibit 2, page 2, **Robert W. Harrison** died on October 12, 2005, in Walker County, Alabama. As shown at Exhibit 3, page 2, no estate had been established for Mr. Harrison as of March 27, 2008. As now more than two years has expired since Mr. Harrison's death, his claims for damages in this suit are barred by the Alabama statute of limitations.

3.  As shown at Exhibit 2, page 3, **Joseph J. Holcombe, Sr.** died in February, 2005; the Complaint alleges that Mr. Holcombe was last a resident of Mobile County, Alabama. As shown at Exhibit 3, page 3, no estate had been established for Mr. Holcombe as of March 27, 2008. As now more than two years has expired since Mr. Holcombe's death, his claims for damages in this suit are barred by the Alabama statute of limitations.

4.  As shown at Exhibit 2, page 4, **Manuel R. Williams** died on January 30, 2005, in Jefferson County, Alabama. As shown at Exhibit 3, page 4, no estate had been established for Mr. Williams as of March 27, 2008. As now more than two years has expired since Mr. Williams' death, his claims for damages in this suit are barred by the Alabama statute of limitations.

## II.  ARGUMENT AND AUTHORITY

**A.  Only Estate Representatives May Bring Claims for the Deceased; There Was No Estate Established for Three Workers Whose Claims Are Part of this Action.**

Ala. Code § 6-5-410 is the Wrongful Death Statute. Subsection (a) provides that only a personal representative may commence an action for wrongful death. The claims of the following three workers were not timely brought by a personal representative: Robert W. Harrison, Joseph J. Holcombe, Sr., and Manuel R. Williams.

A cause of action under the wrongful death statute is vested in the personal representative alone, who acts as an agent of legislative appointment for the purpose of effectuating public policy.

*Smith v. Lilley*, 252 Ala. 425, 41 So. 2d 175 (1949); *Downtown Nursing Home, Inc. v. Pool*, 375 So. 2d 465 (Ala. 1979), *cert. denied* 445 U.S. 930, 63 L. Ed. 2d 763, 100 S. Ct. 1318, (1980). "Personal representative" when used in the wrongful death statute means the executor or administrator of the testator or intestate. *Hatas v. Partin*, 278 Ala. 65, 175 So. 2d 759 (1965); *Smith v. Tribble*, 485 So. 2d 1083 (Ala. 1986).

Except in certain cases involving the death of a minor, an individual cannot maintain a wrongful death action unless the individual has been appointed personal representative of the estate of the deceased whose death is the basis of the wrongful death action. *Buck v. City of Rainsville*, 572 So. 2d 419 (Ala. 1990). Where suit was filed in the names of the husband and child of the adult deceased instead of in the name of an executor or administrator of the estate of the deceased, and no proceedings had been filed in the probate court for the appointment of an executor or an administrator, summary judgment dismissing the action was proper. *Waters v. Hipp*, 600 So. 2d 981 (Ala. 1992).

As shown at Exhibit 2 Robert W. Harrison died on October 12, 2005, Joseph Holcombe died in February, 2005; and Manuel R. Williams died on January 30, 2005. However, no estate has been established for any of these workers. See Affidavits at Exhibit 3. Therefore, as more than two years have passed since these workers died without an estate being established and the personal representative bringing a proper action, their claims should be dismissed due to failure to comply with the statute of limitations.

    **B.**    **Summary Judgment Is Appropriate for Those Plaintiffs Who Are Alive but Whose Claim in this Suit Is Barred by the Alabama Statute of Limitations**

Alabama has a two year statute of limitations, see Ala. Code § 6-2-30. As shown above, Plaintiff Billy Ray Cunningham had medical records giving knowledge or should have imparted

knowledge of his claims for injuries allegedly caused by asbestos product more than two years prior to the filing of this lawsuit on January 29, 2007, making his claims for damages in this suit barred by the Alabama statute of limitations.

### III. CONCLUSION

Based on the foregoing, Moving Defendants respectfully request that this Court enter an Order Granting Partial Summary Judgment to all Defendants, dismissing, with prejudice, the claims of four Plaintiffs against them and as stated in the proposed order attached as Exhibit 5.

        Respectfully submitted,

        BORG-WARNER CORPORATION BY ITS SUCCESSOR, BORGWARNER MORSE TEC, INC.; EXTECO, INC. F/K/A THERMO ELECTRIC CO. INC.; and THE MARLEY-WYLAIN COMPANY D/B/A WEIL-MCLAIN COMPANY, INC.

        s/ Rocky W. Eaton
        COUNSEL FOR SAID DEFENDANTS

Of Counsel:

Rocky W. Eaton, EAT002

Aultman, Tyner, Ruffin & Swetman, Ltd.
315 Hemphill Street
P. O. Box 750
Hattiesburg, MS 39401
Phone:  601-583-2671
Facsimile:  601-583-2677

## CERTIFICATE OF SERVICE

    I hereby certify that I have on this 1st day of April, 2008 served a copy of the above and foregoing by electronic means via the CM/ECF to those registered with the CM/ECF.

        s/ Rocky W. Eaton