IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

|  |  |  |
|---|---|---|
| **JAMES R. BAIN, et al.** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 2:07CV84-WKW** |
| | § | |
| **A.O. SMITH ELECTRICAL** | § | |
| **PRODUCTS COMPANY, a division** | § | |
| **of A.O. SMITH CORPORATION, et al.** | § | |
| | § | |
| **Defendants** | § | |
| | § | |

### SUNBEAM PRODUCTS INCORPORATED'S MOTION
### FOR PARTIAL SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM

COMES NOW, Sunbeam Products Incorporated ("Sunbeam Products") pursuant to Federal

Alabama Rule of Civil Procedure 56, and requests that the Court grant partial summary judgment

in favor of Sunbeam products against certain Plaintiffs in this matter. In support, Sunbeam Products

shows as follows:

**I.     NARRATIVE SUMMARY OF UNDISPUTED MATERIAL FACTS**

The following material facts are undisputed:

1.     Eleven plaintiffs filed this cause of action on January 29, 2007.

*See* Complaint. Sunbeam Products seeks summary judgment and dismissals of the claims of the

following three Plaintiffs: Willowdean Harrison, individually and as representative of the Estate of

Robert Harrison, Patricia Holcombe, individually and as representative of the Estate of Joseph J.

Holcombe, Sr., and Lillian H. Williams, individually and as representative of the Estate of Manuel

R. Williams. At present, Sunbeam Products is not seeking summary judgment as to the remaining

eight Plaintiffs.

A.    **Robert W. Harrison**

2.    Robert W. Harrison died on October 12, 2005. *See* Exhibit "A" (Social Security Death Index Search Results for Robert W. Harrison).

3.    As of the date of this motion, no estate has been established for Mr. Harrison. *See* Exhibit "B" (Affidavit of Crystal Bennett).

4.    On January 29, 2007, plaintiff Willowdean Harrison filed this action purporting to be the personal representative of the estate of Robert W. Harrison.

5.    There are no allegations in the Complaint that the plaintiff was, at the time of the decedent's death, a dependent within the definition of the Alabama Worker's Compensation Statute.

6.    More than two years have expired since the date of Mr. Harrison's death; therefore, his claims for damages are barred by the Alabama statute of limitations.

B.    **Joseph James Holcombe, Sr.**

7.    Joseph James Holcombe, Sr., died in February 2005. *See* Exhibit "C" (Social Security Death Index Search Results for Joseph James Holcombe, Sr.).

8.    As of the date of this motion, no estate has been established for Mr. Holcombe. *See* Exhibit "B" (Affidavit of Crystal Bennett).

9.    On January 29, 2007, plaintiff Patricia Holcombe filed this action purporting to be the personal representative of the estate of Joseph James Holcombe, Sr.

10.    There are no allegations in the Complaint that the plaintiff was, at the time of the decedent's death, a dependent within the definition of the Alabama Worker's Compensation Statute.

11.    Because more than two years have expired since the date of Mr. Holcombe's death, his claims for damages are barred by the Alabama statute of limitations.

**C.    Manuel R. Williams, Sr.**

12.    Manuel R. Williams, Sr. died on January 30, 2005. *See* Exhibit "D" (Social Security Death Index Search Results for Manuel R. Williams, Sr.).

13.    As of the date of this motion, no estate has been established for Mr. Williams. *See* Exhibit "B" (Affidavit of Crystal Bennett).

14.    On January 29, 2007, plaintiff Lillian H. Williams filed this action purporting to be the personal representative of the estate of Manuel R. Williams, Sr.

15.    There are no allegations in the Complaint that the plaintiff was, at the time of the decedent's death, a dependent within the definition of the Alabama Worker's Compensation Statute.

16.    More than two years have expired since the date of Mr. Williams's death; therefore, his claims for damages are barred by the Alabama statute of limitations.

**II.    MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT**

The Alabama wrongful death statute codified at Ala. Code § 6-5-410 (1975) requires that such actions be commenced within two (2) years of the death. It also provides that only a "personal representative" may commence an action for wrongful death. As interpreted by the courts, a cause of action under the wrongful death statute is vested in the personal representative alone, who acts as an agent of legislative appointment for the purpose of effectuating public policy. *Downtown Nursing Home, Inc. v. Pool*, 375 So. 2d 465, 466 (Ala. 1979), *cert. den.* 445 U.S. 930 (1980). "Personal representative" when used in the Alabama wrongful death statute means the executor or

3

administrator of the testator or intestate. *See id.*; *Hatas v. Partin*, 175 So. 2d 759, 761 (1965); *Smith v. Tribble*, 485 So. 2d 1083, 1085 (Ala. 1986).

Except in cases involving the death of a minor, an individual cannot bring a wrongful death action unless the individual has been appointed as the personal representative of the estate of the decedent whose death is the basis of the wrongful death claim. *Buck v. City of Rainsville*, 572 So. 2d 419 (Ala. 1990). Where suit is filed, for example, in the name of the spouse or the child of the adult deceased, instead of in the name of the executor or administrator of the estate of the deceased and no proceedings have been filed in Probate Court for the appointment of an executor or administrator, summary judgment dismissing the action is proper. *Waters v. Hipp*, 600 So. 2d 981, 982 (Ala. 1982).

> [I]f the two-year period prescribed by the [wrongful death] statute has expired before the representative is 'duly appointed,' the heirs of the decedent are barred from recovery. The theory behind this rationale is that the acts of a nonappointed personal representative are void, and if the two years has expired, an amendment pursuant to Rule 17(a), A.R.Civ. P., will not 'relate back,' there being no valid act to which the amendment can relate back.

*Holyfield v. Moates*, 565 So. 2d 186, 188-89 (Ala. 1990). One who files a wrongful death suit without having been appointed as the executor or administrator does not qualify as a personal representative, and the suit is a nullity. *Waters*, 600 So. 2d at 982.

Robert Harrison's claims in this case are due to be dismissed because the decedent died on October 12, 2005, requiring that an appointed personal representative file suit for wrongful death on or before October 12, 2007. Suit was filed by Willowdean Harrison, purporting to be the personal representative of Harrison, on January 29, 2007. However, because Ms. Harrison was not an appointed personal representative of the decedent, the filing of this suit by her is a nullity.

4

Joseph James Holcombe, Sr.'s claims in this case are due to be dismissed because the decedent died in February 2005, requiring that an appointed personal representative file suit for wrongful death before the end of February 2007. Suit was filed by Patricia Holcombe, purporting to be the personal representative of Holcombe, on January 29, 2007. However, because Ms. Holcombe was not an appointed personal representative of the decedent, the filing of this suit by her is a nullity.

Manuel R. Williams, Sr.'s claims in this case are due to be dismissed because the decedent died on January 30, 2005, requiring that an appointed personal representative file suit for wrongful death on or before January 30, 2007. Suit was filed by Lillian H. Williams, purporting to be the personal representative of Williams, on January 29, 2007. However, because Ms. Williams was not an appointed personal representative of the decedent, the filing of this suit by her is a nullity.

Plaintiffs may seek to avoid application of this rule by reliance on the wrongful death provision of the Alabama Worker's Compensation Statute, Ala. Code § 25-5-11. This Section provides that a *dependent* of the decedent may bring a wrongful death claim against the employer and against third parties. Dependents under the Worker's Compensation Statute include the wife, minor children under the age of 18, and certain other designated individuals who were *supported by the deceased workman at the time of his death.* Ala. Code § 25-5-1(3), § 25-5-61 and § 25-5-62.

Plaintiffs Harrison, Holcombe or Williams in this case do not allege that this action is brought pursuant to the terms of the Alabama Worker's Compensation Statute, do not allege that the named plaintiffs are dependents of the decedents within the definition of the Alabama Worker's Compensation Statute, and do not allege that the plaintiffs were supported by the decedents at the

5

time of their death. In short, there are no allegations within the Complaint that bring it within the purview of wrongful death provisions of the Alabama Worker's Compensation Statute.

## III.    CONCLUSION

Based on the foregoing, the Defendant Sunbeam Products Incorporated respectfully requests that its motion for partial summary judgment be granted and that the claims against it be dismissed as to Plaintiffs Willowdean Harrison, individually and as representative of the Estate of Robert Harrison, Patricia Holcombe, individually and as representative of the Estate of Joseph J. Holcombe, Sr., and Lillian H. Williams, individually and as representative of the Estate of Manuel R. Williams, with prejudice.

Respectfully submitted,

**SUNBEAM PRODUCTS INCORPORATED**

**BY:**    _/s/ Randi Peresich Mueller_ _____
**RANDI PERESICH MUELLER, ASB# 7546-R71M**
**PAGE, MANNINO, PERESICH &**
**MCDERMOTT, P.L.L.C.**
**460 BRIARWOOD DRIVE, SUITE 415**
**POST OFFICE BOX 16450**
**JACKSON, MS 39236**
**(601) 896-0114/FAX (601) 896-0145**

6

## CERTIFICATE OF SERVICE

I, **RANDI PERESICH MUELLER**, of the law firm of Page, Mannino, Peresich & McDermott, P.L.L.C., have this day filed by the ECF filing system, a true and correct copy of the above and foregoing **SUNBEAM PRODUCTS INCORPORATED'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM** and have served the Plaintiffs' counsel and all Defense counsel a copy of the same by notification through the ECF filing notification system.

THIS, the 14th day of April, 2008.

_/s/ Randi Peresich Mueller_
**RANDI PERESICH MUELLER**
**PAGE, MANNINO, PERESICH &**
**MCDERMOTT, P.L.L.C.**
**POST OFFICE BOX 16450**
**JACKSON, MS 39236**
**TELEPHONE: (601) 896-0114**
**FACSIMILE: (601) 896-0145**

EXHIBIT "A"

# Social Security Death Index Search Results

81,074,156 Records
last updated on 2-22-2008

The key to your research
Join Ancestry.com Today!

The most full-featured SSDI search engine on the internet

| Field | Value | Records | Results |
|---|---|---|---|
| Last Name | HARRISON | 60058 | 60058 |
| First Name | ROBERT | 1353251 | 1153 |
| Middle Name | W | 1530411 | 44 |
| Birth Date | 08141931 | | Scanned |
| Last State | AL | | Scanned |

Viewing **1-1** of **1**

| Name | Birth | Death | Last Residence | Last Benefit | SSN | Issued | Tools | Order Record? |
|---|---|---|---|---|---|---|---|---|
| ROBERT W HARRISON | 14 Aug 1931 | 12 Oct 2005 (V) | 35549 (Carbon Hill, Walker, AL) | (none specified) | 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 | Alabama | SS-5 Letter Add Post-em Search Ancestry.com | Click here to order a copy of the original record |

Viewing **1-1** of **1**

(V)=(Verified) Report verified with a family member or someone acting on behalf of a family member.
(P)=(Proof) Death Certificate Observed.

| Last name | HARRISON | Exact |
|---|---|---|
| First Name | ROBERT | |
| Middle Name | W | (initial) |
| SSN | | |

**Last Residence**     **Last Benefit**

| Zip | | |
| State | AL | |
| County | | |
| City | | |

Birth

Year | 1931 |    Month    | Aug |    Day    | 14 |

Death

Year | |    Month    | Any |

Issue | Any State |

Submit    Clear    Simple Search

CPU seconds used 0.156976

For more info about the SSDI, see http://www.rootsweb.com/~rwguide/lesson10.htm
For help using the SSDI search, see Problem solving

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JAMES R. BAIN, et al. | § § § |
| Plaintiffs | § § |
| VS. | § § |
| A.O. SMITH ELECTRICAL | § § |
| PRODUCTS COMPANY, a division | § |
| of A.O. SMITH CORPORATION, et al. | § § |
| Defendants | § § |

CIVIL ACTION NO. 2:07CV84-WKW

## AFFIDAVIT OF CRYSTAL BENNETT

I, Crystal Bennett, who after first being duly sworn on oath, state as follows:

1.  I, Crystal Bennett, am over 21 years of age and of sound mind. I have personal knowledge of all maters set forth in this Affidavit.

2.  On April 8, 2008, I placed a telephone call to the Probate Office in Walker County, Alabama, requesting information on any estate that may have been established for Robert W. Harrison. I was informed by Jane Gregory, Probate Secretary for the Probate Office of Walker County, that no estate had been established for Robert W. Harrison in the Probate Court of Walker County, Alabama.

3.  On April 8, 2008, I placed a telephone call to the Probate Office in Mobile County, Alabama, requesting information on any estate that may have been established for Joseph James Holcombe, Sr. I was informed by the Judicial Court Clerk for the Probate Office of Mobile County that this information could not be released over the telephone. Therefore, I accessed the Mobile County Probate Court's website and learned that no estate had been established for Joseph James Holcombe, Sr. in the Probate Court of Mobile County, Alabama.

4.  On April 8, 2008, I placed a telephone call to the Probate Office in Jefferson County, Alabama, requesting information on any estate that may have been established for Manuel R. Williams, Sr. I was informed by Janis Roy, Court Clerk for the Probate Office of Jefferson County, that no estate had been established for Manuel R. Williams, Sr. in the Probate Court of Jefferson County, Alabama.



Crystal Bennett

STATE OF MISSISSIPPI

COUNTY OF HINDS

PERSONALLY appeared before me the undersigned, Crystal Bennett, who after being first duly sworn, stated on his oath that the matters and things contained in his Affidavit are true and correct as therein stated.

SWORN to before me this, the _14th_ day of _April_, 2008.



NOTARY PUBLIC

My Commission Expires:

_February 21, 2012_

STATE OF MISSISSIPPI
MARLIN GERMANY
ID No
53657
NOTARY PUBLIC
Comm Expires
February 21, 2012
MADISON COUNTY

EXHIBIT "C"

# Social Security Death Index Search Results

81,074,156 Records
last updated on 2-22-2008

 The key to your research
Join Ancestry.com Today!

The most full-featured SSDI search engine on the internet

| Field | Value | Records | Results |
|---|---|---|---|
| Soundex Last Name | H425 | 30305 | 30305 |
| First Name | J | 397362 | 176 |
| Birth Date | 11241958 | | Scanned |

Viewing **1-1** of **1**

| Name | Birth | Death | Last Residence | Last Benefit | SSN | Issued | Tools | Order Record? |
|---|---|---|---|---|---|---|---|---|
| J HOLCOM | 24 Nov 1958 | Feb 2005 (V) | (PE) | (none specified) | 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 | Alabama | SS-5 Letter<br>Add Post-em<br>Search Ancestry.com | Click here to order a copy of the original record |

Viewing **1-1** of **1**

(V)=(Verified) Report verified with a family member or someone acting on behalf of a family member.
(P)=(Proof) Death Certificate Observed.

| Last name | HOLCOM | Soundex |
|---|---|---|
| First Name | J | |
| Middle Name | | (initial) |
| SSN | | |

**Last Residence**    **Last Benefit**

| | Last Residence | Last Benefit |
|---|---|---|
| Zip | | |
| State | | |
| County | | |
| City | | |

Birth

Year  | 1958    Month  | Nov    Day  | 24

Death

Year  | _____    Month  | Any

Issue | Any State

[ Submit ]  [ Clear ]  [ Simple Search ]

CPU seconds used 0.040994

For more info about the SSDI, see http://www.rootsweb.com/~rwguide/lesson10.htm
For help using the SSDI search, see Problem solving

EXHIBIT "D"

# Social Security Death Index Search Results

81,074,156 Records
last updated on 2-22-2008

The key to your research
Join Ancestry.com Today!

The most full-featured SSDI search engine on the internet

| Field | Value | Records | Results |
|---|---|---|---|
| Last Name | WILLIAMS | 466693 | 466693 |
| First Name | MANUEL | 78597 | 86 |
| Middle Name | R | | Scanned |
| Birth Date | 02261929 | | Scanned |

Viewing **1-1 of 1**

| Name | Birth | Death | Last Residence | Last Benefit | SSN | Issued | Tools | Order Record? |
|---|---|---|---|---|---|---|---|---|
| MANUEL R WILLIAMS | 26 Feb 1929 | 30 Jan 2005 (V) | 35116 (Morris, Jefferson, AL) | (none specified) | 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 | Tennessee | SS-5 Letter<br>Add Post-em<br>Search Ancestry.com | Click here to order a copy of the original record |

Viewing **1-1 of 1**

(V)=(Verified) Report verified with a family member or someone acting on behalf of a family member.
(P)=(Proof) Death Certificate Observed.

| | | |
|---|---|---|
| Last name | WILLIAMS | Exact |
| First Name | MANUEL | |
| Middle Name | R | (initial) |
| SSN | | |

**Last Residence**      **Last Benefit**

| | | |
|---|---|---|
| Zip | | |
| State | | |
| County | | |
| City | | |
| Birth | | |

Year  `1929`    Month  `Feb`    Day  `26`

Death

Year  `        `    Month  `Any`

Issue  `Any State`

`Submit`  `Clear`  `Simple Search`

CPU seconds used 0.06699

For more info about the SSDI, see http://www.rootsweb.com/~rwguide/lesson10.htm
For help using the SSDI search, see Problem solving