IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PROCUTS
LIABILITY LITIGATION

MDL DOCKET NO. 875

JAMES R. BAIN, et al.,

Vs.

A.O. SMITH ELECTRICAL PRODUCTS
CO., et al.

THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| JAMES R. BAIN, et al., | ) | |
|---|---|---|
| | ) | |
| | ) | **Civil Action No.:** |
| Plaintiffs, | ) | |
| vs. | ) | **2:07-CV-84-WKW** |
| | ) | |
| A.O. SMITH ELECTRICAL PRODUCTS, CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**PLAINTIFFS' CORRECTED MASTER RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO SEVER AND FOR MORE DEFINITE STATEMENT**

COMES NOW the Plaintiffs, by and through her attorney of record, and files this Master Response, for the sake of brevity, in opposition to All Defendants' Motions to Dismiss, or, in the Alternative, Motions for More Definite Statement and/or Motions for Severance, and any and all Joinders thereto and states before this Honorable Court as follows:

I. **Plaintiffs' Complaint Sufficiently Apprises the Defendants of Plaintiffs' Claims against Them.**

Plaintiffs' should not be required to provide a More Definite Statement, as the Complaint sufficiently apprises the Defendants of Plaintiffs' claims against them arising from exposure to asbestos. (Complaint, ¶¶1-11). Asbestos exposure is not required to be specifically pled. See Rule 9, Federal Rules of Civil Procedure. Accordingly, Plaintiffs' Complaint is sufficient pursuant to the Federal Rules of Civil Procedure. Any more specific information necessary for Defendants' defense at trial can be ascertained through the discovery process as contemplated by the Federal Rules of Civil Procedure.

Likewise, the Defendants are not entitled to a more definite statement. The Federal Rules of Civil Procedure employ the concept of notice pleading, and, for this reason, motions for a more definite statement are not favored. *Haghkerdar v. Husson College*, 2005 WL 159641 (D.Me. 2005).

A motion for a more definite statement under subdivision (e) of this rule may be granted only if information sought is necessary to form responsive pleading and not for purpose of obtaining necessary information to prepare for trial. *Wycoll v. Nicholas*, 32 F.R.D. 369 (W.D.Mo. 1962). Plaintiffs' complaint clearly apprises all Defendants that their claims are based upon exposure to asbestos or asbestos-containing products and they are able to form a responsive pleading thereto as evidenced by the Answers filed by various Defendants herein. A more definite statement is neither needed nor required.

II. **Plaintiffs' Complaint is Not Due to be Dismissed for Failure to Comply with Rules 8,** *Federal Rules of Civil Procedure.*

Defendants claim that the Plaintiffs should be required to allege in their complaint the specific asbestos-containing products Plaintiffs used, when they used such product,

where they used such product, and under what circumstances they used such product. Plaintiffs reference Complaint ¶¶12-82, which specifically states which of each Defendants' asbestos-containing products Plaintiffs were exposed to. The remainder of the Complaint provides, in detail, the employment history of the Plaintiffs' during the time of their exposure to Defendants' asbestos-containing products. This satisfies the "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

Additionally, following Rule 8(e), "all pleadings shall be so construed as to do justice," and Plaintiffs' Complaint adequately sets forth a claim and gives Defendants fair notice of its basis. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Fraternal Order of Police, Strawberry Lodge No. 40 v. Entrekin*, 314 So.2d 663 (1975). It is not necessary to set forth evidence and ultimate facts that are to be discovered and/or proven during the course of discovery in this matter. *Laning v. C.R. Crim Bldg. Co.,* 66 So.2d 121 (Ala. 1953) (a party may not plead his evidence in a cause, particularly when, to become admissible as evidence, the matter so pleaded requires identification and authentication by witness who is under oath and subject to cross-examination); *Flack-Beane Lumber Co. v. Bass,* 62 So.2d 235 (Ala. 1952) (it is unnecessary to plead the evidence by which a fact in issue is to be proved).

Plaintiffs have adequately and directly proffered causes of action described above, and the claims are sufficient to provide an inference of each Defendants' involvement in the exposure of the inherently dangerous toxic substance. The requirement of a short and plain statement showing that the pleader is entitled to relief has thereby been met.

### III. Plaintiffs' Complaint More than Adequately Sets the Bounds of Discovery.

Defendants allege that Plaintiffs' claims against Defendants should be dismissed due to Plaintiffs' "shotgun" Complaint. Plaintiffs deny that the Complaint is a "shotgun" complaint. The purpose of Federal Rules of Civil Procedure Rule 8, 9 and 10, is to give notice, not to state facts and narrow the issues. Plaintiffs in the Complaint allege that they or their decedent were exposed to asbestos-containing products manufactured, sold and/or distributed by Defendants. (Complaint, ¶¶12-82). It is the purpose of discovery to assist in determining which products manufactured, sold and/or distributed by Defendants contained asbestos and which did not. Without proper information yet to be obtained from the Defendants through discovery, the Plaintiffs' cannot and are not required to plead their entire case in the Complaint.

Plaintiffs' have adequately and directly proffered causes of action, and the claims are sufficient to provide an inference of Defendants' involvement in the exposure of the inherently dangerous toxic substance. The requirement of a short and plain statement showing that the pleader is entitled to relief has thereby been met.

**IV.     Plaintiffs Are Properly Joined Under Rule 20, *Federal Rules of Civil Procedure* and Should Not be Subject to Severance.**

The questions this Court must answer are whether the Plaintiffs' herein assert claims and/or a right to relief against the Defendants arising out of the same transaction or occurrence, or series of transactions or series of occurrences and whether any questions of law and fact are common to and among these Plaintiffs such that joinder is proper under the Federal Rules of Civil Procedure. Defendants contend that joinder is not proper under these circumstances and severance of Plaintiffs' claims are warranted. However, Plaintiffs assert that all Plaintiffs are properly joined as a result of Plaintiffs'

alleged exposures to asbestos-containing products manufactured or distributed by Defendants to Plaintiffs' various worksites. Defendants' acts of placing asbestos in the stream of commerce and failing to warn Plaintiffs of such danger after they became aware of same satisfies the "common transaction or occurrence" requirement of Federal Civil Procedure Rule 20 (a).

Additionally, Plaintiffs contend that their claims do indeed arise out of the same transaction or series of transactions and that joinder is necessary so as to promote trial convenience, avoid a waste of judicial resources and expedite the final determination of these disputes. Due to the nature of asbestos-related cases, separate trials of these-types of claims will invariably result in duplicative pleadings, duplicative discovery efforts, duplicative motions and duplicative hearings, leading to inconsistent rulings upon similar procedural and substantive issues. Further, any potential prejudice as to joinder at trial will be addressed prior thereto and will be the subject of a Case Management Order.

In addition to acting as joint-tortfeasors in this regard, Defendants also acted as co-conspirators, each with the other, for the purpose of concealing, suppressing or misrepresenting the hazards known to Defendants associated with exposure to asbestos-containing products. This pattern of conduct among the defendants alone has been found to satisfy the requirement of Rule 20(a). *See e.g.*, *Moore v. Comfed Sav. Bank,* 908 F.2d 834, 839 (11th Cir.1990) (plaintiffs alleged that the defendants took part in a similar scheme that was maintained either by conspiracy or contract; joinder was proper where connections between parties arose out of a series of transactions initiated by defendant Land Bank); *City of New York v. Joseph L. Balkan, Inc.,* 656 F.Supp. 536, 549 (E.D.N.Y.1987) (City alleged systemic corruption of City's sewer inspectors and various

contractors in violation of Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c); motion to sever filed by one contractor was denied); *Mack v. J.C. Penney Co.,* 108 F.R.D. 30, 31 (S.D.Ga.1985) (joinder of multiple plaintiffs allowed in action against J.C. Penney alleging a pervasive policy of employment discrimination in one store). See also *United States v. All Funds on Deposit in Any Accounts Maintained at Merrill Lynch, Pierce, Fenner & Smith,* 801 F.Supp. 984, 995 (E.D.N.Y.1992), citing *City of New York v. Joseph L. Balkan, Inc.* (joinder of numerous defendants permitted because complaint alleged that property belonging to each defendant had been forfeited to the government because of defendant's participation in illegal drug-sales conspiracy).

For these reasons, as further discussed herein, Plaintiffs submit that joinder is proper under Rule 20(a) of the Federal Rules of Civil Procedure and severance is not warranted in this case.

## V.    Conclusion.

For the foregoing reasons, Plaintiffs respectfully requests that this Honorable Court deny Defendants Motions to Dismiss Plaintiffs' Complaint or, in the Alternative, Motions for More Definite Statement and/or Motions for Severance, as the Complaint properly states a sufficient claim.

This the 18th day of April, 2008.

Respectfully Submitted,

s/G. Patterson Keahey
G. PATTERSON KEAHEY
*Attorney for Plaintiffs*

LAW OFFICE OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:    205-871-0707

```
FACSIMILE:  205-871-0801
EMAIL:      alasbestos@mesohelp.com
```

THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **JAMES R. BAIN, et al.,** ) | |
| ) | |
| ) | **Civil Action No.:** |
| **Plaintiffs,** ) | |
| **vs.** ) | **2:07-CV-84-WKW** |
| ) | |
| **A.O. SMITH ELECTRICAL** ) | |
| **PRODUCTS, CO., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification to the attorneys of record.

s/G. Patterson Keahey
G. PATTERSON KEAHEY
*Attorney for Plaintiffs*

LAW OFFICE OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:         205-871-0707
FACSIMILE:  205-871-0801
EMAIL:           alasbestos@mesohelp.com