IN THE UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF PENNSYLVANIA

In Re: Asbestos Products Liability Litigation (No. VI); MDL 875

Regarding:
**THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **JAMES R. BAIN, et al.,**     **Plaintiffs,** vs. **A.O. ELECTRICAL PRODUCTS, CO., et al.,**     **Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **Civil Action No.:** **2:07-84** |

**PLAINTIFFS' MASTER RESPONSE TO DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW the Plaintiffs, by and through her attorney of record, and files this Master Response, for the sake of brevity, in opposition to All Defendants' Motions to Dismiss, or, in the Alternative, Motions for More Definite Statement and/or Motions for Severance, and any and all Joinders thereto and states before this Honorable Court as follows:

**The Claims Brought by all the Plaintiffs were Timely Filled within the Applicable Statute of Limitations Period.**

In 1980, the Alabama Legislature enacted a discovery rule for asbestos cases. A plaintiff's claim does not accrue until the plaintiff discovers his injury. The statute provides:

>(a) all civil actions must be commended after the cause of action has accrued within the period prescribed in this article and not afterwards, unless otherwise specifically provided for in this code
>
>(b) a civil action for any injury to the person or rights of another *resulting from exposure to asbestos, including asbestos-containing products, shall be deemed to accrue on the first date the injured party, through reasonable diligence, should have reason to discover the injury giving rise to such civil action.* This subsection shall not apply to or affect in any way, actions referred to in Section 6-5-482.

Ala. Code § 6-2-30 (1975). At that time, the one-year statute of limitations was then in effect. *See* Ala. Code § 6-2-39 (1975). This provision was repealed in 1984. Personal injury claims are now governed by the two-year statute of limitations. *See* Ala. Code § 6-2-38(1).

Henceforth, Defendants alleging that plaintiffs are barred by the statute of limitations based on their diagnosis date is patently incorrect. Attached hereto as "Exhibit 1" is the clinical exam of **Billy Ray Cunningham** dated November 8, 2007. Plaintiff's claims were filed on January 29th, 2007, which is clearly, well within the two year statute of limitations.

The Alabama legislature passed legislation providing for a discovery rule for the stated purpose of assuring:

>that the statue of limitations for injuries or deaths caused by exposure to asbestos, including asbestos-containing products, does not run on any Alabama citizen before that citizen has at least the opportunity to discover that cause of action.
>
>It is the intent of the Legislature that all Alabama citizens suffering the effects of any long-term disease process covered by this Bill should not be prevented by any statute of limitations from recovering the full measure of damages proximately caused by a third party tortfeasor which are

> allowable under any civil theory of liability, provided action is brought within the statutory period of limitation from the date of accrual.

1980 Ala. Acts 566, Vol. II, 876, § 1.  After the statute's accrual date was challenged, the Alabama Supreme Court ruled that the statutory discovery rule enacted in asbestos cases was only constitutional as applied prospectively to cases accruing after May 19, 1980. *Tyson v. Johns- Manville Sales Corp.,* 399 So.2d 263, 268-70 (Ala. 1981).  In other words, § 6-2-30 cannot be applied retroactively to actions **already barred by limitations** at the time of its enactment.  *Id*.  Thus, Alabama's discovery rule for asbestos exposure cases generally applies only if the plaintiff was exposed after 1979.  *Owens Corning v. Carter*, 997 S.W.2d 560, 575, n.9 (Tex. 1999).

**Conclusion.**

For the foregoing reasons, Plaintiffs respectfully requests that this Honorable Court deny Defendants' Motions For Partial Summary Judgment as the Complaint properly states a sufficient claim.

However, we agree that evidence is sufficient for the dismissal of the following Plaintiffs based the establishment of no personal representative and Plaintiffs have filed a Voluntary Dismissal with the Court:

**1. Willodean Harrison,** personal representative of **Robert W. Harrison,** deceased

**2. Patricia Holcombe,** personal representative of **Joseph J. Holcombe, Sr.,** deceased

**3. Lillian Williams,** personal representative of **Manuel R. Williams**, deceased.

This the 29th day of April, 2008.

                                                            Respectfully Submitted,

                                                            <u>s/G. Patterson Keahey</u>
                                                            G. PATTERSON KEAHEY
                                                           *Attorney for Plaintiffs*

LAW OFFICE OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:     205-871-0707
FACSIMILE: 205-871-0801
EMAIL:       alasbestos@mesohelp.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification to the attorneys of record.

                                                s/G. Patterson Keahey
                                                G. PATTERSON KEAHEY
                                                *Attorney for Plaintiffs*

LAW OFFICE OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:        205-871-0707
FACSIMILE: 205-871-0801
EMAIL:          alasbestos@mesohelp.com

# Exhibit 1

## ALVIN J. SCHONFELD, D.O., F.C.C.P., P.C.
PULMONARY MEDICINE
OCCUPATIONAL LUNG DISEASE

438 W. ST. JAMES PLACE
CHICAGO, IL 60614

CONSULTANT IN PULMONARY MEDICINE:

RUSH NORTH SHORE MEDICAL CENTER
9600 GROSS POINTE ROAD
SKOKIE, IL 60077

PHONE: 1-773-472-2810
FAX:   1-773-472-2809

VAIL VALLY MEDICAL CENTER
181 W. MEADOW DRIVE
VAIL, CO 81657

November 8, 2007

Law Offices of G. Patterson Keahey, P.C.
Attention: G. Patterson Keahey, Esq.
One Independence Plaza, Suite 612
Birmingham, AL  35209

Re:  Patient:  **Billy Ray Cunningham**
     SSN:      **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**
     DOB:      **11/10/55**

Dear Mr. Keahey:

This is a physician's report pertaining to the above-named patient whom I had the pleasure of interviewing and examining on the above date.

Mr. Cunningham is a 50-year-old male with a 9th grade education. He was a member of Local 91 of the Plumbers & Pipefitters Union.

**MILITARY SERVICE:** He served in the U.S. Navy between 1974 and 1978. He served aboard the USS Thomaston LSD-28. He worked around asbestos in the boiler room and also worked around asbestos as a diesel mechanic.

**OCCUPATIONAL HISTORY:** In order of his listed work history he indicated the following employers:

1) From 1978 to 1980 he worked for Bigelow & Green. He worked around asbestos firebrick.
2) From 1978 until 1980 he worked for A. P. Green and had similar exposures as above.
3) From 1978 until 1980 he worked for Arc Refractory and had similar exposures.
4) From 1978 until 1980 he worked for Smith Refractory and had the same exposure.
5) From 1980 until 1984 he worked for Southern Tree as an expert and had no exposures.
6) In 1984 he worked for Smitherman Plumbing and worked around boilers.
7) In 1984 he worked for Serene Valley Apartments and had no exposures.

(continued Page 2)

**ALVIN J. SCHONFELD, D.O., F.C.C.P., P.C.**

To: Law Offices of G. Patterson Keahey, P.C.
Re: Billy Ray Cunningham
Page 2

**OCCUPATIONAL HISTORY (cont.):** All of the following jobs had exposures to asbestos-clad boilers:

1) Valley Heating & Cooling from 1985 until 1989.
2) Harris Air Systems from 1989 until 1996.
3) Jake Marshall Service from 1996 until 2000.
4) Standard Heat & Air from 2001 until 2005.
5) Shook & Fletcher from 2005 to the present.

During his exposures to asbestos he states that he removed asbestos from pipes and boilers. He cleaned up asbestos debris using brooms and air hoses. He worked around asbestos gaskets, ropes, blankets and gloves. He changed composition or metallic brake shoes.

He states he was exposed to asbestos about "60%" of his career, never wearing any respiratory protection.

**SMOKING HISTORY:** He smoked up to two packs of cigarettes a day from 1972 until 2000. He denies use of pipes or cigars.

**RESPIRATORY SYMPTOMS:** For the last 12 years he has been short of breath running, climbing stairs and walking distances in excess of 100-200 yards. He has cough, wheeze and brown mucus production.

**PAST MEDICAL HISTORY:** Positive for bronchitis, pneumonia, visual problems, chest pain, and a nervous condition.

He denies any history of asthma, emphysema, diabetes, gout, ulcers, hypertension, bowel or bladder problems, prostate problems, hypercholesterolemia, MI, CVA, or history of malignancy.

**MEDICATIONS:** Advair, albuterol, Prozac and lithium.

**SURGICAL HISTORY:** Appendectomy, right arm surgery, elbow surgery, and left rotator cuff surgery.

**FAMILY HISTORY:** Negative for lung cancer or colon cancer. He states his father and three brothers all had asbestosis and emphysema. All had the same occupations as he did. His mother apparently had bystander exposure to asbestos and was diagnosed with asbestosis.

(continued Page 3)

**ALVIN J. SCHONFELD, D.O., F.C.C.P., P.C.**

To: Law Offices of G. Patterson Keahey, P.C.
Re: Billy Ray Cunningham
Page 3

**PHYSICAL EXAMINATION:** Physical examination revealed an alert and oriented male in no acute distress. Head and neck exam was unremarkable. A left rotator cuff incision was noted. Lungs were clear to auscultation. Cardiac exam revealed a regular rate and rhythm without murmurs. Abdomen was soft and without masses. Extremities showed no clubbing, cyanosis or edema.

**CHEST X-RAY:** PA chest x-ray dated 5/11/02 was read by me according to the 2000 ILO Classification as a Quality III film because of under-exposure. No interstitial changes were seen. Bilateral pleural thickening was noted having a width/extent of A/2 bilaterally. There was a right upper lobe infiltrate foe which follow-up was advised and a bifid rib was noted on the right.

**PULMONARY FUNCTION STUDIES:** Complete PFT's dated 11/8/07 were performed according to ATS guidelines and showed a mild restrictive defect with moderately impaired diffusion.

|  | observed | % predicted |
|---|---|---|
| FVC | 3.32 L | 65% |
| $FEV_1$ | 2.83 L | 70% |
| $FEV_1$/FVC | 85% | |
| TLC | 4.72 L | 66% |
| Diffusion capacity | 19.61 | 53% |

**IMPRESSION:**
1) Given the patient's history of significant exposure to asbestos in the workplace associated with an appropriate latency, and given the roentgenographic and pulmonary function findings described above, I feel with a reasonable degree of medical certainty that Mr. Cunningham is diagnosed as having bilateral asbestos-related pleural disease. I feel with a reasonable degree of medical certainty that this diagnosis is causally related to his workplace exposure to asbestos at the above-noted job sites.
2) Older x-ray showing right upper lobe infiltrate; follow-up advised.

(continued Page 4)

ALVIN J. SCHONFELD, D.O., F.C.C.P., P.C.

To: Law Offices of G. Patterson Keahey, P.C.
Re: Billy Ray Cunningham
Page 4

**RECOMMENDATIONS:**
1) He is at increased risk for the development of lung cancer, mesothelioma and other non-pulmonary malignancies associated with asbestos exposure.
2) He should be advised to have yearly chest x-rays, pulmonary function screening and screening for gastrointestinal malignancy.
3) He should be advised that chest x-rays and pulmonary function may deteriorate in the absence of further asbestos exposure.
4) He should be advised to refrain from the use of all tobacco-containing products.

This report serves only to establish the presence of an occupational lung disease and does not establish a doctor-patient relationship.

I hope that the above information is useful to you.

Sincerely,

Alvin J. Schonfeld, D.O., FCCP, FAADEP