THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JAMES R. BAIN, et al.,            ) | |
|                                   ) | |
|     **Plaintiffs,**               ) | |
|                                   ) | |
| v.                                ) | Case No.:  2:07CV84-WKW |
|                                   ) | |
| A. O. SMITH ELECTRICAL            ) | |
| PRODUCTS COMPANY,                 ) | |
| a division of A. O. SMITH         ) | |
| CORPORATION, et al.               ) | |
|                                   ) | |
|     **Defendants.**               ) | |

## ANSWER

COME NOW, defendants, A.O. Smith Electrical Products Company and A.O. Smith Corporation, and in answer to the plaintiffs' Complaint respond as follows:

## JURISDICTION

Defendant A. O. Smith Corporation admits that it is a corporation whose principal place of business is outside of Alabama.  Defendant A. O. Smith Electrical Products Company denies that it is a corporation.  These defendants are without sufficient information with which to admit or deny the remainder of the allegations contained within this paragraph, therefore they are denied.

## STATUTE OF LIMITATIONS

These defendants state that this allegation contains statements of law to which no response is required. These defendants are without sufficient information with which to admit or deny the remainder of these allegations therefore they are denied.

## BACKGROUND FACTS – THE PLAINTIFFS

1-11. These defendants deny the allegations in paragraph one and demand strict proof thereof. These defendants deny that plaintiffs were exposed to asbestos-containing products. These defendants are without sufficient information with which to admit or deny the remainder of these allegations, therefore they are denied.

## BACKGROUND FACTS – THE DEFENDANTS

12. These defendants incorporate all of the above defenses and responses by reference.

13. These defendants deny that they engaged in the production of asbestos-containing products and/or materials or that such products and materials were placed into the stream of commerce. The plaintiffs' allegations are denied.

14. These defendants deny that they are "producer defendants" as defined by this allegation.

15. Defendant A. O. Smith Electrical Products Company is not a corporation and thus denies paragraph 13 in its entirety.

16. Defendant A. O. Smith Corporation denies that it is a New York corporation. It admits that it is a corporation formed outside of the state of Alabama. It denies that it produced asbestos containing products. The remainder of these allegations is denied.

17-82. The allegations in paragraphs 15-97 are not directed at these defendants. These defendants are without sufficient information to admit or deny these allegations, therefore they are denied. To the extent that any of these allegations are directed against these defendants, they are denied.

## DEFENDANTS' CONDUCT AND PLAINTIFFS' AND/OR PLAINTIFFS' DECENDENT'S INJURY

83. These defendants incorporate all of the above defenses and responses by reference.

84-88. The allegations in paragraphs 99 through 103 are denied to the extent they are directed at these defendants. As to the remainder of the allegations, these defendants are without sufficient knowledge to admit or deny the allegations, therefore they are denied.

## COUNT ONE

**(Alabama Extended Manufacturer's Liability Doctrine)**

89. These defendants incorporate all of the above defenses and responses by reference.

90-93. The allegations in paragraphs 90 through 93 are denied to the extent they are directed at these defendants. As to the remainder of the allegations, these defendants are without sufficient knowledge to admit or deny the allegations, therefore they are denied.

## COUNT TWO

**(Negligence and Intentional Tort)**

94. These defendants incorporate all of the above defenses and responses by reference.

95-106. The allegations in paragraphs 95 through 106 are denied to the extent they are directed at these defendants. As to the remainder of the allegations, these defendants are without sufficient knowledge to admit or deny the allegations, therefore they are denied.

## COUNT THREE

**(Negligence in the Course of Employment)**

107. These defendants incorporate all of the above defenses and responses by reference.

4

108-121. The allegations in paragraphs 108 through 121 are denied to the extent they are directed at these defendants. As to the remainder of the allegations, these defendants are without sufficient knowledge to admit or deny the allegations, therefore they are denied.

## COUNT FOUR

**(Fraudulent Concealment / Misrepresentation / Alteration of Medical Studies / Conspiracy / Aiding and Abetting Conspiracy)**

122-137. The allegations in paragraphs 122 through 137 are denied to the extent they are directed at these defendants. As to the remainder of the allegations, these defendants are without sufficient knowledge to admit or deny the allegations, therefore they are denied.

## COUNT FIVE

**(Product Liability, Combined and Concurring Negligence, Intentional Tort and Conspiracy)**

138. These defendants incorporate all of the above defenses and responses by reference.

139-141. The allegations in paragraphs 139 through 141 are denied to the extent they are directed at these defendants. As to the remainder of the allegations, these defendants are without sufficient knowledge to admit or deny the allegations, therefore they are denied.

## FIRST DEFENSE

These defendants plead the general issue and say that they are not guilty of the allegations of the plaintiffs' Complaint and demand strict proof thereof.

## SECOND DEFENSE

These defendants plead that the Complaint fails to state a claim against these defendants upon which relief may be granted.

## THIRD DEFENSE

These defendants plead that the allegations of the Complaint are untrue.

## FOURTH DEFENSE

These defendants plead lack of subject matter jurisdiction in accordance with 28 U.S.C. §1332.

## FIFTH DEFENSE

These defendants plead estoppel and waiver.

## SIXTH DEFENSE

These defendants plead the doctrine of clean hands.

## SEVENTH DEFENSE

These defendants plead the defense of statute of limitations and/or laches.

## EIGHTH DEFENSE

No act or omission by these defendants was the proximate cause of any injury to the plaintiffs.

## NINTH DEFENSE

Plaintiffs and/or their decedents were guilty of negligence that contributed to the cause of their alleged injuries.

## TENTH DEFENSE

Plaintiffs and/or their decedents assumed the risk of any hazard that caused their alleged injuries.

## ELEVENTH DEFENSE

Plaintiffs' injuries are the result of an independent or intervening cause.

## TWELFTH DEFENSE

Plaintiffs were guilty of abuse or misuse of the products involved in this action and said abuse or misuse proximately caused or contributed to the Plaintiffs' alleged injuries and damages.

## THIRTEENTH DEFENSE

Plaintiffs' Complaint is duplicative of actions filed in other jurisdictions and is therefore due to be abated or dismissed.

## FOURTEENTH DEFENSE

The products at issue were not defective within the meaning of the Alabama Extended Manufacturer's Liability Doctrine or strict liability in tort because of each of the following:

(1) The products had been altered or modified prior to the incident and were not in substantially the same condition at that time as when it left the manufacturer or distributor;

(2) The products were not unreasonably dangerous;

(3) The products were not unreasonably dangerous because it was not more dangerous than the ordinary user would have contemplated;

(4) The manufacture and design of the products were well in keeping with the state-of-the-art at the time of the manufacture of the product; and

(5) The products were not unreasonably dangerous because the benefits of the product outweighed any of the attendant risks.

## FIFTEENTH DEFENSE

These defendants adopt and incorporate by reference any affirmative defense asserted by any other defendant to this action, to the extent such affirmative defense applies to these defendants.

## SIXTEENTH DEFENSE

These defendants hereby assert the defense of insufficiency of process and insufficiency of service of process.

## SEVENTEENTH DEFENSE

Plaintiffs' allegations of fraud, fraudulent concealment, concert of action, aiding and abetting, and conspiracy are not stated with the degree of particularity required by A.R.C.P.9(b) and should be dismissed.

## EIGHTEENTH DEFENSE

Plaintiffs' claims must be dismissed because they were not filed by a personal representative as required by Ala. Code § 6-5-410.

## NINETEENTH DEFENSE

These defendants say that the plaintiffs' claims for punitive damages unconstitutionally violate the United States Constitution and the Constitution of the State of Alabama.

## TWENTIETH DEFENSE

An award of punitive damages in this case against These defendants would be unconstitutional for that punitive damages awards are not covered by any specific standards, not based on rational distinctions, and do not serve any legitimate state interest, and thereby violate the due process and equal protection provisions of both the Fourteenth Amendment to the United

States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of Alabama.

## TWENTY-FIRST DEFENSE

The plaintiffs' demand for punitive damages violates the due process clause of the Fourteenth Amendment of the United States Constitution in that the claim for punitive damages is vague and not rationally related to any legitimate government interest.

## TWENTY-SECOND DEFENSE

The plaintiffs' demand for punitive damages violates the Sixth Amendment of the United States Constitution in that the Plaintiffs' claim for punitive damages is a claim that is penal in nature, entitling the Defendant to the same procedural safeguards afforded to a criminal Defendant under the Sixth Amendment.

## TWENTY-THIRD DEFENSE

The plaintiffs' demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States Constitution in that the damages claimed are penal in nature while these defendants is required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

## TWENTY-FOURTH DEFENSE

The plaintiffs' demand for punitive damages violates the Fifth Amendment of the United States Constitution, which prohibits deprivation of life, liberty, or property, except by due process of law in that the claim for punitive damages is vague and not rationally related to any legitimate government interest.

## TWENTY-FIFTH DEFENSE

The plaintiffs' demand for punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature for which the burden of proof on the plaintiffs is less than the "beyond a reasonable doubt" standard required in criminal cases.

## TWENTY-SIXTH DEFENSE

These defendants deny each and every material allegation of plaintiffs' Complaint and demands strict proof thereof.

## TWENTY-SEVENTH DEFENSE

These defendants reserve the right to amend this Answer to add additional defenses as discovery progresses.

Respectfully submitted,

James L. Pattillo
s/James L. Pattillo
Bar Number: ASB-2746-A49P
Attorney for Defendants
Norman, Wood, Kendrick & Turner
The Financial Center – Suite 1600
505 20th Street North
Birmingham, AL 35203
(205) 328-6643
(205) 251-5479
jpattillo@nwkt.com

Case 2:07-cv-00084-WKW-TFM    Document 246-2    Filed 04/29/2008    Page 12 of 13

12

THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **JAMES R. BAIN, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No.:  2:07CV84-WKW |
| ) | |
| **A. O. SMITH ELECTRICAL** ) | |
| **PRODUCTS COMPANY,** ) | |
| **a division of A. O. SMITH** ) | |
| **CORPORATION, et al.** ) | |
| ) | |
| **Defendants.** ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record:

        Respectfully submitted,

        s/ James L. Pattillo
        JAMES L. PATTILLO
        ASB-2746-A49-P
        E-mail:  jpattillo@NWKT.com
        NORMAN, WOOD, KENDRICK
          & TURNER
        Financial Center - Suite 1600
        505 Twentieth Street North
        Birmingham, AL  35203
        Telephone: (205) 328-6643
        Fax:  (205) 251-5479